



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIMMIE DAVIS,

   Petitioner,

vs.

STATE OF NEVADA, *et al.*,

   Respondents.

Case No. CV-N-99-137-ECR(PHA)

ORDER

  Petitioner Jimmie Davis has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and has paid the filing fee. Therefore, respondents should be served at this time.

  A petition for federal habeas corpus relief should include all claims for relief of which Davis is aware. The petition should contain all exhausted claims and all unexhausted claims which Davis believes might be a basis for granting relief from his criminal conviction or sentence. An exhausted claim is one that has been fairly presented to the Nevada Supreme Court. An unexhausted claim, on the other hand, is one that had not been presented to the Nevada Supreme Court and, indeed, may not have been presented to any court. If Davis is aware of any claims and fails to inform this Court as provided below, the abuse of the writ rules may bar him from ever raising these claims in a federal court. Rule 9(b), Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254; *see also* 28 U.S.C. § 2244(b).

The court, therefore, instructs Davis to consider the matter carefully and to determine all possible claims for habeas corpus relief. If Davis knows or learns of any exhausted or unexhausted claims which are not included in the present petition, he should inform the court of these additional claims as provided below. Davis's failure to inform the court of these additional claims in the manner set forth below may prevent him from raising these claims at a later date.

IT IS THEREFORE **ORDERED** that the Clerk shall send a copy of Davis' petition to the Criminal Division of the Attorney General's Office by certified mail.

IT IS FURTHER **ORDERED** that Davis shall have twenty (20) days from the date this order is entered in which to inform the court of any and all additional claims for habeas corpus relief of which petitioner is aware. Davis must inform the court of these additional claims through a written pleading. The pleading shall be entitled "Statement of Additional Claims," shall carry the caption and file number of this case, and shall be filed with the Clerk of this Court. Furthermore, Davis's Statement of Additional Claims shall be limited to five (5) pages in length and shall set forth each additional claim in a single, separately numbered paragraph. Each of these paragraphs must include a brief statement of the facts supporting that claim and no legal argument or legal citations. Davis should also indicate whether each additional claim has been exhausted by stating the case number and date of the Nevada Supreme Court decision denying that claim. Finally, if Davis thoroughly considers the matter and concludes that no additional claims for habeas corpus relief exist, he still must file a written statement that no such claims exist.

IT IS FURTHER **ORDERED** that Davis shall serve a copy of the Statement of Additional Claims on the Attorney General of the State of Nevada and shall submit proof of said service with the Clerk of this court.

IT IS FURTHER **ORDERED** that if Davis fails to respond to this Order in the time and manner provided above, the court shall conclude that he has no additional habeas corpus claims. Accordingly, the court will process the petition in its current form and Davis may be barred from ever presenting any

1 | exhausted habeas corpus claims not contained in the instant petition.

2 | IT IS FURTHER **ORDERED** that if Davis files a Statement of Additional Claims, respondents shall have twenty (20) days from the date the statement is filed within which to answer, or otherwise plead to, the petition and the Statement of Additional Claims. If Davis does not file a Statement of Additional Claims, the respondents shall have twenty (20) days from the date by which the statement was required to be filed within which to answer, or otherwise plead to, the petition. In their answer or other responsive pleading, respondents shall address any claims presented by Davis in the Statement of Additional Claims. In addition, if an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

Dated this _30th_ day of April, 1999.

UNITED STATES MAGISTRATE JUDGE