JIMMIE DAVIS
Name
27362
Prison Number
P.O. BOX 607 CARSON CITY NEVADA 89702
Place of Confinement

MAR 17 1999

FILED
-5 PM 4:29
LANCE S. WILSON
CLERK
BY _____
DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JIMMIE DAVIS _____, Petitioner, )
(Full Name)                                )
            vs.                            )
THE STATE OF NEVADA                        )   CV-N-99-00137-ECR   (PHA)
WARDEN JOHN V. IGNACIO                     )
_____, Respondent,        )
(Name of Warden, Superintendent, jailor or )
authorized person having custody of petitioner) )   **PETITION FOR A**
                                           )   **WRIT OF HABEAS CORPUS**
            and                            )   **PURSUANT TO 28 U.S.C. § 2254**
                                           )   **BY A PERSON IN STATE CUSTODY**
The Attorney General of the State of Nevada . )   ( **NOT** SENTENCED TO DEATH)

-----------------------------------------------

1.  Name and location of court, and name of judge, that entered the judgment of conviction you are challenging: EIGHTH JUDICIAL DISTRICT COURT DEPT IV JUDGE EARL WHITE

2.  Full date judgment of conviction was entered:  12 / 12 / 88 .   (month/day/year)

3.  Did you appeal the conviction? ___ Yes  x  No.  Date appeal decided: ___ / ___ / ___.

4.  Did you file a petition for post-conviction relief or petition for habeas corpus in the state court?

    _x_ Yes 2___ No.  If yes, name the court and date the petition was filed: 11-28-89, 9-9-95
                                                                              11-28-89
    EIGHTH JUDICIAL DIST. COURT 9 / 9 / 95 .  Did you appeal from the denial of the petition for post-conviction relief or petition for writ of habeas corpus? _x_ Yes ___ No. Date the appeal was
                                                                              1-24-95
    decided: 3 / 4 / 99 . Have all of the grounds stated in this petition been presented to the state supreme court? _x_ Yes ___ No. If no, which grounds have not? _____

5.  Date you are mailing (or handing to correctional officer) this petition to this court: 3 / 15 / 99 .

    **Attach to this petition a copy of all state court written decisions regarding this conviction.**

§2254-Form
eff. 1/97

1

*9*

6.  Is this the first federal petition for writ of habeas corpus challenging this conviction?  __X__ Yes
    ___ No.   If no, what was the prior case number ? _____.  And in what court was the
    prior action filed? _____.
    Was the prior action ___ denied on the merits  or ____ dismissed for procedural reasons  (check
    one).  Date of decision: ____/____/____.   Are any of the issues in this petition raised in the
    prior petition?  ___ Yes ___ No.   If the prior case was denied on the merits, has the Ninth
    Circuit Court of Appeals given you permission to file this successive petition? ___ Yes ___ No.

7.  Do you have any petition, application, motion or appeal (or by any other means) now pending in
    any court regarding the conviction that you are challenging in this action?   ___ Yes  __X__ No.
    If yes, state the name of the court and the nature of the proceedings: _____
    _____.

8.  Case number of the judgment of conviction being challenged:  C85078 _____.

9.  Length and terms of sentence(s):  LIFE WITHOUT PAROLE _____.

10. Start date and projected release date: 1988 start date  NO RELEASE DATE _____.

11. What was (were) the offense(s) for which you were convicted: FIRST DEGREE MURDER _____
    _____.

12. What was your plea?  _x_ Guilty ___ Not Guilty ___ Nolo Contendere. If you pleaded guilty
    or nolo contendere pursuant to a plea bargain, state the terms and conditions of the agreement:
    PLEAD GUILTY TO MURDER AND LIFE WITHOUT AND THE STATE WILL NOT CERTIFY HIM
    ON THE ROBBERY CHARGE AND LESSER THEN DEATHPENALTY. _____.

13. Who was the attorney that represented you in the proceedings in state court?  Identify whether
    the attorney was appointed, retained, or whether you represented yourself *pro se* (without counsel).

| | Name of Attorney | Appointed | Retained | *Pro se* |
|---|---|---|---|---|
| arraignment and plea | STEPHEN J. DAHL/DAVID GIBSON | X | ___ | ___ |
| trial/guilty plea | STEPHEN J. DAHL  DAVID GIBSON | X | ___ | ___ |
| sentencing | STEPHEN J. DAHL DAVID GIBSON | X | ___ | ___ |
| direct appeal | _____ | ___ | ___ | ___ |
| 1st post-conviction petition | LEE ELIZABETH McMAHON?MARK B. BAILUS | X | ___ | ___ |
| appeal from post conviction | MARK B. BAILUS | X | ___ | ___ |
| 2nd post-conviction petition | ANDRES RAPPARD | X | ___ | ___ |
| appeal from 2nd post-conviction | _____ | ___ | ___ | X |

**State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.**

## GROUND 1

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my

_____6th_____ Amendment right to __INEFFECTIVE ASSISTANCE OF__ ,
                                                    COUNSEL

based on these facts:

Counsel was ineffective. Appellant recieved ineffective assitance of counsel because he did not consent to trial counsels failure to file a notice of appeal regardless of the fact that appellant was convicted pursuant to a guilty plea. rather then at trial . that he was satisfied with his attorneys performance at the time of sentencing, which is the issue now before the court. Appellant was not happy with his attorneys performance . on 11-28-88 appellant was granted a continuance before sentencing because his mother was attempting to retain private counsel(ID RECORD _____ )

