1 | counsel were outside the wide range of professionally competent
2 | assistance, nor has he shown that the justice of his sentence was
3 | indeed unreliable by a breakdown in the adversary process caused by
4 | deficiencies in counsel's assistance. <u>Burger v. Kemp</u>, 483 U.S.
5 | 776, 795-796 (1987).

6 |      In conclusion, this Court finds that petitioner's counsel
7 | effectively and competently represented him, that counsel's
8 | performance in no way prejudiced the petitioner.  Further, this
9 | Count finds that defense counsel's performance was well within the
10 | range of professionally competent assistance.  For these reasons,
11 | the petition for Post-Conviction Relief is denied.

12 |      DATED this _____ day of April, 1992.

13 |
14 |                                    _____
15 |                                    DISTRICT JUDGE

16 | REX BELL
    | DISTRICT ATTORNEY
17 | Nevada Bar #001799
    | Nevada Bar #003901
18 |
19 | BY: _____
20 |      TERESA LOWRY
    |      Deputy District Attorney

28 | mmw

5

MARK B. BAILUS, ESQ.
Nevada Bar No. 002284
LAW OFFICES OF CHERRY & BAILUS
600 South Eighth Street
Post Office Box 43087
Las Vegas, NV   89116
(702)   385-3788

FILED

Attorney for Appellant, JIMMIE DAVIS

APR 16   3 57 PM '92

DISTRICT COURT

CLARK COUNTY, NEVADA

_____CLERK_____

JIMMIE DAVIS,                    )
                                )
            Appellant,          )
                                )
    vs.                         )     CASE NO.   C 85078
                                )     DEPT. NO.   IV
STATE OF NEVADA,                )     DOCKET NO.   "C"
                                )
            Respondent.         )
_____)

### AMENDED NOTICE OF APPEAL

TO:   THE STATE OF NEVADA, Respondent; and

TO:   REX BELL, DISTRICT ATTORNEY, its Attorney:

   **NOTICE IS HEREBY GIVEN** that JIMMIE DAVIS, presently incar-

cerated, hereby appeals to the Supreme Court of the State of

Nevada, from an Order denying defendant's petition for post-

conviction relief entered by the Honorable Addeliar D. Guy,

District Court Judge, in the above-entitled matter on or about

March 25, 1992, and the Findings of Fact and Conclusions of Law and

Order entered on or about April 15, 1992.

   Respectfully submitted this ___16___ day of April, 1992.


                    By _Mark B. Bailus_____
                       MARK B. BAILUS, ESQ.
                       Nevada Bar No. 002284
                       600 South Eighth Street
                       Las Vegas, NV   89101
                       Attorney for Appellant DAVIS

Law Offices of
Cherry & Bailus
600 S. EIGHTH STREET
P.O. BOX 43087
LAS VEGAS, NEVADA 89116
(702) 385-3788
FAX (702) 385-5125

**CERTIFICATE OF MAILING**

1

2          **I HEREBY CERTIFY** that I am an employee of the LAW OFFICES

3   OF CHERRY & BAILUS, and that on the ___16th___ day of April, 1992, I

4   deposited for mailing at Las Vegas, Nevada, a true and correct copy

5   of the above and foregoing NOTICE OF APPEAL addressed as follows:

6                    REX BELL, DISTRICT ATTORNEY
                     200 South Third Street
7                    7th Floor
                     Las Vegas, NV   89155
8
                     FRANKIE SUE DEL PAPA, ATTORNEY GENERAL
9                    State of Nevada
                     State Mailroom Complex
10                   Las Vegas, NV   89158

11                   SUPREME COURT CLERK
                     STATE OF NEVADA
12                   State Capitol Complex
                     Carson City, NV   89701
13

14                   _Peggy J. Sigler_____
                     PEGGY J. SIGLER, An Employee of
15                   THE LAW OFFICES OF CHERRY & BAILUS

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF NEVADA

* * * * * *

**FILED**

JAN 0 7 1993

JANETTE M. BLOOM
CLERK OF SUPREME COURT

BY
DEPUTY CLERK

JIMMIE DAVIS,                              )        CASE NO.   23338
                                           )
                    Appellant,             )
                                           )
           vs.                             )
                                           )
THE STATE OF NEVADA,                       )
                                           )
                    Respondent.            )
_____)


**APPELLANT'S OPENING BRIEF**


MARK B. BAILUS, ESQUIRE              REX BELL, ESQ.
600 South Eighth Street             District Attorney
Las Vegas, Nevada   89101           200 South Third Street
                                    Seventh Floor
Attorney for Appellant              Las Vegas, Nevada   89155


                                    FRANKIE SUE DEL PAPA, ESQ.
                                    Attorney General
                                    State Mailroom Complex
                                    Las Vegas, Nevada   89158

                                    Attorney for Respondent

# TABLE OF CONTENTS

Page Number

TABLE OF AUTHORITIES................................. ii

STATEMENT OF THE ISSUES............................. 1

STATEMENT OF THE CASE............................... 1

STATEMENT OF THE FACTS.............................. 2

ARGUMENTS

I.     APPELLANT'S PLEA OF GUILTY WAS NOT
       FREELY AND VOLUNTARILY ENTERED, AND
       THUS, SHOULD BE SET ASIDE.................... 4

II.    APPELLANT WAS DENIED HIS CONSTITUTIONAL
       RIGHT TO EFFECTIVE ASSISTANCE OF
       COUNSEL..................................... 7

III.   THE DISTRICT COURT JUDGE ERRED IN
       DENYING APPELLANT AN EVIDENTIARY
       HEARING ON HIS PETITION FOR POST-
       CONVICTION RELIEF........................... 11

CONCLUSION......................................... 12

PROOF OF SERVICE................................... 14

i

# TABLE OF AUTHORITIES

**Cases Cited**                                                    **Page Numbers**

**A Minor Boy v. State**,
   89 Nev. 564, 517 P.2d 183 (1973).....................     11

**Bolden v. State**,
   99 Nev. 181, 659 P.2d 886 (1983)..................... 11, 12

**Boykin v. Alabama**,
   395 U.S. 238 (1969)................................      4

**Cooper v. FitzHarris**,
   586 F.2d 1235 (9th Cir. 1978),
   cert. denied, 440 U.S. 974 (1979)...................      9