On DEC. 12 1988 appellants mother was unable to get the money to obtain private counsel. and appellant being 16 was unable to have that kind of moneyso the judge imposed a sentence of life without the possibility of parole. No appeal followed even though the appointed counsel knew that the appellant was unhappy with the whole situation before,during and after the sentencing. FAILURE of appointed counsel to take an appeal despite appellants request is ineffective assistance of counsel as a matter of law without regard to probability of success, But had counsel done a direct appeal he would have succeeded on di ect appeal through plain error when the court violated fed rule 11 on three rights but the most important one being that appellant was not told the elements of

1  the crime. Needless to say counsel has caused major damage

2  to the appellants appeal process because the court has

3  found that the burden of setting aside a guilty plea based

4  upon a rule 11 violation appears to be greater in a collateral

5  proceeding then on direct appeal from a judgement of conviction.

6  On collateral attack however appellant must show that

7  the error is constitutional or jurisdictional in charater

8  before he may obtain relief.

9       Counsel knew that appellant wantted to with draw

10  his plea before sentencing and was unhappy with his

11  representiation when his mother was trying to obtain

12  private counsel             ) and made this known

13  to the parole and probation reporter see P. P. RECORD

14  but counsel only got a continuance plus only told the

15  court that appellants mother was trying to obtain private

16  counsel but made no mention of withdrawing appelants

17  plea or perfecting an appeal. and a week or so later

18  still let appellant be sentenced to life without the

19  possibikity of a parole.  Appellant sent counsel numrous

20  letters in regards to this matter and recieved no responce

21  until a motion was filed to force him to respond see

22  RECORD      . but this process had surly eaten

23  up the 30 days for a direct appeal  so they expired.,

24       The nevada supreme court stated inits second deniel

25  that failure of appellant to bring a direct appeal;

26  Well appellant did not know he had a direct appeal and

27  explained to the court that he tried to get counsel

28  to perfect somthing but counsel ignored lettes until

1   a   motion was made to the court.

2

3       for the reasons set forth appellant asks the court

4   to allow the appellant to plead ae anew and or ay   any

5   other relief it deems nessary.

6

7

8

9

10                                  respectfully submitted,

11

12

13

14

15

16

·17

18

19

20

21

22

23

24

25

26

27

28

3-B

**Exhaustion of state court remedies regarding Ground 1:**

▶   **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

\_\_\_ Yes   <u>X</u> No.  If no, explain why not:   <u>APPELLANT DID NOT AND WAS NOT TOLD OF HIS</u>

<u>RIGHT TO DIRECT APPEAL AND ATTORNEY WOULD NOT FILE IT</u>

▶   **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

\_\_\_ Yes   <u>x</u> No.  If no, explain why not:   <u>DID NOT KNOW OF THE RIGHT TO A DIRECT</u>

<u>APPEAL</u>

If yes, name of court: _____  date petition filed \_\_\_\_ / \_\_\_\_ / \_\_\_\_.

Did you receive an evidentiary hearing? \_\_\_ Yes \_\_\_ No.  Did you appeal to the Nevada Supreme

Court?\_\_\_ Yes \_\_\_ No.  If no, explain why not: _____

If yes, did you raise this issue?\_\_\_ Yes \_\_\_ No.  If no, explain why not: _____

▶   **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

<u>X</u> Yes   \_\_ No.  If yes, explain why:   <u>TO EXHAUST STATE REMADIS AND APPELLANT</u>

<u>HAS SINCE LEARNED HOW TO READ AND WRITE.</u>

If yes, name of court: <u>EIGHTH JUDICIAL DISTRICT CT.</u> date petition filed <u>9</u> / <u>9</u> / <u>95</u>.

Did you receive an evidentiary hearing? <u>x</u> Yes \_\_\_ No.  Did you appeal to the Nevada Supreme

Court?\_\_<u>X</u> Yes \_\_\_ No.  If no, explain why not: _____

If yes, did you raise this issue? <u>x</u> Yes \_\_\_ No.  If no, explain why not: _____

▶   **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)?  \_\_\_ Yes  <u>x</u> No.  If yes,

explain: _____

_____

State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 2

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my _____6th_____ Amendment right to EFFECTIVE ASSISTANCE OF COUNSEL.

based on these facts:

Counsel was ineffective befor during and after guilty plea. appellant was denied his constitutional right to effective assistance of counsel from beginning of the case there was a confession that was illegally obtained, counsel never filed any motions to have it thrown out nor did he even read it because if he had he would have known appellants age was 16 which it says at the top of confession See RECORD ) and not told the district attorney that appellant was 18 SEE RECORD which led to more charges. He also would have known that appellant could not read or write well if he had done any investigation. The Nevada supreme court stated that appellant was of sophistaction and intellegence but what they did not state was appellant had low special education classes in school and could not read or write the english languge above a second grade level SEE RECORD OF SECOND COURT DATE Counsel also did not interview Webster Leanord Davis who witnessed the interview. In order for counsel to make a stratigic choice as to challenge the confession or not would start first with an interview and a reading of the confession competent counsel would have done this. He was and is still willing to testify to the events that took place that day. 10 out of 10 compenent counsels stated when peesented with this case at the