**DeBose v. State**,
   100 Nev. 339, 682 P.2d 195 (1984)...................      7

**Doggett v. State**,
   91 Nev. 768, 542 P.2d 1066 (1975)...................     11

**Gibbons v. State**,
   97 Nev. 520, 634 P.2d 1214 (1981)................... 11, 12

**Gideon v. Wainwright**,
   372 U.S. 335, 83 S.Ct. 792 (1963)...................      8

**Grodin v. State**,
   97 Nev. 454, 634 P.2d (1981).......................     11

**Hanley v. State**,
   97 Nev. at page 134................................      6

**Hargrove v. State**,
   100 Nev. 498, 686 P.2d 222 (1984)...................     11

**Hatley v. State**,
   100 Nev. 214, 678 P.2d 1160 (1984)..................     11

**Higby v. Sheriff**,
   86 Nev. 774, 476 P.2d 959 (1970)...................   4,  5

**Lewis v. State**,
   100 Nev. 456, 686 P.2d 219 (1984)...................     12

**Marvin v. State**,
   95 Nev. 836, 603 P.2d 1056 (1979)..................     10

**McCarthy v. United States**,
   394 U.S. 459 (1969)................................      5

ii

**Powell v. Alabama**,
    350 U.S. 85, 76 S.Ct. 167 (1955)..................... 8

**Quiriconi v. State**,
    96 Nev. 766, 616 P.2d 1111 (1980)................... 11

**Russell v. State**,
    99 Nev. 264, 265, 661 P.2d 1292 (1983).............. 4

**Sigler v. Director of Nevada State Prisons**,
    97 Nev. 221, 625 P.2d 275 (1981).................... 7

**Strickland v. Washington**,
    104 S.Ct. 2052 (1984).............................. 8, 9

**Warden v. Lyons**,
    100 Nev. 430, 683 P.2d 504 (1984)................... 8

**White v. State**,
    95 Nev. 159, 591 P.2d 266 (1979).................... 8

**Wilson v. State**,
    105 Nev. 110, 112, 771 P.2d 583 (1989).............. 9


**Statutes Cited**

NRS 174.035(1)....................................... 5

NRS 177.315.......................................... 12

NRS 193.165.......................................... 1, 2

NRS 200.010.......................................... 1, 2

NRS 200.030.......................................... 1, 2

NRS 200.380.......................................... 1


**Federal Cites**

F.R.Cr.P. Rule 11.................................... 5

## STATEMENT OF THE ISSUES

1.   Whether Appellant's plea of guilty was freely and voluntarily given, and thus, whether said plea of guilty should be set aside.

2.   Whether Appellant was denied his constitution right to effective assistant of counsel.

3.   Whether the District Court Judge erred in denying Appellant an evidentiary hearing on his petition for post-conviction relief.

## STATEMENT OF THE CASE

By way of Information, Appellant, JIMMIE DAVIS (hereinafter "Appellant"), was charged with MURDER WITH USE OF A DEADLY WEAPON, a violation of Nevada Revised Statutes (hereinafter "NRS") 200.010, 200.030, 193.165; and ROBBERY WITH USE OF A DEADLY WEAPON, a violation of NRS 200.380, 193.165.   On September 12, 1988, Appellant entered a plea of not guilty to the above-mentioned charges and the matter was set for jury trial.

On October 12, 1988, Appellant pled guilty, pursuant to plea negotiations, to Count I of the Information, charging him with MURDER WITH USE OF A DEADLY WEAPON, a violation of Nevada Revised Statutes (hereinafter "NRS") 200.010, 200.030, 193.165, before the Honorable Earl W. White, District Court Judge, in and for the Eighth Judicial District Court for the County of Clark, State of Nevada.   Further, as part of the plea negotiations, Count II of the Information was dismissed and the State and Appellant stipulated to the degree of murder and the penalty to be imposed, specifically, life without the possibility of parole.

On December 12, 1988, Appellant's sentencing hearing was

1

1 conducted, at which time the District Court Judge imposed a
2 sentence of life without the possibility of parole.

3      On January 17, 1990, Appellant filed a proper person petition
4 for post-conviction relief.  Thereafter, the District Court Judge
5 appointed counsel in this matter and supplemental points and
6 authorities were filed in support of Appellant's petition for post-
7 conviction relief.  On March 25, 1992, the District Court Judge,
8 having heard argument in support of and opposition to Appellant's
9 petition for post-conviction relief and/or request for evidentiary
10 hearing, denied same.

11      On April 3, 1992, Appellant filed a timely Notice of Appeal.
12 Said appeal is currently pending before this Court.

13                      **STATEMENT OF THE FACTS**

14      Appellant appeared before the Honorable Earl W. White,
15 District Court Judge, on October 12, 1988 and responded
16 affirmatively to the question of his desire to withdraw his former
17 plea of not guilty and plead guilty, pursuant to negotiations, to
18 Count I of the Information, charging him with Murder With Use of a
19 Deadly Weapon (NRS 200.010, 200.030, 193.165) (ROA 117-119).  Judge
20 White inquired of the Appellant whether he discussed this matter
21 with his attorney and whether his plea was freely and voluntarily
22 given.  Appellant responded "Yes" to the foregoing (ROA 119-120).
23 Further, Judge White inquired of the Appellant whether anybody had
24 threatened him or anybody closely associated to him made Appellant
25 plead guilty.  In response to said question, Appellant answered,
26 "No" (ROA 120).  Judge White also questioned Appellant whether
27 anybody had promised him leniency or special treatment to get
28 Appellant to plead guilty.  Appellant answered, "No" (ROA 120).

600 S. EIGHTH STREET
P.O. BOX 4267
LAS VEGAS, NEVADA 89116
(702) 385-3788
FAX (702) 385-5125

1  Judge White then advised Appellant of his Fifth and Sixth Amendment

2  rights to which the Appellant responded that he understood and was

3  willing to waive same (ROA 120-121).

4    Thereafter, the following colloquy occurred (ROA 121-123):

5    THE COURT:  Are you pleading guilty because in truth and
   fact you are guilty?

6

7    THE DEFENDANT:  Yes.

   THE COURT:  Would you tell me then what happened on July
8  the 31st that causes you to plead guilty this morning to
   murder in the first degree.

9

   THE DEFENDANT:  The young lady came to sell a gun in an
10 apartment on Britz Circle or whatever.  She came in, she
   set the gun on the counter.  She asked me if I would pay
11 $400 and I picked up the gun and I told her why $400 and
   she told me she had bullets for the gun too.  She gave me
12 the bullets, I loaded the gun.  I cocked the trigger,
   pointed the gun at her and told her to lower the price.
13 She didn't lower the price to 75 and as I put the gun
   down -- as I closed the trigger the gun shot.
14

15 MR. HENRY:  Your Honor --

16 MR. GIBSON:  He's not finished, Mr. Henry.

   THE DEFENDANT:  And the gun shot.  Before the gun shot
17 she asked 75 and I was trying to get the gun for nothing
   and I was trying to keep the gun -- from her retrieving
18 the gun from me which it was hers at first.

19 THE COURT:  Mr. Henry.

20 MR. HENRY:  Your Honor, if I might.  The defendant I
   believe the day after he committed this crime in the
21 presence of his uncle and after having been given his
   Miranda rights by a North Las Vegas detective made a
22 written statement what he said, as I recall he said that
   the victim Brittain Gelabert came in and offered to sell
23 him a gun, a pistol, a revolver for a hundred dollars;
   that she took the pistol out and put it on the counter in
24 front of him; out of her purse -- she took the bullets
   out of her purse and laid them down.  That he picked up
25 the pistol, opened the cylinder, loaded it with the
   bullets, closed the cylinder, cocked the gun, put his
26 finger on the trigger guard above the trigger and pointed
   it at her.  She said she wanted a hundred dollars.  He
27 told her to get out.  She said again she wanted a hundred
   dollars.  He told her to get out.
28

3

The detective asked him, "When you were pointing the cocked pistol at her did you want to get the pistol from her without paying anything?" He said yes, and it was after he formed this intent that he would get the pistol from her without paying anything by pointing the cocked pistol at her that the pistol went off, shot her and she died as a result of that and I believe he would agree to this statement of the facts.