1  beginning the first thing they would have done  was file

2  a motion to supress the confession regardless of its success

3  but to reserve the issue for appeal for the client and build

4  a complete record.  The performance of counsel was not only

5  constitutionaly unreasonable and ineffective but counsel

6  abandoned required duty of loyalty to   client by not moving

7  to have      the proceedings held in arrest until the jurisdiction

8  subject matter was resolved which attached when counsel

9  mistakedly told the district attorney that appellant was

10 18 when in fact he was 16, with this error leading to more

11 charg          The Nevada Supreme Court stated in its denial

12 that a minor who is charged with murder enters the adult

13 criminal justice system such a person is not entitled to

14 the protections of the juveniles court system/ The juvenile

15 court never aquires jurisdiction over him..... That warning

16 him that he was subject to the adult criminal justice system

17 and penalties in that system is not required. All of this

18 could be said to be true if not the robbery been charged

19 see judges statement At PleA HeuriNg      "Thats JUrisdictional"

20 and appellant Held to answer for said charge see GUILTY PleA

21 HEARING    Once the robbery was charged counsel should have

22 moved to dismiss the robbery charge and or had proceeding

23 held until a certificationt hearing could be held but instead

24 he allowed it to be used as a threat of futher prosecution

25 see GUILTY PleA NeuriNg    Once the robbery charge was charged

26 and appellant held to answer subject matter jurisdiction

27 attached proceeding should have been postponed until the

28 matter was resolved  And even though Nevada has since amended

5 -A

1  said statue to include robbery and other charges appellant

2  is up under the law in effect at the time of the crime in

3  1988 and at that time THe robbery need not be charged but

4  when it is jurisdiction did attached and a certification

5  hearing should have been held which was not a garenteed

6  certicication just because the serious nature of the crime

7  and in 1988 it was not blancedly applied but serious crimes

8  were sent to ELko youth cente Spring mountan youth center

9  and C.Y.A. among other alteratives Where a chance at

10  rehabilitation could be taken.

11      Had counsel called webster leonsrd davis he   would have let

12  counsel know that appellant was 16, that appellant was taken into three

13  diffrent rooms  and · · · · · · · · · · · · · · · · · · · · ·

14  and that appellant told the police that he did not understand his rights

15  by saying no but the detective wrote yes in his own handwritting  to

16  the question see Record on appeal      Appellant could not even spell

17  ADAM____ see Confession      Counsel did not simply make poor

18  strategic choices,  he acted with reckless disregard for his clients

19  best intrest  and at times apparently with the intention to weaken his

20  clients case when he gave false information that he should have known

21  which led to amended charges on his client .  While a criminal trial

22  is not a game in which the participants are expected to enter the ring

23  with a near match in skills neither is it a sacrifice of unarmed prisoners

24  to gladiators.

25      Appellants conviction is unreliable due to the break down in

26  the adversary process caused by deficiencys in counsels performance.

27  appellant would not have pleaded guilty had appointed counsel done his

28  duty to investigate.

5 - B

1       For the reasons set forth above the appellant askes that the

2 court allow the appellant be allowed to plead anew and or ay any other

3 remedy the court deems necssary.

4

5

6                       Respectfully submitted,

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5 C

**Exhaustion of state court remedies regarding Ground 2:**

► **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

___ Yes  _x_ No.  If no, explain why not:  ATTORNEY WOULD NOT FILE A DIRECT APPEAL
_____.

► **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

_x_ Yes ___ No.  If no, explain why not:  _____

_____.

If yes, name of court: EIGHTH JUDICIAL DISTRICT COURT date petition filed 11 / 28 / 89 .

Did you receive an evidentiary hearing? ___ Yes  _x_ No.  Did you appeal to the Nevada Supreme

Court? _x_ Yes ___ No.  If no, explain why not:  _____

_____.

If yes, did you raise this issue? _x_ Yes ___ No.  If no, explain why not:  _____

_____.

► **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes ___ No.  If yes, explain why:  _____

_____.

If yes, name of court: _____ date petition filed ___ / ___ / ___ .

Did you receive an evidentiary hearing? ___ Yes ___ No.  Did you appeal to the Nevada Supreme

Court? ___ Yes ___ No.  If no, explain why not:  _____

_____.

If yes, did you raise this issue? ___ Yes ___ No.  If no, explain why not:  _____

_____.

► **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)? ___ Yes  _x_ No.  If yes,

explain:  _____

_____.

§2254-Form
eff. 1/97

State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 3

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my

5th,14th,FRCrP RULE 11 ____ Amendment right to Guilty plea not knowing ly,voluntaryly,

understandingly and intelligently entered.

based on these facts:

A guilty plea is an asmission of all the elements of a formal

criminal charge, it can not be truly voluntary unless the defendant

possess an understanding of the law in relation to the facts

and elements of the crime. Appellant was never told or explained

the elements of the crime on or off the record ID plea hearing

a Full Record ___ - If an appellants guilty plea is not voluntary

and knowing if it has been obtained in violation of due process

and is therefore void, more over becausede a guilty plea is the

admission of   all of a formal charge it cannot be truly voluntary

unless the appellant posses an understanding of the law in relation

to the facts. From the beggining appellant never said he intentionaly

caused the death of the victim, the detective testified to this

see His Testimony on Record  the states witness testified to this

that shooting was accident. parole and

probation was told that shooting was an accendent on Record

the constitutional rules of Federal rules 11 advice to defendant

rrequires 5 minmum requirements applicable to the states through

the 14amendment. They have not been met here in the case now

before the court, a challenge to a guilty plea is reviewed for

clear error of constitutional demension,appellant was never

explained the elements of the offence by judge,counsel, or any

1   hearing on or off the record nor in private. these are

2   important constitutional rights. appellant can not plead

3   to somthing he does not know because he may be actualy

4   inocent of the crime charged but guilty of a lesser offence

5   but this can only be known through the appellant having

6   an understanding of the elements for which he pleads .