THE DEFENDANT: Yes.

Judge White thereafter accepted the admission of Appellant and found that Appellant's plea was made "freely and voluntarily" with the full understanding of the charge against him and the consequence of the admission (ROA 124).

## ARGUMENT

### I.

### APPELLANT'S PLEA OF GUILTY WAS NOT FREELY AND VOLUNTARILY ENTERED, AND THUS, SHOULD BE SET ASIDE

Appellant submits, and the record supports, that the guilty plea herein should be set aside because the record does not affirmatively demonstrate it was knowingly and voluntarily entered. See, **Russell v. State**, 99 Nev. 264, 265, 661 P.2d 1292 (1983).

In **Higby v. Sheriff**, 86 Nev. 774, 476 P.2d 959 (1970), the Nevada Supreme Court incorporated the principles enunciated by the United States Supreme Court in their decision, **Boykin v. Alabama**, 395 U.S. 238 (1969), that where a plea of guilty is accepted, the "record should affirmatively show" that certain "minimal requirements" are met. Generally, said minimal requirements are as follows:

(1) An understanding waiver of constitutional rights and privileges;

(2) An absence of coercion by threat or promise of leniency;

(3)   An understanding of the nature of the charge, itself, i.e., the "elements" of the offense;

(4)   An understanding of the consequences of the plea, and the range of the punishments which may be imposed.

The above-stated requirements have been codified in NRS 174.035(1), which provides, in pertinent part:

The court may refuse to accept a plea of guilty, and <u>shall not accept such plea...without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea</u>.  [Emphasis added]

After a careful evaluation of the record herein, it is apparent that it is utterly void of any indication that Appellant understood the elements of the murder charge.  Further, the record is barren that Appellant was ever explained of any defenses available to him.

The Court in **Higby**, **supra**, quoting from **McCarthy v. United States**, 394 U.S. 459 (1969), in adopting the United States Supreme Court's rationale of rigid adherence to Rule 11 of the Federal Rules of Criminal Procedure, stated:

First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitution-ally required determination that a defendant's guilty plea is truly voluntarily.  Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination.  Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas.

86 Nev. at 779, <u>quoting</u> 395 U.S. at 465.

Concluding, the Court in **McCarthy** stated:

Our holding that a defendant whose plea has been accepted is violation of Rule 11 should be afforded the opportuni-ty to plea anew not only will insure that every accused is afforded those procedural safeguards, but also will

1  help reduce the great waste of judicial resources
2  required to process the frivolous attacks on guilty plea
   convictions that are encouraged and are more difficult to
3  dispose of, when the original record is inadequate. It
   is, therefore, not too much to require that, before
4  sentencing defendants to years of imprisonment, district
   judges take the few minutes necessary to inform them of
5  their rights and to determine whether they understand the
   action they are taking.

6  394 U.S. at 472; see also, 86 Nev. at 779-80.

7  ...The United States Supreme Court recalled in Henderson
   the long-accepted principle that a guilty plea must
8  provide a trustworthy basis for believing that the
   defendant is in fact guilty. Thus, the "constitutional
9  rule relevant" to such cases is "that the defendant's
   guilt is not deemed established by entry of a guilty
10 plea, unless he either admits that he committed the crime
   charged, or enters his plea knowing what the elements of
11 the crime charged are."

12 97 Nev. at 134.

13     After carefully reviewing the canvassing by the court of the

14 Appellant, it is clear there was no discussion as to the "elements"

15 of murder, or any other crime. Further, the record is barren as to

16 what, if anything, was explained concerning the elements of the

17 crime, or whether Appellant actually understood what was ex-

18 plained.[1]

19     A similar scenario occurred in **Hanley v. State**, 97 Nev. at

20 page 134, wherein the Court observed:

21 There was no mention of murder in the first degree or any
   other crime in this portion of the canvassing; there was
22 no mention of the "elements" of first degree murder or
   any other crime; there was no statement as to what, if
23 anything, was explained, nor what, if anything, the

---

24

25 [1] Close scrutiny of the record herein reveals that it is
   barren of any indication that trial counsel explained to Petitioner
26 the principles of the "felony-murder" rule and how it may be
   applicable to Petitioner's case. Such is important in light of the
27 fact that during a colloquy between the prosecutor and the court at
   the plea hearing, it appears the prosecutor relied upon the
28 "felony-murder" rule as the underlying basis for the court to
   accept Petitioner's plea.

defendant understood as a result of such explanation. As a showing that defendant under the stated circumstances knew or understood what the elements of the crime he was pleading to were, the record is completely deficient.

* * * *

Although we have disclaimed the necessity for "articulation of talismanic phrases", Heffley v. Warder, 89 Nev. 573, 516 P.2d 1403 (1973), in plea hearings and have declined to "impose upon our trial judges the rigid requirements imposed upon federal judges when pleas are taken under Federal Rules of Criminal Procedures, Rule 11, Wynn v. State of Nevada, 96 Nev. 673, 615 P.2d 946 (1980), we would hold that constitutional requirements and the statutory requirement of NRS 174.035(1) demand either a showing that the defendant himself (not just his attorney) understood the elements of the offense to which the plea was entered or a showing that the defendant, himself, has made factual statements to the court which constitute an admission to the offense pled to [Emphasis added]

Based on the foregoing, it is obvious that there was no adequate showing that the Appellant understood the particular charge he pled guilty to, and specifically, that he understood the elements of the crime of murder.

Since the Information was never read to Appellant on the record, and there is absent from the record the necessary affirmative showing that Appellant understood the nature of the offense to which he was pleading, Appellant's plea of guilty should be set aside. See, DeBose v. State, 100 Nev. 339, 682 P.2d 195 (1984); and Sigler v. Director of Nevada State Prisons, 97 Nev. 221, 625 P.2d 275 (1981).

II.

**APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT
TO EFFECTIVE ASSISTANCE OF COUNSEL**

Appellant submits that he was denied his Sixth Amendment right to effective assistance of counsel.

It is axiomatic that Appellant under the Sixth Amendment was

7

1  guaranteed the right to the assistance of counsel for his defense,

2  even though he lacked funds for counsel.  See, **Gideon v. Wain-**

3  **wright**, 372 U.S. 335, 83 S.Ct. 792 (1963).  Further, the right to

4  effective and competent assistance of counsel for the right given

5  is not just formal, but a substantial right.  See, **Powell v.**

6  **Alabama**, 350 U.S. 85, 76 S.Ct. 167 (1955).

7      The traditional standard in Nevada to measure counsel's

8  conduct to find ineffective assistance of counsel was to determine

9  whether counsel's representation was of such a low caliber as to

10  reduce the proceedings to be a "sham, farce, or mockery."  See,

11  **White v. State**, 95 Nev. 159, 591 P.2d 266 (1979).