7        appellant would not have plesded guilty had he known

8   the elements of first degree murder and had been explained

9   what malice , intent, aforethought ment or that they ment

10  that he intentionaly caused the death of the victim. appellant

11  would not have pleaded guilty but onlypleaded to manslaughter

12  and or insisted on going to trial. but appellant was not

13  given this choice when he was not explained the elements

14  of the crime at any time see appendix   . of plea hearing

15        . NOR was appellant ever told about any lesser

16  included offences.

17        Appellants apeals have never been about an abandonment

18  of responsibility but what is being sought is Justice. Justice

19  tempered with mercy. Accountability, Accountabilitty tempered

20  with rehabilitation and punishment in accordance with due

21  process of the laws upheld by the constitution.

22        A waiver of fundamental rights can not be assumed

23  from a silent record.

24  For the reasons set forth above appellant prays that the

25  court  grant the relief sought and allow appellant to plead

26  anew and any othe r relief the court deems nessary.

27                              Respectfully submitted,

28

7 - A

**Exhaustion of state court remedies regarding Ground 3:**

▸ **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

___ Yes  _x_ No.  If no, explain why not: ATTORNEY WOULD NOT FILE A DIRECT APPEAL

_____

▸ **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

_x_ Yes  ___ No.  If no, explain why not: _____

If yes, name of court: EIGHTH JUDICIAL DISTRICT COURT date petition filed _11 / 28 /89_.

Did you receive an evidentiary hearing? ___ Yes  _x_ No.  Did you appeal to the Nevada Supreme

Court?_x_ Yes  ___ No.  If no, explain why not: _____

If yes, did you raise this issue?_x_ Yes  ___ No.  If no, explain why not: _____

▸ **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes  ___ No.  If yes, explain why: _____

If yes, name of court: _____ date petition filed ___/___/___.

Did you receive an evidentiary hearing? ___ Yes  ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes  ___ No.  If no, explain why not: _____

If yes, did you raise this issue?___ Yes  ___ No.  If no, explain why not: _____

▸ **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)?  ___ Yes  _x_ No.  If yes,

explain: _____

**State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.**

## GROUND 4

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my

_____5th_____ Amendment right to _MIRANDA_____,

based on these facts:

When the dective sighned Yes to the question of do you understand these rights after appellant told him no see

he was in violation of the constitution and fed rules governing

MIRANDA, questioning should have ceased.

The Nevada supreme court stated that a juvenile has the capacity

to make a voluntary confession without the presence or assistance

of a parent   guardian and his confession is not involuntary

simply because no such adult was present. This is true but a

juvenile is not alowed to be tricked when he has stated that

he does not understand his rights and there  have the detective

write yessee CONFESSION

The detective testified that he asked appellant to read it

see Preliminary Hearing  The detective phrased his answer this

way because he knew appwllant could not read or write so in

order not to incriminate him self he gave a political answer

as a politian would do to a hard question in a debate . He should

not have wrote yes in the blank next to appellants name because

it was the appellant not the detective who was givving up those

precious rights and even though it is a rare occation that a

guilty plea can be challenged through a miranda violationit

has been done; For the reasons set forth appellant askes the

court

court to allow the appellant to plead anew and or any

other remedy it deems nescary.

Respectfully submitted,

_____

JIMMIE DAVIS 27362
PO BOX 607
CARSON CITY NEVADA
                89702

9-A

**Exhaustion of state court remedies regarding Ground 4:**

▸ **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

___ Yes  _x_ No.  If no, explain why not:  attorney would not file direct appeal

_____.

▸ **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

_x_ Yes  ___ No.  If no, explain why not:  _____

_____.

If yes, name of court:  EIGHTH JUDICIAL DISTRICT COURT date petition filed 11 / 28 /89 .

Did you receive an evidentiary hearing?  ___ Yes  _x_ No.  Did you appeal to the Nevada Supreme

Court? x Yes  ___ No.  If no, explain why not:  _____

_____.

If yes, did you raise this issue? x Yes  ___ No.  If no, explain why not:  _____

_____.

▸ **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes  ___ No.  If yes, explain why:  _____

_____.

If yes, name of court:  _____  date petition filed ___ / ___ / ___ .

Did you receive an evidentiary hearing?  ___ Yes  ___ No.  Did you appeal to the Nevada Supreme

Court? ___ Yes  ___ No.  If no, explain why not:  _____

_____.

If yes, did you raise this issue? ___ Yes  ___ No.  If no, explain why not:  _____

_____.

▸ **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)?  ___ Yes  _x_ No.  If yes,

explain:  _____

_____.

§2254-Form
eff. 1/97

**WHEREFORE,** petitioner prays that the court will grant him such relief to which he is entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

 

_____
(Name of person who wrote this
  complaint if not Plaintiff )

Jimmie Davis
_____
(Signature of Plaintiff)

3-15-99
_____
(Date)

_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)

## DECLARATION UNDER PENALTY OF PERJURY

I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Executed at Nevada State Prison _____ on 3-15-99 _____.
                (Location)                (Date)

Jimmie Davis
_____
(Signature)

27362
_____
(Inmate prison number)