12      Such is no longer the standard in Nevada.  The appropriate

13  standard used to determine effectiveness of counsel is stated in

14  **Warden v. Lyons**, 100 Nev. 430, 683 P.2d 504 (1984), whereby the

15  Court expressly adopted the "reasonably effective assistance"

16  standard enunciated in **Strickland v. Washington**, 104 S.Ct. 2052

17  (1984):

18      The United States Supreme Court has recently adopted the

19  "reasonably effective assistance standard for ineffective counsel

20  in criminal cases.  This constitutional standard supplanted

21  Nevada's traditional 'farce and sham' test.:  See, **Strickland v.**

22  **Washington**, 466 U.S. 668, 52 U.S.L.W. 4565 (May 14, 1984).

23      In **Strickland v. Washington**, **supra**, the Court stated:

24          The Court has not elaborated on the meaning of the
           constitutional requirement of effective assistance in the
25          latter class of cases -- that is, those presenting claims
           of "actual ineffectiveness."  In giving meaning to the
26          requirement, however, we must take its purpose -- to
           ensure a fair trial -- as the guide.  The benchmark for
27          judging any claim of ineffectiveness must be whether
           counsel's conduct so undermined the proper functioning of
28          the adversarial process that the trial cannot be relied

600 S. EIGHTH STREET
P.O. BOX 4507
LAS VEGAS, NEVADA 89116
(702) 385-3788
FAX (702) 385-5125

on as having produced a just result.   **Strickland v. Washington**, **supra**, at 2064.

\* \* \*

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.   First, the defendant must show that counsel's performance was deficient.   This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.   Second, the defendant must show that the deficient performance prejudiced the defense.   This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable.   Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Recently, in **Wilson v. State**, 105 Nev. 110, 112, 771 P.2d 583 (1989), the Court concluded:

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined standards for a defendant's Sixth Amendment right to effective assistance of counsel.   The Court described two components of a showing of ineffective assistance of counsel in the context of a murder conviction or death sentence.   First, the accused must show that counsel's representation fell below an objective standard of reasonableness.   Id. at 687.

In order to prove prejudice, the accused must show that there is a reasonable probability that, but for counsel's mistakes, the result of the proceeding would have been different.   Id. at 694.

The foregoing is in accord with the standard adopted by the Ninth Circuit in **Cooper v. FitzHarris**, 586 F.2d 1235 (9th Cir. 1978), cert. denied, 440 U.S. 974 (1979).

Defense counsel's errors or omissions must reflect a failure to exercise the skilled judgment or diligence of a reasonably competent criminal defense attorney; they must be errors a reasonably competent attorney acting as a diligent conscientious advocate would not have made.

After a careful review of the record, it is apparent that Appellant's trial counsel did not expend the time and/or energies

9

1  necessary to prepare pre-trial motions and/or a meaningful defense,

2  nor conduct "a reasonably substantial investigation" into a

3  plausible line of defense.  Specifically, trial counsel failed to

4  investigate and/or interview certain witnesses who would have

5  testified that the shooting was accidental and not intentional.

6  Specifically, law enforcement officers took the statement of one,

7  Arthur Collins, a percipient witness to the shooting, who, in his

8  statement, exonerated Appellant by stating that the shooting was

9  unintentional (ROA 52-54).  Also, another percipient witness, one,

10  John Harvey, made a statement to law enforcement officers which

11  seemed to exonerate Appellant (ROA 647).

12  Further, trial counsel failed to file pre-trial motions on

13  behalf of Appellant prior to his change of plea.  Close scrutiny of

14  the record reveals that Appellant, who was sixteen (16) years old,

15  was interrogated by law enforcement officers regarding the shooting

16  of Brittain Gelabert (ROA 31-35).  There was several grounds trial

17  counsel could have moved to suppress Appellant's statement: (1) the

18  confession should have been suppressed because law enforcement

19  officers interrogated Appellant, who was only sixteen (16) years

20  old, with his parents not being present.[2]  See, **Marvin v. State**,

21  95 Nev. 836, 603 P.2d 1056 (1979); (2) Appellant was not advised

22  that he would be tried on the murder charge in the adult criminal

23  justice system and not the juvenile system and that any statements

24  Appellant made could be used against him in the adult system and

25  that he would be facing a possibility of death if he were convicted

26

27  [2] It should be noted, Appellant's uncle, Webster Davis, was
present during the interrogation (ROA 31).  However, the record is

28  barren as to whether Webster Davis was Appellant's legal guardian.

10

of the murder charge. See, **Quiriconi v. State**, 96 Nev. 766, 616 P.2d 1111 (1980); and (3) It was error for law enforcement authorities to interrogate Appellant at the North Las Vegas Police Station, an adult facility, rather than at a juvenile facility. See, **A Minor Boy v. State**, 89 Nev. 564, 517 P.2d 183 (1973).

III.

**THE DISTRICT COURT JUDGE ERRED IN DENYING APPELLANT AN EVIDENTIARY HEARING ON HIS PETI-TION FOR POST-CONVICTION RELIEF**

As argued previously, many of Appellant's contentions contained factors outside the record, thus, an evidentiary hearing was warranted. Consequently, the District Court Judge erred in denying Appellant's request for an evidentiary hearing in the case sub judice.

This Court has uniformly held that if a post-conviction petition alleges facts which, if true, would entitle the petitioner to relief, the petitioner must be afforded an evidentiary hearing unless the available record repels the petitioner's claims. **Hargrove v. State**, 100 Nev. 498, 686 P.2d 222 (1984); **Hatley v. State**, 100 Nev. 214, 678 P.2d 1160 (1984); **Grodin v. State**, 97 Nev. 454, 634 P.2d (1981); **Doggett v. State**, 91 Nev. 768, 542 P.2d 1066 (1975).

In **Gibbons v. State**, 97 Nev. 520, 634 P.2d 1214 (1981) the Court specifically found that because most claims of ineffective assistance of trial counsel involves question of fact that can only be resolved by the District Court at an evidentiary hearing post conviction relief is the proper remedy. See also, **Bolden v. State**, 99 Nev. 181, 659 P.2d 886 (1983) wherein the Court, after examining the petition and the affidavit of the defendant, determined that an

11

1  evidentiary hearing was necessary.   In **Bolden**, **supra**, the court

2  stated:

3      "...if a petition for post conviction relief contains
        allegations which, if true, would entitle the petitioner
4       to relief, an evidentiary hearing thereon is required."

5  **Id**. Nev. at 183, 659 P.2d at 886.

6      Similarly, in **Lewis v. State**, 100 Nev. 456, 686 P.2d 219

7  (1984) the Court specifically refused to review the effectiveness

8  of counsel on direct appeal, stating "effectiveness of counsel may

9  be reviewed after an evidentiary hearing has been held in which

10 counsel can testify concerning his performance." **Lewis**, 100 Nev.

11 at 461.

12     Appellant submits it was the legislative intent in enacting

13 NRS 177.315, et seq., that the performance of counsel be tested in

14 an evidentiary setting wherein counsel is able to defend himself

15 concerning the allegations and a defendant is allowed to challenge

16 the actions and performance of counsel.   **Accord**, **Gibbons v. State**,

17 **supra**.

18                          **CONCLUSION**

19     Based on the foregoing specification of errors, Appellant

20 submits that his plea of guilty must be set aside as it was not

21 freely and voluntarily given; or his conviction reversed as a

22 . . .

23 . . .

24 . . .

25 . . .