1 | **NEOJ**
STEWART L. BELL
2 | DISTRICT ATTORNEY
Nevada Bar #000477
3 | 200 S. Third Street
Las Vegas, Nevada 89155
4 | (702) 455-4711
Attorney for Plaintiff

*FILED*

*MAR 7  1 49 PM '96*

*CLERK*

### DISTRICT COURT
### CLARK COUNTY, NEVADA

8 | THE STATE OF NEVADA,                    )
9 |                          Plaintiff,     )
                                           )
10 |          -vs-                          )      Case No.    C85078
                                           )      Dept. No.   IV
11 | JIMMIE DAVIS                           )      Docket      C
       #0854767                            )
12 |                                       )
                                           )
13 |                          Defendant.   )
                                           )
14 | _____     )

15 |                  NOTICE OF ENTRY OF ORDER

16 |      TO:    JIMMIE DAVIS, Defendant in proper person

17 |      YOU WILL PLEASE TAKE NOTICE that an Order was entered in the above-entitled action,

18 | a copy of which is attached hereto.

19 |      DATED this _____ day of March, 1996.

20 |                                    STEWART L. BELL
                                        DISTRICT ATTORNEY
21 |                                    Nevada Bar #000477

23 |                             BY_____
                                    DAVID J.J. ROGER
24 |                                 Chief Deputy District Attorney
                                    Nevada Bar #002781

1

<u>CERTIFICATE OF MAILING</u>

2      I hereby certify that service of the NOTICE OF ENTRY OF ORDER was made the _96_ day

3  of March, 1996, by depositing a copy in the U.S. Mail, postage prepaid, addressed to:

4                                   ANDRES R. RAPPARD
                                    633 S. FOURTH ST., #8
5                                   LAS VEGAS, NEVADA 89101

6

7                                   BY

8                                       Secretary for the  District Attorney's Office

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

h:\davis.noe\kjh                        -2-

FILED

MAR 4  9 36 AM '96

CLERK

1   **ORDR**
    STEWART L. BELL
2   DISTRICT ATTORNEY
    Nevada Bar #000477
3   200 S. Third Street
    Las Vegas, Nevada 89155
4   (702) 455-4711
    Attorney for Plaintiff
5
                        DISTRICT COURT
6                    CLARK COUNTY, NEVADA

7   THE STATE OF NEVADA,              )
                                      )
8             Plaintiff,              )
                                      )
9        -vs-                         )          Case No..   C85078
                                      )          Dept. No.   IV
10  JIMMIE DAVIS,                     )          Docket      C
    #0854767                          )
11                                    )
                                      )
12            Defendant(s).           )
                                      )
13  _____   )

14          ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

15                        (POST-CONVICTION)

16                  DATE OF HEARING: 1-24-96
                    TIME OF HEARING: 9:00 A.M.
17

18       THIS CAUSE having come on for hearing on the 24th day of January, 1996, the Petitioner being

19  present, represented by ANDRES RAPPARD, ESQ., the Respondent being represented by STEWART

20  L. BELL, District Attorney, by and through DAVID J.J. ROGER, Chief Deputy District Attorney, and

21  the Court having heard oral arguments of counsel, the Court took this matter Under Advisement.  Based

22  upon the following discussion, Petitioner's Petition for Writ of Habeas Corpus (Post-Conviction) is

23  hereby denied.

24                        STATEMENT OF THE CASE

25       Jimmie Davis, (hereinafter referred to as "Defendant"), was arrested August 1, 1988, in

26  connection with the shooting death of Brittain Gelabert.  A preliminary hearing was held August 25,

27  1988, and Defendant was bound over to District Court.  On September 8, 1988, an Information was filed

28  charging Defendant with one count MURDER WITH USE OF DEADLY WEAPON (Felony - NRS

1  200.010, 200.030, 193.165); and one count ROBBERY WITH USE OF DEADLY WEAPON (Felony -

2  NRS 200.380, 193.165).

3        On October 12, 1988, following negotiations with the District Attorney, Defendant pled guilty

4  to FIRST DEGREE MURDER and stipulated to Life without parole. On December 20, 1988, Judgment

5  of Conviction (Plea) was entered and Defendant was sentenced to Life in the Nevada State Prison

6  without the possibility of parole.

7        On December 20, 1989, Defendant and appointed counsel, Mark Bailus, filed Defendant's first

8  Petition for Post-Conviction Relief alleging *inter alia*: 1) involuntary entry of guilty plea, and 2)

9  ineffective assistance of counsel. On April 15, 1992, this Court denied Defendant's petition and an appeal

10  was taken. On January 24, 1995, the Nevada Supreme Court dismissed Defendant's appeal in Case No.

11  23338.

12        On September 9, 1995, Defendant filed a second pro per Petition for Writ of Habeas Corpus

13  (Post-Conviction) along with a pro per Motion for Appointment of Counsel. On September 27, 1995,

14  the district court granted Defendant motion to appoint counsel, and subsequently defense counsel filed

15  a First Amended Petition for Writ of Habeas Corpus.

16                                  STATEMENT OF THE FACTS

17        On July 31, 1988, the Defendant and two (2) friends, Arthur Cullins and Ringo, were located at

18  25 Britz Circle Apt. B, North Las Vegas, Nevada. The apartment has a reputation among residents as

19  a "hangout" for drug transactions and other illicit activities. At about 5:30 p.m., the young men were

20  approached by the victim, Brittain Gelabert, who wanted to sell a .38 caliber Smith and Wesson revolver

21  for $100.00.