26 . . .

27 . . .

28 . . .

result of ineffective assistance of counsel; or this matter be remanded in order to conduct an evidentiary hearing.

Respectfully submitted this ___6___ day of January, 1993.

LAW OFFICES OF CHERRY & BAILUS

By ___Mark B. Bailus___
MARK B. BAILUS, ESQ.
600 South Eighth Street
Las Vegas, NV   89101
Attorney for Appellant

**AFFIDAVIT OF MAILING**

STATE OF NEVADA    )
                   ) ss:
COUNTY OF CLARK    )

        PEGGY J. SIGLER, being first duly sworn, deposes and says:  That affiant is, and was when the herein described mailing took place, a citizen of the United States, over 21 years of age, and not a party to, nor interest in, the within action; that on the 16th day of January, 1993, affiant deposited in the Post Office at Las Vegas, Nevada, a copy of the within **APPELLANT'S OPENING BRIEF** enclosed in a sealed envelope upon which first class postage was fully prepaid, addressed to:

        FRANKIE SUE DEL PAPA, ESQ.
        Attorney General
        State Mailroom Complex
        Las Vegas, NV   89158

        REX BELL, ESQ.
        District Attorney
        200 South Third Street, 7th Floor
        Las Vegas, NV   89155

that there is a regular communication by mail between the place of mailing and the place so addressed.

                    _PEGGY J. SIGLER_

SUBSCRIBED and SWORN to before me this 16th day of January, 1993.

_Julie F. Cunningham_
NOTARY PUBLIC in and for said
  County and State.

Notary Public-State Of Nevada
COUNTY OF CLARK
JULIE F. CUNNINGHAM
My Commission Expires
April 10, 1993

600 S. EIGHTH STREET
P.O. BOX 43087
LAS VEGAS, NEVADA 89116
(702) 385-3788
FAX (702) 385-5125

14

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF NEVADA

* * * * * *

FILED

APR 26 1993

JANETTE M. BLOOM
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

JIMMIE DAVIS,                          )          CASE NO.   23338
                                       )
                    Appellant,         )
                                       )
          vs.                          )
                                       )
THE STATE OF NEVADA,                   )
                                       )
                    Respondent.        )
_____)

**APPELLANT'S REPLY BRIEF**

**MARK B. BAILUS, ESQUIRE**          **FRANKIE SUE DEL PAPA, ESQ.**
600 South Eighth Street              Attorney General
Las Vegas, Nevada   89101            State Mailroom Complex
                                     Las Vegas, Nevada   89158

                                     REX BELL, ESQ.
                                     District Attorney
                                     200 South Third Street
                                     Seventh Floor
                                     Las Vegas, NV  89155

Counsel for Appellant                Counsel for Respondent

# TABLE OF CONTENTS

Page Number

TABLE OF AUTHORITIES.................................  ii

ARGUMENT

I.   **APPELLANT'S PLEA OF GUILTY WAS NOT FREELY AND VOLUNTARILY ENTERED, AND THUS, SHOULD BE SET ASIDE**....................  1

II.  **APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL**.........................................  3

III. **THE DISTRICT COURT JUDGE ERRED IN DENYING APPELLANT AN EVIDENTIARY HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF**.............................  6

CONCLUSION.........................................  8

PROOF OF SERVICE...................................  9

i

# TABLE OF AUTHORITIES

**Cases Cited**                                                    **Page Numbers**

**Boykin v. Alabama,**
   395 U.S 239, 89 S.Ct. 1709 (1969)....................    1

**Bryant v. State,**
   102 Nev. 268, 721 P.2d 364 (1986)...................   2, 3

**Fine v. Warden,**
   90 Nev. 166, 521 P.2d 374 (1974)....................    7

**Grondin v. State,**
   97 Nev. 454, 634 P.2d 456 (1981)....................    7

**Hargrove v. State,**
   100 Nev. 498, 686 P.2d 222 (1984)...................    6

**Heffley v. Warden,**
   89 Nev. 573, 516 P.2d 1403 (1973)...................    1

**Highby v. Sheriff,**
   86 Nev. 774, 476 P.2d 959 (1970)....................    1

**Marvin v. State,**
   95 Nev. 836, 603 P.2d 1056 (1979)...................   4, 5

**Mazzan v. State,**
   105 Nev. 745, 783 P.2d 430 (1989)...................   3, 4

**People v. Davis,**
   633 P.2d 186 (Cal. 1981)............................    5

**Strickland v. Washington,**
   466 U.S. 668, 104 S.Ct. 2052 (1984).................   3, 4

**United States v. Basley,**
   479 F.2d 1124 (5th Cir. 1973),
   <u>cert. denied</u>, 414 U.S. 924,
   <u>rehearing denied</u>, 414 U.S. 1052.....................    3


**Statutes Cited**

NRS 62.170(1)........................................    4

ii

**ARGUMENT**

I.

**APPELLANT'S PLEA OF GUILTY WAS NOT FREELY AND
VOLUNTARILY ENTERED, AND THUS, SHOULD BE SET ASIDE**

Respondent contends that Appellant freely and voluntarily entered his guilty plea. Respondent relies on **Heffley v. Warden**, 89 Nev. 573, 516 P.2d 1403 (1973), in demonstrating that the Court need not acquire specific phrases in response from the defendant for a plea to be valid. Further, the Respondent contends that the plea hearing requires "only that the record affirmatively disclose that the defendant entered his plea understandingly and voluntarily." Appellant does not dispute this position. Appellant asserts that the record does not disclose that this plea was understood, nor was it voluntary.

In **Heffley**, the defendant did not contest the fact that he understood the nature and consequences of his plea. Heffley appealed because the judge did not specifically mention defendant's waiver of his fifth amendment privilege against self-incrimination before accepting the plea. The **Heffley** Court merely held that the failure to mention one of the constitutional rights alluded to in **Highby v. Sheriff**, 86 Nev. 774, 476 P.2d 959 (1970), does not invalidate a plea where the record supports the determination that the defendant was in fact informed of all his rights, and did in fact enter his plea knowingly and voluntarily. As stated in **Boykin v. Alabama**, 395 U.S 239, 89 S.Ct. 1709 (1969), the record must affirmatively disclose that a defendant who pleaded guilty, entered his plea understandingly and voluntarily. 397 U.S. at 747-748, n. 4, 90 S.Ct. at 1468.

1

Subsequently, in **Bryant v. State**, 102 Nev. 268, 721 P.2d 364 (1986), two consolidated appeals challenged guilty pleas. These challenges were based solely as to whether the defendants understood the nature of the charges against them. **Bryant**, 102 Nev. at 268, 721 P.2d at 366. The **Bryant** Court acknowledged that "attacks on guilty pleas are more difficult to dispose of when (the Court is) not able to point to clear and uncontradictory admissions made by the defendant at a plea hearing." 102 Nev. at 270, 721 P.2d at 366.

The **Bryant** Court indicated that a defendant need not express an understanding of every specific element to the crime charged. This was pertinent in **Bryant** because the defendant indicated that he did not understand the specific criminal intent element involved. However, the Court concluded that because the record as a whole revealed that the defendant understood the true nature of the charge against him. The plea would be upheld. 102 Nev. at 273, 721 P.2d at 368.