22        Brittain removed the gun and several bullets from her purse and placed them on the counter top.

23  The Defendant picked up the gun, opened the cylinder, loaded it, pointed the gun at Brittain, and

24  demanded she lower the price. To Brittain's detriment, she refused. The Defendant then decided to keep

25  the gun without paying for it and told Brittain to leave. When Brittain again refused, the Defendant shot

26  her (Def's District Court file statement of the Defendant).

27        Forensic Pathologist, Sheldon Green, testified at the Defendant's preliminary hearing that Brittain

28  died from a single bullet wound to the right chest area, fired from "some distance." (Def's Preliminary

1 | Hearing Trans. at 27).

2 | <center>**DECISION**</center>

3 | Ground One, alleges the Defendant's guilty plea was the coerced result of an improperly filed
4 | robbery charge. Defendant claims he should be permitted to withdraw his plea because the proceedings
5 | were tainted. The voluntary nature of Defendant's plea has previously been decided on the merits and
6 | is the Law of the Case. (Exhibit "A" - Order Dismissing Appeal).

7 | The Nevada Supreme Court has determined that all claims which have previously been heard and
8 | decided on the merits cannot be revisited in a subsequent appeal based on the Doctrine of the Law of the
9 | Case. The ruling in the first instance becomes the law of the case for all subsequent proceedings. Hall
10 | v. State, 91 Nev. 314, 535 P.2d 797 (1975); Marshall v. State, 110 Nev. 1328, 885 P.2d 603 (1994)
11 | (Law of the Case applies to Petitions for Writ of Habeas Corpus).

12 | Also, Defendant's allegation that his guilty plea was the result of an improperly filed robbery
13 | charge is contrary to the record. The record clearly states the District Attorney was initially under the
14 | mistaken belief that the Defendant was an adult. Once the District Attorney was made aware of the
15 | Defendant's correct age, 16, the robbery charge was dismissed for lack of District Court jurisdiction. The
16 | District Attorney affirmatively stated the dismissal of said robbery charge was not a part of the
17 | negotiations. The State did however acquiesce to an agreement not to pursue said charge in Juvenile
18 | Court (Exhibit "B" - Transcript of Def's Plea at 117-119). This course of action is consistent with plea
19 | negotiations and Defendant's plea was not the result of improper influence. Schmidt v. State, 94 Nev.
20 | 665, 666, 584 P.2d 695, 696 (1978).

21 | Ground Two, alleges defense counsel was ineffective for failing to file a motion to dismiss the
22 | robbery charge which was improperly filed in District Court.

23 | The Defendant's argument is meritless because the robbery charge was in fact dismissed by the
24 | District Attorney prior to the taking of Defendant's plea and was not a part of the negotiations.
25 | Defendant fails to show prejudice or how counsel's performance was deficient and therefore this
26 | allegation is dismissed. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Warden v.
27 | Lyons, 100 Nev. 430, 683 P.2d 504 (1984).

28 | Defendant's pro per petition alleges his conviction was obtained by the use of an illegally coerced

<center>-3-</center>

1  confession. In its first response, the State raised the procedural bar of NRS 34.810, which reads:

2          1.   The court shall dismiss a petition if the court
           determines that:
3                  (a) The petitioner's conviction was upon a plea
           of guilty and the petition is not based upon an allegation
4          that the plea was involuntarily or unknowingly entered
           or that the plea was entered without effective assistance
5          of counsel.

6  (Emphasis added).

7          Defendant's First Amended Petition alleges this court should decide the issue on the merits

8  because procedural bars are not regularly and strictly enforced. Defendant's argument is meritless

9  because procedural bars are routinely enforced. Marshall v. State, 110 Nev. 1328, 1331 n.1, 885 P.2d

10  603, 605 n.1 (1994); Hogan v. State, 109 Nev. 952, 959, 860 P.2d 710, 715 (1993); Phelps v. Director,

11  Prisons, 104 Nev. 656, 659, 764 P.2d 1303, 1305 (1988).

12          The decision whether to employ the procedural bar is not a discretionary matter. The plain

13  language of the statute directs that the court "shall" dismiss claims which do not fall within the statute.

14  The State legislative intent is clear. Therefore, this allegation is dismissed.

15          Defendant claims the procedural bar of NRS 34.810 (2) does not apply because the issues

16  presented are sufficiently different. The statute reads:

17          A second or successive petition must be
           dismissed if the judge or justice determines that it fails
18          to allege new or different grounds for relief and that the
           prior determination was on the merits or, if new or
19          different grounds  are alleged, the judge or justice finds
           that the failure of the petitioner to assert those grounds
20          in a prior petition constituted abuse of the writ.

21  (Emphasis added).

22          The Court finds that Defendant's allegations are not sufficiently different to justify relitigating the

23  same issues. Further, those issues which are sufficiently different constitute a "piecemeal approach,"

24  Darnell v. State, 98 Nev. 518, 521, 654 P.2d 1009, 1011 (1982), and an abuse of the writ.

25          Over the past seven (7) years, Defendant has been provided every opportunity to fairly contest

26  the validity of his conviction. The Nevada Supreme Court has stated, "At some point, we must give

27  finality to criminal cases" Colley v. State, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989). The

28  defendant shall not file another petition for writ of habeas corpus without prior permission of this court.