Moreover, the **Bryant** Court indicated that although the defendant stated that he had discussed the elements of offense with his attorney prior to entering his plea, "this admission standing alone might not be sufficient to infer that Bryant fully understood the nature of the charge against him." Id. When the Court reviewed the record as a whole, the Court was satisfied that the defendant understood the nature of the charge against him. Supporting this contention, the Court indicated that Bryant's counsel argued at the preliminary hearing, where Bryant was present, that the state did not present sufficient evidence to establish that Bryant harbored the requisite criminal intent. Id.

2

1   With the companion case to **Bryant**, co-defendant, Dvorak stated

2   that he was pleading guilty to the charges of the information, and

3   that he was familiar with the information filed against him.  This

4   information fully set forth the nature of the offenses to which he

5   was pleading guilty.  Id.

6                                    II.

7   **APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT
    TO EFFECTIVE ASSISTANCE OF COUNSEL**

8

9   Respondent, in its Answering Brief, indicates that Appellant

10  had effective assistance of counsel under **Strickland v. Washington**,

11  466 U.S. 668, 104 S.Ct. 2052 (1984).  Respondent then relies on

12  **United States v. Basley**, 479 F.2d 1124 (5th Cir. 1973), cert.

13  denied, 414 U.S. 924, rehearing denied, 414 U.S. 1052, for the

14  proposition that effective counsel does not mean errorless counsel.

15  However, Basley consulted with the Court after requesting a

16  dismissal of counsel, whereat he expressed confidence in his

17  appointed counsel and thereafter withdrew his request for

18  dismissal.  Id. at 1129.  Upon review of all of the circumstances

19  and facts presented before the Court, the Court indicated that the

20  defendant's appointed counsel presented "an adequate defense for a

21  difficult client."  Id

22  Respondent then refers to **Mazzan v. State**, 105 Nev. 745, 783

23  P.2d 430 (1989) in support of its contention that tactical

24  decisions made by counsel regarding Appellant's case are virtually

25  unchallengeable.  However, the **Mazzan** Court stated:

26      In deciding an ineffective assistance of counsel claim,
        a review of Court 'must judge the reasonableness of
27      counsel's challenged conduct on the facts of the
        particular case, reviewed as of the time of counsel's
28      conduct', and determine whether, in light of all the
        circumstances, the identified acts or omissions were

Bruce, D. & E. Nelson
600 S. Eighth STREET
P.O. BOX 43007
LAS VEGAS, NEVADA 89116
(702) 385-3788
FAX (702) 385-3125

                                    3

outside the wide range of professionally competent assistance.

**Mazzan**, 783 P.2d at 431, citing, **Strickland v. Washington**, 466 U.S. at 690.

**Mazzan** involved the specific choice of witnesses called in defending the defendant. The Court considered this case based on those specific facts. An additional factor in which the Court considered was that the defendant specifically requested "a repeat performance by counsel who represented him at his trial and first penalty hearing." 783 P.2d at 433.

In dissent, Chief Justice Young, joined Justice Springer, stated that the attorney's failure to present certain witnesses which were highly favorable, without any reasonable explanation for the omission, raised serious doubt as to the competency of the attorney. Further, the prosecution had spent three days presenting evidence in **Mazzan**, yet defendant's attorney called only three witnesses, when several more were available. Chief Justice Young added that the attorney's "misunderstanding of the concept and importance of mitigation resulted in the exclusion of highly favorable character evidence." 783 P.2d at 436. Both Chief Justice Young and Justice Springer found the circumstances of **Mazzan** to result in ineffective assistance of counsel.

Respondent refers to **Marvin v. State**, 95 Nev. 836, 603 P.2d 1056 (1979) to demonstrate that a juvenile has the capacity to make a voluntary confession without the presence or ascent of the parent or guardian. However, in **Marvin**, the Court referred to NRS 62.170(1), which provides, in pertinent part, "When a child is taken into custody the officer shall immediately notify the parent,

4

guardian or custodian of the child..."  **Marvin** is distinguishable in two different facets of the case.  First, the confession, in **Marvin**, was given to the juvenile Court, which the Court noted, has a unique role in that the function of the Court is to determine the best interests of the juvenile and society.  603 P.2d at 1060-1061. Secondly, Marvin's parents were attempted to be contacted, however, they were out-of-town.

Moreover, Respondent also indicates that seeking consent of a responsible adult before questioning is preferable, although not mandatory.  For support of this contention, it cites **People v. Davis**, 633 P.2d 186 (Cal. 1981).  **Davis** is clearly distinguishable. First, it involves a California case referred to in **Marvin**. Secondly, in **Davis**, the Court found that the evidence attempted to show that the defendant was aware of his rights and not frightened into submission by the police officer.  The Court noted, in **Davis**, that "it appears (the defendant) was attempting to use the situation to his own advantage by pretending to cooperate fully and by forthrightfully admitting his contact with the victim on the evening of her death to bolster his credibility in asserting his innocence." Id. at 192.  Furthermore, the defendant, in **Davis**, did not want the authorities to contact his parents.  The Court found that "the failure to do so under the circumstances of this case did not render the defendant's statement involuntary."  Id.

. . .

. . .

. . .

. . .

. . .

5

III.

**THE DISTRICT COURT JUDGE ERRED IN DENYING APPELLANT AN EVIDENTIARY HEARING ON HIS PETI-TION FOR POST-CONVICTION RELIEF**

In its Answering Brief, Respondent argues that Appellant is not entitled to an evidentiary hearing in this matter. Respondent cites **Hargrove v. State**, 100 Nev. 498, 686 P.2d 222 (1984) to support its position that Appellant's claims are primarily "bare" or "naked" claims for relief which do not entitle Appellant to withdraw his guilty plea.

In **Hargrove**, the Court held that Hargrove's appeal from an order of the district Court denying his post-conviction to withdraw his plea of guilty was appealable. The defendant had pled guilty to making a bomb threat, but filed a motion for relief based on ineffective assistance of counsel, stating that his plea was the product of his fear of a habitual criminal sentence, and that he was in fact innocent of the charge. The defendant's motion in **Hargrove** was found to be totally unsupported by any specific factual allegations that would have supported a withdrawal of the plea. This motion was unsupported because defendant claimed that certain witnesses could establish his innocence of the bomb threat were not accompanied by witnesses' names or descriptions of their intended testimony. 686 P.2d at 225. In the instant case, however, Appellant's Opening Brief provides witness names and their testimony, which distinguished the instant case from **Hargrove**. Thus, Hargrove's denial of an evidentiary hearing, which was based on the lack of any names of witnesses or their testimony, is clearly in opposite of the facts of this case. Consequently, **Hargrove** does not support the position of Respondent.

Cherry, D   & ? Nelson
600 S. FOURTH STREET
P.O. BOX 43087
LAS VEGAS, NEVADA 89116
(702) 385-3788
FAX (702) 385-5125

1    Appellee has also indicated that "this Court has previously

2  held that a defendant seeking post-conviction relief is not

3  entitled to an evidentiary hearing on factual allegations belied or

4  repelled by the record." **Grondin v. State**, 97 Nev. 454, 634 P.2d

5  456 (1981). (Ans.Br. p. 18). **Grondin** also involves a defendant

6  filing a petition for post-conviction relief. **Grondin**'s appeal was

7  also based on ineffective assistance of counsel, as well as a

8  failure to conduct an evidentiary hearing on the merits of his

9  post-conviction relief.