-4-

1    Defendant next alleges his case was prejudiced because he never consented to waive his right to

2  a direct appeal. Assuming Defendant was denied this right, the Defendant's remedy is to pursue post-

3  conviction relief, which he has twice been permitted to do. Defendant's contention that he should be

4  released (Def's First Amend Pet. at 7), is unwarranted and contrary to Nevada Law.

5    A defendant's right to a direct appeal is not constitutional, Castillo v. State, 106 Nev. 349, 792

6  P.2d 1133 (1990), but statutory, NRS 177.015(3). When a defendant is deprived of this right, review

7  by the Nevada Supreme Court is lost and prejudice is presumed. Fawaz v. State, 105 Nev. 682, 783 P.2d

8  425 (1989).

9    Recently the Nevada Supreme Court addressed this very situation in Lozada v. State, 110 Nev.

10  349, 871 P.2d 944 (1994). The High Court determined the appropriate remedy when a defendant is

11  denied the right to a direct appeal is to raise any issues, which could have been raised on direct appeal,

12  in a petition for post-conviction relief. The Court's opinion stated:

13          If [defendant] can establish his claim that he was denied
             his right to effective assistance of counsel on appeal,
14          which had the effect of denying [defendant] his right to
             appeal, the appropriate remedy would be to allow
15          [defendant] an opportunity to raise in a petition for a
             writ of habeas corpus any issues which he could have
16          raised on direct appeal. . . .
                 A complete remedy will exist, however, only if
17          the district court grants [defendant] counsel to assist
             him in the preparation of a petition for a writ of habeas
18          corpus.

19  Id. at 359, 871 P.2d at 950 (emphasis added).

20    The Defendant has twice been permitted to raise issues in petitions for post-conviction relief and

21  in both instances counsel has been appointed to assist him. Evitts v. Lucey, 469 U.S. 387, 394, 395, 105

22  S.Ct. 830, 834, 835 (1985). The Defendant has been afforded every right available under Lozada and

23  his contention that he be released is meritless.

24    The Court has reviewed the record in this case. The Defendant entered into a plea bargain with

25  the State. He was sentenced by the Court in accordance with the plea bargain.

26    Defendant has failed to identify any additional issues that he would have raised on direct appeal.

27  Likewise, this Court's review of the record establishes that there are no legitimate issues resulting from

28  his plea and sentence. Therefore, this claim for relief is denied.

1  Next, Defendant claims that he is entitled to relief because his confession was taken in violation
2  of *Miranda*. The United States Supreme Court has held that a confession taken in violation of <u>Miranda</u>
3  <u>v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602 (1966) may not be used as substantive evidence against the
4  defendant. However, a *Miranda* violation does not bar further prosecution. <u>Id</u> at 479, 86 S.Ct. at 1630.
5  The Defendant's request for relief is meritless because Defendant waived his right to raise this issue by
6  virtue of his guilty plea. <u>Cline v. State</u>, 90 Nev. 17, 518 P.2d 159; <u>Warden v. Lyons</u>, 100 Nev. 430, 683
7  P.2d 504 (1984).

8  Also, even if a *Miranda* violation did occur, Defendant is unable to show prejudice because the
9  State never proffered the statement. Defendant's allegation is without legal support and it is hereby
10  dismissed.

11  Defendant's final claim alleges counsel was ineffective for failing to move for dismissal of an
12  improper robbery charge. This allegation is without merit because, as has been previously discussed, said
13  robbery charge was dismissed and was not used by the prosecution as leverage during the plea
14  negotiations (Exhibit "B" - Transcript of Def's Plea at 117-119).

15  Defendant's allegation "that his attorney failed to remove the <u>prime reason</u> for his guilty plea: the
16  wrongful robbery charge" (Def's First Amend Pet. at 9) (emphasis added), is patently disingenuous. In
17  return for Defendant's guilty plea to FIRST DEGREE MURDER, the State agreed not to seek the death
18  penalty and to drop the deadly weapon enhancement. This court finds that is is incredible that
19  Defendant's "prime reason" for negotiating a plea was to avoid a robbery charge when the full extent of
20  the law exposed the Defendant to death penalty, or at least a consecutive life sentence on the use charge.

21  It is readily apparent Defendant is attempting to attack the voluntary nature of his plea because
22  his present circumstances, serving a life sentence without the possibility of parole, suggest he has nothing
23  to lose by playing the "new trial lottery." Such attacks on properly negotiated pleas clog the already
24  burdened judicial calendar and attempt to circumvent justice.

25  Obviously it was the overwhelming evidence of guilt, the possibility of the death sentence, and
26  the deadly weapon enhancement which motivated the Defendant to plead guilty; not the robbery charge.
27  The record is clear that the robbery charged was dismissed prior to the Defendant entering his plea and,
28  despite what he may say from his cell, the evidence clearly indicates he would not have wanted to go to

1 | trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 61, 106 S.Ct 366, 371 (1985); <u>see</u> <u>Warden v. Lyons</u>, 100 Nev. 430,

2 | 683 P.2d 540 (1984)

3 | <div align="center"><u>ORDER</u></div>

4 | THEREFORE, IT IS HEREBY ORDERED that the Defendant's Petition for Writ of Habeas

5 | Corpus (Post-Conviction) shall be, and it is, hereby denied.

6 | DATED this __29TH__ day of February, 1996.