10    Notably, the **Grondin** Court found that defendant's counsel

11  failed to provide "the required calibre of representation" and

12  thus, remanded the case with instructions that an evidentiary

13  hearing be conducted on the merits of the petition.  **Id**. 634 P.2d

14  at 458.  The record indicated that the argument of defendant's

15  attorney at the post-conviction proceeding, that the petition was

16  frivolous, was instrumental in causing the District Court to deny

17  the petition.  Additionally, counsel failed to protect the rights

18  of defendant by neglecting to request that an evidentiary hearing

19  be conducted on the merits of the petition.  **Id**.  The Court found

20  that "where factual allegations are made which, if true, could

21  establish a right to relief, a convicted person must be allowed an

22  evidentiary hearing on such issue, unless the available record

23  repels such allegations."  **Id.** citing **Fine v. Warden**, 90 Nev. 166,

24  521 P.2d 374 (1974).

25  . . .

26  . . .

27  . . .

28  . . .

7

## CONCLUSION

Based on the foregoing, and the specification of errors as contained in Appellant's Opening Brief, Appellant submits his conviction be reversed.

Respectfully submitted this _23rd_ day of April, 1993.

CHERRY, BAILUS & KELESIS

By _Mark B Bailus_

MARK B. BAILUS, ESQ.
600 South Eighth Street
Las Vegas, NV   89101
Attorney for Appellant
   JIMMIE DAVIS

8

1

**AFFIDAVIT OF MAILING**

2  STATE OF NEVADA       )
                         ) ss:
3  COUNTY OF CLARK       )

4          PEGGY J. SIGLER, being first duly sworn, deposes and

5  says:  That affiant is, and was when the herein described mailing

6  took place, a citizen of the United States, over 21 years of age,

7  and not a party to, nor interest in, the within action; that on the

8  22nd day of April, 1993, affiant deposited in the Post Office at

9  Las Vegas, Nevada, a copy of the within **APPELLANT'S REPLY BRIEF**

10  enclosed in a sealed envelope upon which first class postage was

11  fully prepaid, addressed to:

12              FRANKIE SUE DEL PAPA, ESQ.
                Attorney General
13              State Mailroom Complex
                Las Vegas, NV   89158
14

15              REX BELL, ESQ.
                District Attorney
                200 South Third Street, 7th Floor
16              Las Vegas, NV   89155

17              **SUPREME COURT CLERK**
                STATE OF NEVADA
18              Capitol Complex
                100 N. Carson Street
19              Carson City, NV   89701

20  that there is a regular communication by mail between the place of

21  mailing and the place so addressed.

22

23                              PEGGY J. SIGLER

24  

25  SUBSCRIBED and SWORN to before me
    this 22nd day of April, 1993.
26

27  

    NOTARY PUBLIC in and for said
28     County and State.

DOLORES MASI LAVERTY
Notary Public - State of Nevada
CLARK COUNTY
My Appointment Expires Aug. 3, 1993

9

IN THE SUPREME COURT OF THE STATE OF NEVADA

JIMMIE DAVIS,                        )            No. 23338
                                     )
                  Appellant,         )
                                     )
           vs.                       )            **FILED**
                                     )
THE STATE OF NEVADA,                 )
                                     )            **JAN 24 1995**
                  Respondent.        )
_____)

JANETTE M. BLOOM
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

<u>ORDER DISMISSING APPEAL</u>

This is an appeal from an order of the district court
denying appellant's petition for post-conviction relief.   On
October 12, 1988, appellant appeared before the district court and
entered a plea of guilty to one count of first degree murder.   In
a judgment of conviction entered on December 20, 1989, the
district court sentenced appellant to serve a term of life in the
Nevada State Prison.

On December 20, 1988, appellant filed in the district
court a proper person petition for post-conviction relief,
together with a motion for appointment of counsel.   The district
court appointed counsel.   Appellant, through counsel, filed in the
district court supplemental points and authorities in support of
his petition for post-conviction relief.   The state opposed the
petition.   On April 15, 1992, the district court, without
conducting a hearing, entered an order denying appellant's
petition.   This appeal followed.

Appellant contends that the district court should have
set aside his plea because the record does not affirmatively
demonstrate that appellant knowingly and voluntarily entered his
plea.   Appellant contends that the record does not show that
appellant understood the elements of the crime of murder.   In
particular, appellant complains that no one discussed the felony-
murder rule with him, and that the rule forms the basis of the
state's case against him.   Further, appellant complains that the
information was never read to him on the record.   Appellant's
contention lacks merit.   Appellant admitted to shooting the victim

and to intending to obtain a gun from the victim without paying for it. A defendant may, as appellant did, enter a valid guilty plea by making a factual admission of guilt. <u>See</u> Bryant v. State, 102 Nev. 268, 721 P.2d 364 (1986). Such a plea is valid without a canvass by the district court regarding the elements of the charge. <u>Id</u>.

Appellant further contends that the district court erred in determining that his counsel was not ineffective in advising him regarding entry of his plea. Appellant contends that his counsel was ineffective because counsel: (1) did not interview two witnesses to the shooting; (2) did not file pretrial motions seeking to exclude from evidence appellant's statement on the bases that appellant was only sixteen years old when he gave the statement and a parent was not present and that appellant was not advised that he would be tried on the murder charge in the adult criminal system, that any statements made by appellant would be used against him in the adult system, and that he faced a possibility of receiving the death penalty if convicted on the murder charge; and (3) did not seek exclusion of the statement because the police interrogated appellant at the North Las Vegas Police Station rather than a juvenile facility.

To state a claim of ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, an appellant must demonstrate that his counsel's performance fell below an objective standard of reasonableness. Further, an appellant must demonstrate a reasonable probability that, but for counsel's errors, appellant would not have pleaded guilty and would have insisted on going to trial. <u>See</u> Hill v. Lockhart, 474 U.S. 52 (1985); Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984), <u>cert</u>. <u>denied</u>, 471 U.S. 1004 (1985). Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. Strickland v. Washington, 466 U.S. 668, 690-91 (1984).

2

O-4892

Appellant has not demonstrated how his counsel's actions fell below an objective standard of reasonableness. Specifically, exclusion of appellant's statement was not warranted, and appellant was not prejudiced because counsel did not file a motion to exclude it. Appellant's uncle went with appellant when appellant gave his statement. Although the uncle may not have been an actual parent or guardian, he clearly was acting in that capacity, with appellant's consent. Moreover, a juvenile has the capacity to make a voluntary confession without the presence or assent of a parent or guardian, and his confession is not involuntary simply because no such adult was present. Marvin v. State, 95 Nev. 836, 840 n.4, 603 P.2d 1056, 1058 (1979). Further, a minor who is charged with murder enters the adult criminal justice system. Such a person is not entitled to the protections of the juvenile system, and the juvenile court never acquires jurisdiction over him. NRS 62.040(1); Shaw v. State, 104 Nev. 100, 753 P.2d 888 (1988). Warning appellant that he was subject to the adult criminal justice system and the penalties in that system is not required. There is every indication that appellant voluntarily gave his statement to the police, knowing he faced serious punishment, and the police did not promise him treatment as a juvenile. Where, as here, the nature of the charges and the identity of the interrogator reflect existence of an unquestionably adversary police atmosphere and the suspect is reasonably mature and sophisticated with regard to the nature of the process, and there is every indication that the statement was given voluntarily, the statement will be admitted. See Quiriconi v. State, 96 Nev. 766, 771, 616 P.2d 1111, 1114 (1980). Finally, it was not improper for the police to interrogate appellant at the North Las Vegas Police Station rather than a juvenile facility because, as mentioned above, appellant's crime involved murder and he was never under the jurisdiction of the juvenile justice system.