7 |

8 | <div align="center">GERARD J. BONGIOVANNI</div>

DISTRICT JUDGE

9 |

10 | STEWART L. BELL
DISTRICT ATTORNEY

11 | Nevada Bar #000477

12 |

13 | BY

DAVID J.J. ROGER

14 | Chief Deputy District Attorney
Nevada Bar #002781

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 | CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE

26 |

27 | MAR 4 '96

28 |

Loretta Bowman
CLERK

h:\davis.fo\kjh                                    -7-

Appellant has not demonstrated how his counsel's actions fell below an objective standard of reasonableness. Specifically, exclusion of appellant's statement was not warranted, and appellant was not prejudiced because counsel did not file a motion to exclude it. Appellant's uncle went with appellant when appellant gave his statement. Although the uncle may not have been an actual parent or guardian, he clearly was acting in that capacity, with appellant's consent. Moreover, a juvenile has the capacity to make a voluntary confession without the presence or assent of a parent or guardian, and his confession is not involuntary simply because no such adult was present. Marvin v. State, 95 Nev. 836, 840 n.4, 603 P.2d 1056, 1058 (1979). Further, a minor who is charged with murder enters the adult criminal justice system. Such a person is not entitled to the protections of the juvenile system, and the juvenile court never acquires jurisdiction over him. NRS 62.040(1); Shaw v. State, 104 Nev. 100 753 P.2d 888 (1988). Warning appellant that he was subject to the adult criminal justice system and the penalties in that system is not required. There is every indication that appellant voluntarily gave his statement to the police, knowing he faced serious punishment, and the police did not promise him treatment as a juvenile. Where, as here, the nature of the charges and the identity of the interrogator reflect existence of an

Appellant further contends that the district court erred in denying his motion for a hearing on his petition for post-conviction relief. Specifically, appellant contends that a hearing was required because claims of ineffective assistance of counsel involve questions of fact that can only be resolved at an evidentiary hearing.

A petitioner is entitled to an evidentiary hearing if a petition for post-conviction relief alleges facts that, if true, would entitle the petitioner to relief, unless the available record repels the petitioner's claims. Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984). The witnesses whom appellant contends counsel should have investigated had given statements to the police that inculpated appellant and did not support appellant's proposed theories of the case. Thus, the record does not support appellant's contention that he was prejudiced by counsel's failure to interview these witnesses. Consequently, the district court did not err by refusing to conduct an evidentiary hearing on appellant's petition. See id. Accordingly, appellant's contentions lacking merit, we

ORDER this appeal dismissed.

_____, C. J.
Steffen

_____, J.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JIMMIE DAVIS,

Appellant,

vs.

THE STATE OF NEVADA,

Respondent.

No. 28400

**FILED**

MAR 04 1999

JANETTE M. BLOOM
CLERK OF SUPREME COURT
BY J. Richards
CHIEF DEPUTY CLERK

---

JIMMIE DAVIS,

Appellant,

vs.

THE STATE OF NEVADA,

Respondent.

No. 31521

## ORDER DISMISSING APPEALS

Docket No. 28400 is a proper person appeal from an order of the district court denying appellant's post-conviction petition for a writ of habeas corpus. Docket No. 31521 is a proper person appeal from a district court order denying appellant's motion to correct an illegal sentence.

On December 20, 1988, the district court convicted appellant, pursuant to a guilty plea, of one count of first degree murder. The district court sentenced appellant to serve a

IN THE SUPREME COURT OF THE STATE OF NEVADA

JIMMIE DAVIS,                    )        No. 21538
                                )
                Appellant,       )
                                )
        vs.                      )
                                )        
THE STATE OF NEVADA,            )
                                )
                Respondent.      )        JAN 24 1995
                                )

                                         JANETTE M. BLOOM
                                         CLERK SUPREME COURT
        ORDER DISMISSING APPEAL   BY_____
                                         CHIEF DEPUTY CLERK

        This is an appeal from an order of the district court
denying appellant's petition for post-conviction relief.   On
October 12, 1988, appellant appeared before the district court and
entered a plea of guilty to one count of first degree murder.   In
a judgment of conviction entered on December 20, 1989, the
district court sentenced appellant to serve a term of life in the
Nevada State Prison.

        On December 20, 1988, appellant filed in the district
court a proper person petition for post-conviction relief,
together with a motion for appointment of counsel   The district
court appointed counsel. Appellant, through counsel, filed in the
district court supplemental points and authorities in support of
his petition for post-conviction relief.   The state opposed the
petition.   On April 15, 1992, the district court, without
conducting a hearing, entered an order denying appellant's

and to intending to obtain a gun from the victim without paying for it. A defendant may, as appellant did, enter a valid guilty plea by making a factual admission of guilt. See Bryant v. State, 102 Nev. 268, 721 P.2d 364 (1986). Such a plea is valid without a canvass by the district court regarding the elements of the charge. Id.

Appellant further contends that the district court erred in determining that his counsel was not ineffective in advising him regarding entry of his plea. Appellant contends that his counsel was ineffective because counsel: (1) did not interview two witnesses to the shooting; (2) did not file pretrial motions seeking to exclude from evidence appellant's statement on the bases that appellant was only sixteen years old when he gave the statement and a parent was not present and that appellant was not advised that he would be tried on the murder charge in the adult criminal system, that any statements made by appellant would be used against him in the adult system, and that he faced a possibility of receiving the death penalty if convicted on the murder charge; and (3) did not seek exclusion of the statement because the police interrogated appellant at the North Las Vegas Police Station rather than a juvenile facility.

To state a claim of ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a