3

Appellant further contends that the district court erred in denying his motion for a hearing on his petition for post-conviction relief. Specifically, appellant contends that a hearing was required because claims of ineffective assistance of counsel involve questions of fact that can only be resolved at an evidentiary hearing.

A petitioner is entitled to an evidentiary hearing if a petition for post-conviction relief alleges facts that, if true, would entitle the petitioner to relief, unless the available record repels the petitioner's claims. Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984). The witnesses whom appellant contends counsel should have investigated had given statements to the police that inculpated appellant and did not support appellant's proposed theories of the case. Thus, the record does not support appellant's contention that he was prejudiced by counsel's failure to interview these witnesses. Consequently, the district court did not err by refusing to conduct an evidentiary hearing on appellant's petition. See id. Accordingly, appellant's contentions lacking merit, we

ORDER this appeal dismissed.

_____, C. J.
Steffen

_____, J.
Young

_____, J.
Springer

_____, J.
Shearing

_____, J.
Rose

cc:  Hon. Gerard J. Bongiovanni, District Judge
     Hon. Frankie Sue Del Papa, Attorney General
     Hon. Stewart L. Bell, District Attorney
     Cherry, Bailus & Kelesis
     Loretta Bowman, Clerk

4

1  Case No. C85078

2  Dept. No. IV

3  DOCKET   C

4

5

6      IN THE EIGHTH      JUDICIAL DISTRICT COURT OF THE

7    STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK

8  JIMMIE DAVIS                   ,        )
                                           )
9              Petitioner                  )        PETITION FOR
                                           )     WRIT OF HABEAS CORPUS
10             v.                          )        (POST-CONVICTION)
                                           )     DATE OF HEARING:
11  WARDEN E.K. McDANIEL          ,        )     TIME OF HEARING:
                                           )
12  OF ELY STATE PRISON           ,        )
                                           )        9-20-95
13             Respondent.                 )
                                           )         0900
14

15  INSTRUCTIONS:
         (1)  This petition must be legibly handwritten or typewritten,
16  signed by the petitioner and verified.
         (2)  Additional pages are not permitted except where noted or
17  with respect to the facts which you rely upon to support your
    grounds for relief.  No citation of authorities need be furnished.
18  If briefs or arguments are submitted, they should be submitted in
    the form of a separate memorandum.
19       (3)  If you want an attorney appointed, you must complete the
    Affidavit in Support of Request to Proceed in Forma Pauperis.  You
20  must have an authorized officer at the prison complete the certif-
    icate as to the amount of money and securities on deposit to your
21  credit in any account in the institution.
         (4)  You must name as respondent the person by whom you are
22  confined or restrained.  If you are in a specific institution of
    the department of prisons, name the warden or head of the institut-
23  ion.  If you are not in a specific institution of the department
    but within its custody, name the director of the department of
24  prisons.
         (5)  You must include all grounds or claims for relief which
25  you may have regarding your conviction or sentence.  Failure to
    raise all grounds in this petition may preclude you from filing
26  future petitions challenging your conviction and sentence.
         (6)  You must allege specific facts supporting the claims in
27  the petition you file seeking relief from any conviction or sen-
    tence.  Failure to allege specific facts rather than just conclus-
28  ions may cause your petition to be dismissed.

1    (7)  When the petition is fully completed, the original and
one copy must be filed with the clerk of the state district court
2 for the county in which you are imprisoned or restrained of your
liberty.  One copy must be mailed to the respondent, one copy to
3 the attorney general's office, and one copy to the district
attorney of the county in which you were convicted or to the
4 original prosecutor if you are challenging your original convict-
ion or sentence.  Copies must conform in all particulars to the
5 original submitted for filing.
     (8)  This form is not intended to, and does not, preclude
6 your right to file for post-conviction relief in the district
court for the county from which you were convicted in the State of
7 Nevada under the provisions of NRS 177.325.  You will be precluded,
however, from filing a petition pursuant to chapter 177 of NRS if
8 you do not file it within 1 year after your conviction or decision
on appeal and cannot show good cause for failing to file within
9 that time.  You are precluded from filing a habeas corpus petition
pursuant to chapter 34 of NRS if you do not first challenge your
10 conviction or sentence by filing a petition pursuant to chapter
177 of NRS.
11

12                              PETITION

13    1.  Name of institution and county in which you are presently

14 imprisoned or where and how you are presently restrained of your

15 liberty: ELY STATE PRISON, WHITE PINE COUNTY

16

17    2.  Name and location of court which entered the judgment of

18 conviction under attack: EIGHTH JUDICIAL DISTRICT COURT DEPART-

19 ment IV, LAS VEGAS NEVADA

20    3.  Date of judgment of conviction: DECEMBER 12, 1988

21    4.  Case number: C85078

22    5.  (a) Length of sentence: LIFE WITHOUT THE POSSIBLTY OF

23 PAROLE.

24    (b)  If sentence is death, state any date upon which execution

25 is scheduled: X

26    6.  Are you presently serving a sentence for a conviction

27 other than the conviction under attack in this Motion?

28        Yes _____    No  X

                            -2-

1  If "yes," list crime, case number and sentence being served at

2  this time: X _____

3  _____

4  _____

5       7.  Nature of offense involved in conviction being challenged:
   FIRST DEGREE MURDER/ROBBERY WITH THE USE.

6  _____

7  _____

8       8.  What was your plea? (check one)

9       (a) Not guilty ___   (b) Guilty X   (c) Nolo contendere ___

10      9.  If you entered a guilty plea to one count of an indict-
    ment or information, and a not guilty plea to another count of an

11  indictment or information, or if a guilty plea was negotiated,
    give details: Defendant pleaded guilty to first degree murder

12  and stipulate to life without the possibilty

13  of parole in return for the robbry to be dropped

14  _____

15      10.  If you were found guilty after a plea of not guilty, was

16  the finding made by: (check one)

17      (a) Jury _____   (b) Judge without a jury _____

18      11. Did you testify at the trial?  Yes _____    No _____

19      12. Did you appeal from the judgment of conviction?

20          Yes _____   No _____

21      13. If you did appeal, answer the following:

22      (a) Name of court: _____

23      (b) Case number or citation: _____

24      (c) Result: _____

25      (d) Date of result: _____

26          (Attach copy of order or decision, if available.)

27      14. If you did not appeal, explain briefly why you did not:

28  _____