15. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal?

Yes __X__   No _____

16. If your answer to No. 15 was "yes," give the following information:

(a) (1) Name of court: DISTRICT COURT CLARK COUNTY NEVADA Department IV/ In the supreme court of the state of Nevada.

(2) Nature of proceeding: Petition for post conviction relief motion to vacate sentence.

(3) Grounds raised: Plea of guilty was not knowingly and voulentarly entered petitoners sentence of life without was violative of the cruel and unusual punishment/ineffective assistance of counsel.

(4) Did you receive an evidentiary hearing on your petition, application or motion?   Yes _____   No __X__

(5) Result: Denied

(6) Date of result: March 25, 1992

(7) If known, citations of any written opinion or date of orders entered pursuant to such result: None known

(b) As to any second petition, application or motion, give the same information:

(1) Name of court: DISTRICT COURT CLARK COUNTY DEPT IV

(2) Nature of proceeding: MOTION TO VACATE SENTENCE

1      (3) Grounds raised:defendants presentence report contained

2  materially inaccurate information.

3

4

5

6      (4) Did you receive an evidentiary hearing on your petition,

7  application or motion?   Yes_____   No X ___

8      (5) Result:DISMISSED

9      (6) Date of result:  7/3/95

10      (7) If known, citations of any written opinion or date of

11  orders entered pursuant to each result:N/A

12

13      (c) As to any third or subsequent additional applications or
    motions, give the same information as above, list them on a
14  separate sheet and attach.

15      (d) Did you appeal to the highest state or federal court
    having jurisdiction, the result or action taken on ay petition,
16  application or motion?

17      (1) First petition, application or motion? Yes X ___ No_____

18          Citation or date of decision: 1/24/94

19      (2) Second petition, application or motion? Yes_____ No x ___

20          Citation or date of decision: x

21      (3) Third or subsequent petitions, applications or motions?

22          Yes_____  No_____

23          Citation or date of decision:_____

24      (e) If you did not appeal from the adverse action on any
    petition, application or motion, explain briefly why you did not.
25  (You must relate specific facts in response to this question.
    Your response may be included on paper which is 8 1/2 by 11 inches
26  attached to the petition.  Your response may not exceed five hand-
    written or typewritten pages in length.)
27

28  HAD TO FILE WRIT OF HABEAS CORPUS WITHIN ONE YEAR.

-5-

1 _____

2 _____

3      17. Has any ground being raised in this petition been pre-
viously presented to this or any other court by way of petition
4 for habeas corpus, post-conviction relief pursuant to chapter 177
of NRS, motion or application? If so, identify:

5
     (a) Which of the grounds is the same: INEFFECTIVE ASSISTANCE

6 OF COUNSEL._____

7 _____

8
     (b) The proceedings in which these grounds were raised:

9 POST CONVICTION RELIEF._____

10 _____

11 _____

12
     (c) Briefly explain why you are again raising these grounds.
13 (You must relate specific facts in response to this question.
Your response may be included on paper which is 8 1/2 by 11 inches
14 attached to the petition.  Your response may not exceed five hand-
written pages in length.)

15
To have issue decided on its merits now presented befor the

16 court._____

17 _____

     18.  If any of the grounds listed in Nos. 23(a), (b), (c) and
18 (d), or listed on any additional pages you have attached, were not
previously presented in any other court, state or federal, list
19 briefly what grounds were not so presented, and give your reasons
for not presenting them.  (You must relate specific facts in
20 response to this question.  Your response may be included on paper
which is 8 1/2 by 11 inches attached to the petition.  Your
21 response may not exceed five handwritten or typewritten pages
in length.)

22

23 Plea induced by prosecuting attorney through coecion, trickory

24 threats.Const. violation.Conviction obtained by use(contd.pg. 10   )

25      19.  Are you filing this petition more than 1 year following
the filing of the judgment of conviction or the filing of a
26 decision on direct appeal?  If so, state briefly the reasons for
the delay.  (You must relate specific facts in response to this
27 question.  Your response may be included on paper which is 8 1/2
by 11 inches attached to the petition.  Your response may not
28 exceed five handwritten or typewritten pages in length.)

-6-

1   Petitioner filing withen one year of judgement by the nevada
2   surprem court.

3       20.  Do you have any petition or appeal now pending in any
4   court, either state or federal, as to the judgment under attack?

5           Yes_____   No_X__

6           If yes, state what court and the case number:_____

7   _____

8       21.  Give the name of each attorney who represented you in
9   the proceeding resulting in your conviction and on direct appeal:

10  (David Gibson/Stephen Dahlpublic defender)Elizabeth McMahon

11  Mark B.Bailous

12      22.  Do you have any future sentences to serve after you com-
    plete the sentence imposed by the judgment under attack?
13
14          Yes_____   No_X__

15          If yes, state what court and the case number:_____
    _____
16

17      23.  State concisely every ground on which you claim that you
    are being held unlawfully.  Summarize briefly the facts supporting
18  each ground.  If necessary you may attach pages stating additional
    grounds and facts supporting same.

19      (a)  Ground one: Plea induced by prosecuting attorney
20  through coercion, trickory ,and threats. Const violation.

21  Supporting FACTS (Tell your story briefly without citing cases
22  or law.):Supporting facts on record, prosecuting statementspage

23      ) A plea of guilty can not stand where it(continued PG [11] )

24  _____

25      (b)  Ground two: Ineffective assistance of counsel a sixth
26  Amendment violation.

27  Supporting FACTS (Tell your story briefly without citing cases
28  or law.): Petitioner was denied effective assistance of counsel

1  from prelimin y hearing to the sentecing. (continued page 14 )

2

3     (c)   Ground three: Conviction obtained by use of illegally

4  and corced confession. Miranda violation.

5  Supporting FACTS (Tell your story briefly without citing cases

6  or law.): Petitioner was never read his miranda rights prior to

7  his arrest. defendant was arrested on augest 1,(continued page 17 )

8

9     (d)   Grou i four:

10

11  Supporting FAC  (Tell your story briefly without citing cases

12  or law.):

13

14

15     WHEREFORE, petitioner prays that the court grant petitioner

16  relief to which he may be entitled in this proceeding.

17     EXECUTED at _____ on the _____ day of

18  _____, 19____.

19

20  _____      _____
     Signature of a .orney (if any)   Signature of petitioner

21

22  Attorney for p itioner      Address

23  _____
     Address

24

25                    VERIFICATION

26     Under penalty of perjury, the undersigned declares that he

27  is the petitioner named in the foregoing petition and knows the

28  contents thereof; that the pleading is true of his own knowledge,

1 except as to those matters stated on information and belief, and

2 as to such matters he believes them to be true.

3

4 _____
Petitioner

5

6

7 _____
Attorney for petitioner

8 CERTIFICATE OF SERVICE BY MAIL

9 I, _____ , hereby certify pursuant to

10 N.R.C.P. 5(b), that on this _____ day of _____ ,

11 19___ , I mailed a true and correct copy of the foregoing PETITION

12 FOR WRIT OF HABEAS CORPUS addressed to: To MS LORETTA BOWMAN
                                          200 SOUTH THIRD STREET
                                          P.O.BOX 551601
13                                        LAS VEGAS, NV 89155-1601

14 Warden E.K.Mcdaniel
   Respondent prison or jail official
15 P.O.BOX 1989 E.S.P
   ELY NEVADA 89301
16

17 Address

18

19 Attorney General
   Heroes' Memorial Building
20 Capitol Complex
   Carson City, Nevada 89710
21

22 Stewart L. Bell
23 District Attorney of County of Conviction
   200 S THIRD ST STE 701
24 PO BOX 552212
   LAS VEGAS NV 89155-2212
25

   Address
26

27 _____
   Signature of Petitioner
28

1  (continued from page 6-0 )

2    of illegally obtained conffession. miranda violation.

3    Filling to exhaust state remedys filed withen 1 year of judg-

4  ment by the Nevada supreme Court that court appointed attorney

5  Mark B. Bailous would not raise but told defendant to raise them

6  on habeas Corpus petition withen one year of judgement to exhaust

7  state remedys so that you may proceed to federal court.

8  //

9  //

10  //

11  //

12  //

13  //

14  //

15  //

16  /

17  //

18  //

19  //

20  //

21

22  /

23  /

24  /

25  //

26  /

27  //

28  /

SUPPORTING FACTS FOR GROUND I

1   (continued from page 7-A ) is the coercion by the state: State
2   told defendant if you plead guilty I will drop the robbery and
3   will not persue it any futher but you must stipulate to the
4   sentence of life without the possiblity of parole but what he
5   did not disclose was that defendant was illegally charged with
6   robbry charge because he knew if robbry was used and to have
7   been used in the plea negotations the plea has been tainted ,
8   supported by states attorneys statements on record ID page 23 __ .
9   Attorney for the statedropped robbery at the plea hearing
10  and said it is not even considered but attorney for the defendant
11  contridicts this on record when he states, My understanding was
12  your honer ,is that the state will not go down and try to certify
13  our client on the robbery charge and bring him back those charges
14  will not be pursued any futher ID page 24/25 . Counsel for the
15  defendant states this on Record.
16  Attorney for the state says that I do believe that counsel
17  for the defendant will agree on the record that dismisal of
18  count II in no way has anything to do with the negotations and
19  is not consideration. Counsel for the defendant never aggrees
20  to this on record before the judge dismisses the charge ID page
21  24 __ . Because this was not true counsel told defendant that the
22  negotiations were, he plead guilty and the robbry will be dropped
23  and he stipulate to life without the possibilty of parole andit
24  will not be pursued any futher. Counsel never agreed to this on
25  record because he was under the same impression that the defend-
26  ant was THAT the robbry was apart of the plea negotiations. which
27  leaves the record bare of which plea agrement the defendant plead
28  to the one proposed by the states attorney or the one proposed

1   by the defendants counsel?

2       When the sentencing judge heard this he should have inquired

3   depper into the facts of wheather or not the robbery was used to

4   induce plea by threats of futher procecution or was the robbry

5   not apart of the plea agreement and had defendants counsel

6   stipulate to this on record. Sentencing judge must develope

7   on record the factual basis for the guilty plea when it rest

8   in any significants degree on a promise or agreement made by the

9   prosecutor, the essence of those promises must in some way be

10   made known so that the judge knows that it was not unfairly

11   obtained because if the defendant has been tricked by the proce-

12   cution through mis representation into pleading guilty then his

13   due process rights of the united states constituation has been

14   violated. Threatening to bring additional prosecution which is

15   clear renders plea voidable,prosecutor undercuts the basis for

16   the waiver of Constitutional rights implicit in the plea when

17   he makes false statement on record. The most meticulous standards

18   of both promise and performance must be met by prosecutors en-

19   gaging in plea bargainning, contradictory or confusing statements

20   of the law are not adquate when defendant is giving up precious

21   rights gareenteed by the United States Constitution.

22       The court should not have accepted the plea in light of the

23   misunderstanding which obviously existed of wheather defendant

24   was threatend with futher future prosocution or was the robbrey

25   not considered. It is clear however from ccounsels statements

26   on record that the robbry was apart of the plea negotions.

27       There should have been futher consulting with the court and

28   procecutor andthe defendants counsel in an effort to arrive at

an agreeable and legal plea negotiations after which the defen-
dant should have been able to inform the court as to the course
of action he wishes to take.It is the defendants rights who are
being violated when the plea agreement is broken or meaningless,
IT is his waiver which must be voluntary and knowing, He offers
that waiver not in exchange for the actual sentence or impact
on the judge but for the prosecutors statements in court, if
they are not adequate the waiver is ineffective and a violation
of the United States Constituion. A plea of guilty shown to be
unfairly obtained or giving through ignorance, fear, coercion,
and or trickory can be vacated by the court.

For the grounds the defendant has set befor the court the
defendant Prays and hopes that the court will vacate the plea
and give the petitioner the opportunity to plead anew.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1 (countinued from page 7 6 ) At preliminary hearing counsel told
2 attorney for the state that defendant was 18 when in fact he
3 was 16 and because of this the attorney for the state proceded
4 against defendant with an amended complaint charging defendant
5 with robbry with the useof a deadly weapon and defendant was
6 held to answer (ID page 23 attorney for the state statements
7 on record) : (Befor I describe the negotiations I should INform
8 the court that I do NOt believe thqt he is properly charged with
9 robbery with use of a deadly weapon. At preliminary hearing
10 stage I initally believed him to be 16. One of his attorneys
11 Inadvertently tokd me he was 18. Because of that I proceeded
12 against him with an amended complaint charging him with robbery
13 with the use of a deadly weapon and he was held to answer.)

14    For three months defendant stood charged illegally with
15 robbry in adult court. Counsel cannot have done any investi-
16 gation into defendants case if he told attorney for the state
17 this at prelimnary hearing as the attorney for the state states
18 on record this fact.

19    If counsel would have at least read defendants statements
20 to police which was used in and at preliminary hearing he would
21 have known that defendant was 16 because it says this right on
22 top (IDpage 26 ). Counsels statement no matter how inadvertent
23 did not lesson its impact because illigally charged robbry was
24 used in plea negotiations (ID page 24/25 Counsels statements:

25    Mr dahl:Thats correct, this plea is being made pursuant to
26 NRS 174.065, the party agrees to a degree of crime if theres
27 seperate degrees of crime, and also in the case of murder sti-
28 pulate to a punishment less than death. A nd the other under-

1  standing is your honor  that the state will not go down and try
2  to certify our client on the robbery and bring him back .those
3  charges will not be pursued any futher.)

4      These statements took place October12 1988 2and a half
5  months after counsel gave false statement to Attorney for the
6  state. In this time period of two and a half months no motions
7  were filed to correct defendant from being charged in adult
8  court with the robbry charge when counsel new defendant was
9  only 16 because he came to visit him in juvenile tank in the
10 ccounty jail but he still did nothing but let the underlying
11 felony hang above defendants head then be used in plea nogotia-
12 tion which tainted plea,defence counsel as well as prosecution
13 counsel must know or learn about relevant law and evaluate its
14 application to his client with respect to plea bargain and
15 failure to do so will amount to constitutionall ineffective
16 assistance of counsel and undermine validity of plea.
17 Counsel never told defendant that he was illagally charged
18 with robbry if he had told defendant this and or filed motions
19 he would not have been coerced tricked and threatend by state
20 to induce plea, he would have been given the oppertunity to
21 fight certification and have robbery taken to juvenile court
22 or dropped by the state adult court when defendant had no violent
23 charges from the past or never being committed to Elko or
24 Spring mountain youth authorty this possibilty of defence was
25 there (ID page23/24 attorney for the state statements on record:
26 (and as I understand the law nowalthough a person of any age can
27 originally be charged in adult court with murder ,for any other
28 crime even if committed during the murderous trans action he

1 has to be originally charged in juvenile court ,

2     THE COURT: He has to be certified .)

3

4     Counsels performance was deficient, counsel made errors so
serious that counsel could not have been functioning as the
5 counsel gareenteed the defendant by the sixth amendment if not
6 for these errors the end result of defendants case would have
7 been diffrent because he would have not pleaded guilty and
8 stipulated to life without the possibilty of parole,when a
9 plea agreement is dissussed and hence sentencing becomes the
10 clients preeminent concern, it is incumbent on counsel to
11 acquaint himself with all the available alternatives and their
12 consequences for the defendants liberty and rehabilitation.
13 Counsels lack of knowlege here is inexcusable.
14     Counsel failed to object when attorney for the state said
15 on record that the robbry was not apart of the plea negotations
16 and is not considered (ID page 24 ) defendants statements on -
17 record contridicts this (ID page 25 ). Counsel has duity to
18 cosult with defendant on important developments and decisions
19 in the course of the prosecution. Had counsel done this the
20 robbrey would not have been used to induce plea.

21     Counsel cannot even be have said to know if defendant can
22 read or write, when he said to court that he only had two years
23 of schooling ( ID PAGE 27 ) This should have been a factor but
24 wasnot. Defendant was not even givven a psychological evalution
25 givving his age and the severity of the crime this should have
26 applied but was not.

27

28                            16

SUPPORTING 'C' FOR GROUND III

1  (continued from page $\underline{3-C}$ ) 1988 prior to his arrest Defendant
2  was not read his Miranda rights which constituted a violation
3  of his fifth amendant right. Defendant was taken into one room
4  where he was questioned with his uncle Webster leonard davis he
5  then was taken into another room where where  no Miranda rights
6  were read just like in the previous room except in the second
7  room there was a typest present and his uncle,he then was que-
8  stioned further and the typest typed everything that was said,
9  the defendant and his uncle were then taken to the room from
10 which they had started where they were asked to sighn by the X
11 and after this was done the defendant was then **read** his rights
12 and placed under arrest and asked to empty his pockets, defendant
13 was not read his rights and was not told that his statements
14 would lead to adult procecution in adult court.The next day
15 defendant asked a black female gaurd when was he going to juvenil
16 she in return asked him how old he was and the defendant replied
17 16 she said you are not going to juvenile and walked off sing-
18 ging a church song The defendant asked the court for a discovery
19 as to the female gaurd of african american nature who worked the
20 mornning of augest 2,1988. The courts have held that it was
21 entirely unrelistic to carve out the fifth amendment and all
22 statements by juvenils on the ground that these could not lead
23 to criminal involvement the court thus granted juveniles the
24 protection of adult statues.Before any questions can be asked
25 defendant is to be read his miranda rights,in this case before
26 the court this was not done and defendant should be afforded
27 the oppertunity to call these witnesses to testify in the court
28 of law as to these facts and to bring in a lye detector machine

-17-

1  for the arresting officer, defendant, and Webster Leonard Davis.

2     There is the question of: DO YOU UNDERSTAND FULLY WHAT YOU

3  HAVE BEEN TOLD,) AT THE top of the waiver, then you are to sighn

4  YES or NO THEN YOUR NAME, the defendant sighned his name but he

5  did not sighn yes that he understood, the detective sighned yes

6  (ID Page _2.6_ ) the defendant did not because he did not under-

7  stand. The defendant can prove in the court of law that he didnot

8  sighn YES or anything else but his name for a fact.Now this was

9  truly illegal for the detective to do because it is the defen-

10  dant who is givving up the rights not the detective.

11     A guilty plea cannot stand when it is obtained by use of an

12  illegally obtained confession. The detective testified that he

13  took the whole statement in one room but this was false because

14  Karen Payn sat and watched them go from one room to the other

15  and back again and can testify to this fact along with the defend-

16  ants uncle who was in each room with the defendant.

17

18

19

20

21

22

23

24

25

26

27

28

DISTRICT COURT
CLARK COUNTY, NEVADA

JIMMIE DAVIS

    Petitioner

v.

THE WARDEN OF ELY STATE
PRISON E.K.MCDANIEL
    Respondent

CASE NO.C85078
DEPT.NO IV
DOCKET "C"

AFFIDAVIT IN SUPPORT OF
MOTION FOR WRIT OF HABEAS CORPUS

I JIMMIE DAVIS DO HEREBY swear under the penalty of perjury that the assertions of this affidavit are true:

1 I am the above defendant in the entitled action.

2 I make this affidavit in support of my motion for writ of habeas corpus.

3 That petitioner is competent to testify and therfor would be able to do so if called upon to testify in the court of law.

4 That petitioner is entitled to the relief sought.

5 Tthat petitoner makes this affidavit in good faith.

6That petioner was denied due process of law

7 That petitioner was denied the effective assistance of counsel at prelimanary, during plea negotiations,and plea hearing. counselnever explained to petitioner that the robbry was not apart of the plea negotiations and that petitioner was illegally charged.

8 that counsel was ineffective because he never talked to defendants uncle about how the arrest was done and or if any rights were read to defendant.

-19-

9 That defendant was not read his rights prior to his statements to police.

10That defendant was taken into one room with his uncle and que-stioned where no rights were read, he then was taken into another room where on the way in the hallway his unclespoke to a karen Payn who came with him and said they would be ready to go in a minute because she had some personal buisness to attend to so she sat on the chair while they went into another room where a female typed every thing that was said and no rights were read in this room eather, they then were taken into the orignal room again where the defendant was asked to sighen by the X and thenread his rights and told to empty his pockets he was under arrest for mur-der. he gave the contents to his uncle and was cuffed.

11 Webster Leonard Davis and Karen Payn can testify to these facts because webster Davis was with the defendant and Karen Payne was in the hallway waiting for them and watched them go from one room to the next, Durring which she talked to Leonard Davis.

12 Defendant did not Know he was being charged in adult court with crime because the next day in the morning he asked a black female Gaurd when was he going to juvenile and she asked him how old he was and he told her he was 16 and she said you are not going to juvenile and walked off singging a church song.

13that counsel was ineffective when he failed to explain that he was illegally charged with the underlying feloney of robbery.

14 That defendant was denied effective assistance of counsel when counsel gave false statement to attorney for the state about defendants age  and he was held to answer for the ro-bbery charge in adult court when he was suppose to be charged in juvenile court  or certified as to the robbery charge . facts supported by the record.and to all witnesses that should be called to testify.

15 That defendant was told robbry would be dropped in return for his plea of guilty and it is apart of the plea negotiations

16 That the record is bare of which plea agreement defendant pled guilty to , the one the attorney for the state proposed or the one proposed by the defendants counsel

17 Attorney for the state misled defendants counsel and defendant with a false plea aggrement and by stating on record that robbry had nithing to do with the plea negotiations when counsel for the defendant contridict thison record.

18 That if counsel would have at least read the defendants statements to the police at the preliminary hearing he would have known that defendant was 16 because statement says it right at the top therfor counseles ineffectivness made him unable to make reasonable decesions for the defendants case when he let defendant answer to the robbry charge in adult court.

19 That defendant believed he was rightfully charged with robbry and would not have pleaded guilty if he would have known he was illagly charged with the robbry

20 Attorney for the state and attorney for the defendant coerced defendant into pleading guilty by letting the under lying feloney hang above defendants head for which he was illagly charged for 3to4 months and then used in plea negotiations.

21 That plea cannot stand when it is induced by coercion trickory, or false promisesmade by the state or counsel for the defendant.

22 That defendant was told that prosocution will not persue robbry charge futherand it is apart of the plea agree-

-21-

ment and negotiations in return for his plea of guilty.

23 that on the sighned waiver at the top where it says DO YOU UNDERSTAND FULLY WHAT YOU HAVE BEEN TOLD THAT THE DEFENDANT DID NOT write the word yes and the detective did when hecannot do this because he is not the one givving up his rights.

_JIMMIE DAVIS_
JIMMIE DAVIS 27362

I the undersigned, hereby declare under under the penalty of perjury, pursuant to NRS 208.165, that the forgoing is true and correct.

Excuted this ___ DAY OF August 1995 at Ely state prison.

_Jimmie Davis_
JIMMIE DAVIS 27362
P.O.BOX 1989 (ESP)
ELY NEVADA 89301

1          LAS VEGAS, CLARK COUNTY; WEDNESDAY, OCTOBER 12, 1988

2

3                  P R O C E E D I N G S

4

5              THE COURT:  C85078, Jimmie Davis.  The record

6     will show the presence of the defendant, his counsel, Mr.

7     Gibson and Mr. Dahl, and Mr. Henry for the State.

8              Mr. Henry.

9              MR. HENRY:  Your Honor, we have a proposed

10    resolution.  The defendant right now stands charged in an

11    Information with two counts, murder with use of a deadly

12    weapon and robbery with use of a deadly weapon.  Before I

13    describe the negotiations I should inform the court that I

14    do not believe that he is properly charged with robbery with

15    use of a deadly weapon.  At the preliminary hearing stage I

16    initially believed him to be 16.  One of his attorneys

17    inadvertently told me he was 18.  Because of that I

18    proceeded against him with an amended complaint charging him

19    with robbery with use of a deadly weapon and he was held to

20    answer.

21             After he was held to answer I've had

22    discussions with his counsel and conducted some

23    investigation and I believe him to be 16.  And as I

24    understand the law now although a person of any age can

25    originally be charged in the adult courts with murder, for

1   any other crime even if it was committed during the

2   murderous transaction he has to be charged originally in

3   juvenile court.

4           THE COURT:  He has to be certified.

5           MR. HENRY:  Therefore initially I'd move to

6   dismiss Count II and I want the record to reflect and I

7   believe that his counsel will agree on the record that the

8   dismissal of Count II in no way has anything to do with the

9   negotiation and is not consideration.

10          Having said that --

11          THE COURT:  That's jurisdictional.

12          MR. HENRY:  Yes.

13          THE COURT:  I will grant that motion.  Count II

14   is ordered dismissed for that reason.

15          MR. HENRY:  Having said that, the proposed

16   negotiation would be that the defendant plead to first

17   degree murder without the use of a deadly weapon as a lesser

18   included offense of Count I and stipulate that the

19   punishment for that first degree murder would be life

20   without the possibility of parole in the Nevada State

21   Prison.

22          MR. DAHL:  That's correct.  This plea is being

23   made pursuant to N.R.S. 174.065, the party agrees to a

24   degree of crime if there's separate degrees of crime, and

25   also in the case of murder stipulate to a punishment less

1  than death.  And the other understanding is, Your Honor,

2  that the State will not go down and try to certify our

3  client on the robbery and bring him back.  Those charges

4  will not be pursued any further.

5  THE COURT:  All right.  Mr. Davis, did you hear

6  what's been said?

7  THE DEFENDANT:  Yes.

8  THE COURT:  And are you in agreement with

9  what's been said?

10  THE DEFENDANT: Yes.

11  THE COURT:  Those negotiations, you've

12  discussed these with your lawyers Mr. Gibson and Mr. Dahl?

13  THE DEFENDANT: Yes.

14  THE COURT:  And there is no one who is forcing

15  you to do this, to enter a plea of guilty, are they?

16  THE DEFENDANT:  No.

17  THE COURT:  With respect to Count I is there

18  going to be any amended pleading filed?

19  MR. HENRY:  Your Honor, I had not prepared one.

20  I just move to strike the penalty allegation, the penalty

21  enhancement allegation of use of a deadly weapon.

22  THE COURT:  That will be the order then.

23  As to Count I charging you with murder, what is

24  your plea?

25  THE DEFENDANT:  Guilty.

POLICE DEPARTMENT
City of North Las Vegas
1301 East Lake Mead Blvd.

Date: ___08-01-88___

## PRIOR TO ANY QUESTIONING, YOU MUST UNDERSTAND THE FOLLOWING RIGHTS

1. You have the right to remain silent.
2. Anything you say can be used against you in a court of law.
3. You have the right to the presence of an attorney prior to any questioning.
4. If you cannot afford an attorney, one will be appointed to you prior to any questioning if you so desire. If you wish to waive all of the above rights, and answer questions now without an attorney present, you have the right to stop answering questions at any time during the interview.

DO YOU UNDERSTAND FULLY WHAT YOU HAVE BEEN TOLD: Ans: _Yes_ Sign: _Jimmie Davis_

### WAIVER

I can read and write the English language and I have read and understand the statement of my rights as shown above. I understand that I have the right to remain silent, that anything I say can be used against me in a court of law, that I have the right to the presence of an attorney before any questioning, that if I cannot afford an attorney one will be appointed to me prior to any questioning, if I so desire.

I hereby waive my rights as shown above and I am willing to answer questions and make a formal statement.

I understand and know what I am doing. No promises or threats have been made to me and no pressure of any kind has been used against me.

Witness: _Al Adams_                    Signed: _Jimmie Davis_

Witness: _____

I, _Jimmie Davis_, first having been duly informed of my rights by _Det. Adams_, as shown above, do hereby make the following statement freely and voluntarily and without promises of immunity or reward. My name is _Jimmie Davis_. I am _16_ years of age. I reside at _West Webb_. _____, my phone number is _649-7370_.

I'm Det. Adams, I'm investigating a homicide that occured on 07-31-88

at 25 Britz #B. I'm interviewing Jimmie Davis, black male, sixteen

years old. Also in the interview is Jimmie Davis's uncle, Webster

Davis. Jimmie, at approx. 5:15 PM last date would you tell us where

you were at?

A:      at the apt. 25 Britz Cir #B where the woman was shot.

Q:      Would you tell us who was in the apt. with you?

A:      Arthur, Ringo.

Q:      Do you know Arthur's last name?

A:      I don't know his last name?          —          **EXHIBIT C**

Q:      Does he have a nickname?

A:      Yes, Junior.

_Jimmie Davis_

20-124 (Rev. 3/86)

1

2                    * * * * * *

3

4             THE COURT:  C85087, State of Nevada

5    versus Jimmie Davis.

6                    The record will show the

7    presence of the defendant; counsel, Mr. Gibson; Mr.

8    Jerbic for the State.  This matter is on for initial

9    arraignment.

10                   Did you receive a copy of the

11   information?

12            MR. GIBSON:  Yes.

13            THE COURT:  Do you wish to have it

14   read?

15            MR. GIBSON:  No, we will waive that.

16            THE COURT:  All right.  Is Jimmie Davis

17   your true name?

18            THE DEFENDANT:  Yeah.

19            THE COURT:  How much schooling have you

20   had, Mr. Davis?

21            THE DEFENDANT:  Two years.

22            THE COURT:  Do you read, write, and

23   understand the English language?

24            THE DEFENDANT:  Yeah.

25            THE COURT:  All right.  Have you been

DISTRICT COURT
CLARK COUNTY, NEVADA

JIMMIE DAVIS                                    CASE NO.C85078
          Petitioner                            DEPT.NO IV
                                                DOCKET "C"
V.

THE WARDEN OF ELY STATE
PRISON E.K.MCDANIEL
          Respondent

AFFIDAVIT IN SUPPORT OF
MOTION FOR WRIT OF HABEAS CORPUS

    I JIMMIE DAVIS DO HEREBY swear under the penalty of perjury
that the assertions of this affidavit are true:

    1 I am the above defendant in the entitled action.

    2 I make this affidavit in support of my motion for writ
of habeas corpus.

    That petitioner competent to and
would be able to do called upon to testify
law.

    4 That petitioner is entitled to the relief sought.

    5 Tthat petitoner makes this affidavit in good faith.

    6That petioner was denied due process of law

    7 That petitioner was denied the effective assistance
of counsel at prelimanary, during plea negotiations,and plea
hearing. counselnever explained to petitioner that the robbry
was not apart of the plea negotiations and that petitioner
was illegally charged.

    8 that counsel was ineffective because he never talked to
defendants uncle about how the arrest was done and or if any
rights were read to defendant.

-19-

9 That defendant was not read his rights prior to his statements
to police.
10 That defendant was taken into one room with his uncle and que-
stioned where no rights were read, he then was taken into another
room where on the way in the hallway his unclespoke to a karen
Payn who came with him and said they would be ready to go in a
minute becaus  she had some personal buisness to attend to so
she sat on the chair while they went into another room where a
female typed every thing that was said and no rights were read in
this room eather, they then were taken into the orignal room again
where the defendant was asked to sighen by the X and thenread his
rights and told to empty his pockets he was under arrest for mur
der. he gave the contents to his uncle and was cuffed.

11 Webster Leonard Davis and Karen Payn can testify to these facts
because webster Davis was with the defendant and Karen Payn was
in the hallway waiting for them and watched them go from one room
to the next. Durring which she talked to Leonard Davis.

12 Defendant was charged in adult court
with the beginning he asked a black
female Gaurd who was the what is a juvenile and she asked him how
old he was and he told her he was 16 and she said you are not
going to juvenile and walked off singging a church song.

13 that counsel was ineffective when he failed to explain that he
was illegally charged with the underlying feloney of robbery.

14 That defendant was denied effective assistance of counsel
when counsel gave false statement to attorney for the state
about defendants age  and he was held to answer for the ro-
bbery charge in adult court when he was suppose to be charged
in juvenile court  or certified as to the robbery charge .
facts supported by the record.and to all witnesses that should
be called to t stify.

15 That  efendant was told robbry would be dropped in return
for his plea of guilty and it is apart of the plea negotiations

16 That the record is bare of which plea agreement defe-
ndant pled guilty to , the one the attorney for the state
proposed or the one proposed by the defendants counsel

17 Attorney for the state misled defendants counsel and
defendant with a false plea aggrement and by stating on record
that robbry had nithing to do with the plea negotiations when
counsel for the defendant contridict thison record.

18That if counsel would have at least read the defendants
statements to the police at the preliminary hearing he would
have known that defendant was 16 because statement says it right
at the top therfor counsles ineffectivness made him unable
to make reasonable decesions for the defendants case when he
let defendant answer to the robbry charge in adult court.

19 That defendant believed he was rightfully charged with
robbry and would not have pleaded guilty if he would have
known he was illagly charged with the robbry

20 Attorney for the state and attorney for the defendant
coerced defendant into pleading guilty by letting the under
lying feloney hang above defendants head for which he was
illagly charged for 3to4 months and then used in plea nego-
tiations.

21That plea cannot stand when it is induced by coercion
trickory, or false promisesmade by the state or counsel for
the defendant.

22That defendant was told that prosocution will not per-
sue robbry charge futherand it is apart of the plea agree-

-7 1-

ment and negotiations in return for his plea of guilty.

23 that on the sighned waiver at the top where it says DO YOU

UNDERSTAND FULLY WHAT YOU HAVE BEEN TOLD THAT THE DEFENDANT

DID NOT write the word yes and the detective did when hecannot

do this because he is not the one givving up his rights.

JIMMIE DAVIS 27362

I the undersigned, hereby declare under under the penalty

of perjury, pursuant to NRS 208.165, that the forgoing is true

and correct.

Excuted this 31 DAY OF AUGUST 1995 at Ely state prison.

1      LAS VEGAS, CLARK COUNTY; WEDNESDAY, OCTOBER 12, 1988

2

3                    P R O C E E D I N G S

4

5          THE COURT:  C85078, Jimmie Davis.  The record

6    will show the presence of the defendant, his counsel, Mr.

7    Gibson and Mr. Dahl, and Mr. Henry for the State.

8          Mr. Henry.

9          MR. HENRY:  Your Honor, we have a proposed

10   resolution.  The defendant right now stands charged in an

11   Information with two counts, murder with use of a deadly

12   weapon and robbery with use of a deadly weapon.  Before I

13   describe the negotiations I should inform the court that I

14   do not believe that he is properly charged with robbery with

15   use of a deadly weapon.  At the preliminary hearing stage

16   initially believed him to be 16.  One of his attorneys

17   inadvertently told me he was 18.  Because of that I

18   proceeded against him with an amended complaint charging him

19   with robbery with use of a deadly weapon and he was held to

20   answer.

21          After he was held to answer I've had

22   discussions with his counsel and conducted some

23   investigation and I believe him to be 16.  And as I

24   understand the law now although a person of any age can

25   originally be charged in the adult courts with murder, for

                                              - - -

1    any other crime even if it was committed during the

2    murderous transaction he has to be charged originally in

3    juvenile court.

4            THE COURT:  He has to be certified.

5            MR. HENRY:  Therefore initially I'd move to

6    dismiss Count II and I want the record to reflect and I

7    believe that his counsel will agree on the record that the

8    dismissal of Count II in no way has anything to do with the

9    negotiation and is not consideration.

10           Having said that --

11           THE COURT:  That's jurisdictional.

12           MR. HENRY:  Yes.

13           THE COURT:  I will grant that motion.  Count II

14    is ordered dismissed for that reason.

15           MR. HENRY:  Having said that, the proposed

16    negotiation would be that the defendant plead to first

17    degree murder without the use of a deadly weapon as a lesser

18    included offense of Count I and stipulate that the

19    punishment for that first degree murder would be life

20    without the possibility of parole in the Nevada State

21    Prison.

22           MR. DAHL:  That's correct.  This plea is being

23    made pursuant to N.R.S. 174.065, the party agrees to a

24    degree of crime if there's separate degrees of crime, and

25    also in the case of murder stipulate to a punishment less

1    than death.  And the other understanding is, Your Honor,

2    that the State will not go down and try to certify our

3    client on the robbery and bring him back.  Those charges

4    will not be pursued any further.

5                  THE COURT:  All right.  Mr. Davis, did you hear

6    what's been said?

7                  THE DEFENDANT:  Yes.

8                  THE COURT:  And are you in agreement with

9    what's been said?

10                  THE DEFENDANT: Yes.

11                  THE COURT:  Those negotiations, you've

12    discussed these with your lawyers Mr. Gibson and Mr. Dahl?

13                  THE DEFENDANT: Yes.

14                  THE COURT: And nobody is forcing

15    you to do this, to enter a plea of guilty, are they?

16                  THE DEFENDANT:  No.

17                  THE COURT:  With respect to Count I is there

18    going to be any amended pleading filed?

19                  MR. HENRY:  Your Honor, I had not prepared one.

20    I just move to strike the penalty allegation, the penalty

21    enhancement allegation of use of a deadly weapon.

22                  THE COURT:  That will be the order then.

23                  As to Count I charging you with murder, what is

24    your plea?

25                  THE DEFENDANT:  Guilty.

349

110

POLICE DEPARTMENT
City of North Las Vegas
1301 East Lake Mead Blvd.

Date:_____08-01-88_____

## PRIOR TO ANY QUESTIONING, YOU MUST UNDERSTAND THE FOLLOWING RIGHTS

1. You have the right to remain silent.
2. Anything you say can be used against you in a court of law.
3. You have the right to the presence of an attorney prior to any questioning.
4. If you cannot afford an attorney, one will be appointed to you prior to any questioning if you so desire.
   If you wish to waive all of the above rights, and answer questions now without an attorney present,
   - you have the right to stop answering questions at any time during the interview.

DO YOU UNDERSTAND FULLY WHAT YOU HAVE BEEN TOLD:   Ans:_yes_ Sign:_Jimmaie Davis_

### WAIVER

I can read and write the English language and I have read and understand the statement of my rights
as shown above. I understand that I have the right to remain silent, that anything I say can be used against
me in a court of law, that I have the right to the presence of an attorney before any questioning, that if
I cannot afford an attorney one will be appointed to me prior to any questioning, if I so desire.

I hereby waive my rights as shown above and I am willing to answer questions and make a formal
statement.

I understand and know what I am doing. No promises or threats have been made to me and no
pressure of any kind has been used against me.

Witness: _Al Adams_

Signed: _Jimmaie Davis_

Witness:_____

I, _Jimmaie Davis_, first having been duly informed of my rights
by _Det Adams_, as shown above, do hereby make the following statement
freely and voluntarily and without promises of immunity or reward. My name is _Jimmaie Davis_
I am _16_ years of age, I reside at _XXXX XXXXX Ap_
my phone number is _609-XXXX_

I'm Det. Adams, I'm investigating a homicide that occured on 07-31-88

at 25 Britz #B. I'm interviewing Jimmie Davis, black male, sixteen

years old. Also in the interview is Jimmie Davis's uncle, Webster

Davis. Jimmie, at approx. 5:15 PM last date would you tell us where

you were at?

A:    at the apt. 25 Britz Cir #B where the woman was shot.

Q:    Would you tell us who was in the apt. with you?

A:    Arthur, Ringo.

Q:    Do you know Arthur's last name?

A:    I don't know his last name?

Q:    Does he have a nickname?

A:    Yes, Junior. x _J.D_

**EXHIBIT C**

20.124 (Rev. 3/86)

_Jimmaie Davis_

1

2                    * * * * * *

3

4              THE COURT:  C85087, State of Nevada

5    versus Jimmie Davis.

6                        The record will show the

7    presence of the defendant; counsel, Mr. Gibson; Mr.

8    Jerbic for the State.  This matter is on for initial

9    arraignment.

10                       Did you receive a copy of the

11   information?

12             MR. GIBSON:  Yes.

13             THE COURT:  Do you wish to have it

14   read?

15             MR. GIBSON:  No, we will waive that.

16             THE COURT:  All right.  Is Jimmie Davis

17   your true name?

18             THE DEFENDANT:  Yeah.

19             THE COURT:  How much schooling have you

20   had, Mr. Davis?

21             THE DEFENDANT:  Two years.

22             THE COURT:  Do you read, write, and

23   understand the English language?

24             THE DEFENDANT:  Yeah.

25             THE COURT:  All right.  Have you been

ANDRES R. RAPPARD, ESQ.,
Attorney at Law
Nevada Bar Number 003892
ANDRES R. RAPPARD, CHTD.,
A Professional Corporation
633 South Fourth Street, Suite 8
Las Vegas, Nevada 89101
(702) 388-1772
Attorney for Defendant
JIMMIE DAVIS

DISTRICT COURT

CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| THE STATE OF NEVADA, | ) | |
| Plaintiff, | ) | CASE NO.     C85078 |
| | ) | DEPT. NO.    IV |
| | ) | DOCKET:      C |
| vs. | ) | |
| | ) | FIRST AMENDED PETITION FOR A |
| JIMMIE DAVIS, | ) | WRIT OF HABEAS CORPUS |
| | ) | Hearing Date: 11-18-95 |
| Defendant. | ) | Hearing Time: 9:00 A.M. |

COMES NOW, JIMMIE DAVIS, Defendant-Petitioner, by and through his attorney, ANDRES RAPPARD, and files his First Amended Petition for a Writ of Habeas Corpus and would respectfully show:

1. Defendant, JIMMIE DAVIS (hereinafter "DAVIS"), is in the custody of Mr. E.K. McDaniel, Warden of Ely State Prison.

2. DAVIS is in custody in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

-PERTINENT FACTS-

3. Defendant was arrested at the end of July, 1988, and booked on murder and robbery. On August 1, 1988, after a confession was made, detectives had Defendant sign a police form (attached as Exhibit P-1) indicating he understood his rights, but Defendant never indicated yes or no on the form, so detective Al Adams entered "yes" for Defendant.

4. Eventually, Defendant pled guilty and stipulated to a sentence of life without parole and, on December 12, 1988, a Judgment of Conviction was entered.

5. The attorney of record did not consult with Defendant about whether or not a Notice of Appeal would be filed and thus a notice was not filed.

6. A Petition for Post-Conviction Relief was filed alleging:

(A) that counsel's trickery, misrepresentations, force, and coercion led defendant to plead guilty;

(B) that the life without parole sentence was violative of the cruel and unusual punishment prohibitions of the Nevada and federal constitution;

(C) that the life without parole sentence was violative of the equal protection clause of the Fourteenth Amendment; and

(D) that counsel was ineffective for several reasons, including for telling defendant an all-white jury would convict him and for not recognizing that there was no malice aforethought.

7. On about March 25, 1995, the District Court denied that Petition and the Supreme Court of Nevada dismissed an appeal on about January 24, 1994.

8. On about July 3, 1995, the Eighth District Court denied a proper person motion to vacate sentence alleging that materially false information was presented during the sentencing hearing and that decision was not appealed.

9. Finally, Defendant filed, in proper person, a post-conviction petition for a writ of habeas corpus which alleged

2

three grounds for relief as set forth below:

### GROUND ONE

10. The prosecuting attorney coerced defendant's plea by filing robbery against the juvenile defendant though the juvenile had not been certified resulting in a tainted and coerced guilty plea which should be withdrawn.

### GROUND TWO

11. Counsel, Mr. Stephen Dahl, was ineffective for failing to file a motion to dismiss the improper robbery charge, instead leaving it on file as leverage to obtain a guilty plea from his client and a sentence equal to the worst sentence likely from trial without a plea bargain.

### GROUND THREE

12. The confession was obtained illegally and was not admissible for any purpose.

13. The court orally advised present counsel that supplemental pleadings could be filed and therefore counsel is submitting this amended petition and would allege one additional ground as set forth below.

### GROUND FOUR

14. Counsel was ineffective for failing to obtain defendant's consent prior to deciding not to file a notice of appeal.

15. Defendant has submitted numerous facts pertinent to the first three grounds and therefore that material is incorporated herein by reference as Exhibit P-2 (proper person petition). A reading of the proper person materials will familiarize the court with the various sub-parts of each of the original three grounds.

3

1

2

3                        ARGUMENT ONE

4     THIS PETITION SHOULD NOT BE DISMISSED FOR RAISING ISSUES NOT
   CONTEMPLATED BY NRS 34.810 SINCE THIS PROCEDURAL BAR IS NOT
5                    STRICTLY OR REGULARLY ENFORCED.

6         It is settled law that where a state does not regularly or

7   strictly enforce its procedural bars, the claims in habeas must

8   be heard on the merits.  See Johnson v. Mississippi, 486 U.S.

9   578, 587 (1988)(quoting Hathorn v. Lovorn, 457 U.S. 255, 262-263

10  (1982)(a state procedural bar is not adequate unless it is

11  strictly or regularly enforced).  Here counsel could show,

12  through discovery, that multitudinous petitions and grounds for

13  relief have been heard on the merits in Nevada courts which could

14  have been barred by NRS 34.810 if it was strictly or regularly

15  enforced.  Thus, it would be wholly inappropriate to bar either

16  this petition or any of its grounds based upon the selective use

17  of NRS 34.810 and counsel asks that a ruling on the merits be

18  made.

19                        ARGUMENT TWO

20    SINCE THESE GROUNDS ARE NEW AND DIFFERENT FROM THOSE OF THE
                 FORMER PETITION, THEY SHOULD BE HEARD.

21  It is true that NRS 34.810.2 does provide that a second or

22  successive petition must be dismissed if the judge or justice

23  determines that it fails to allege new or different grounds for

24  relief and that the prior determination was on the merits or, if

25  new or different grounds are alleged, the judge or justice finds

26  that the failure of the petitioner to assert the grounds in the

27  / / /

28
                                4

previous petition constituted an abuse of the writ.

See NRS 34.810, 1985.

In reviewing the original proper person petition, it is at once evident that the two petitions are different and the grounds are sufficiently different to not simply be a rehash of the former petition. Finally, counsel has added a completely new ground which has resulted in the release of one Nevada prisoner already.

Further, with a second grade education and a sentence of life without parole, defendant should not be found to be abusing the writ process.

<u>ARGUMENT THREE</u>

DEFENDANT DID NOT CONSENT TO A WAIVER OF THE NOTICE OF APPEAL AND PREJUDICE TO HIS RIGHT TO COUNSEL IS TO BE PRESUMED IN SUCH SITUATIONS WITH RELEASE BEING THE ONLY EFFECTIVE REMEDY.

In a recent and relevant federal decision, Honorable Lloyd George, United States District Judge for the District of Nevada, Las Vegas, ordered defendant, Jose Lozada, released unconditionally from confinement since Nevada attorneys took the position that Nevada could not comply with the federal requirement that Lozada either be provided with a late direct appeal or be released.

On December 27, 1994, finding that Nevada and its statutes could not provide a late appeal, Judge George unconditionally released Mr. Lozada from state custody.

The State of Nevada appealed the release order and that appeal is still pending. See <u>Lozada v. Deeds</u>, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991)(prisoner released where state admitted that it would not or could not comply with federal order to provide

5

1  petitioner with late appeal, not any other remedy).

2  The Lozada case stands for the principle that a decision of

3  counsel not to file a Notice of Appeal must be with the consent

4  of the represented party.   Staff at counsel's law office have

5  viewed the release order pertaining to Mr. Lozada which is

6  currently being held, according to the federal clerk's office,

7  with official court records in Laguna Niguel, California, in the

8  original case file (Original Case no. CV-S-89-173-P).   A copy

9  will be obtained if deemed necessary by this court.

10  Here, as in Lozada's case, there is no evidence on the

11  record that DAVIS ever consented to the decision not to file a

12  notice of appeal.

13  DAVIS had a real and important right to appeal even though

14  he pled guilty.   See Franklin v. State, 877 P.2d 1058 (Nev.

15  1994)(persons who plead guilty and allege that they did not waive

16  the right to appeal are entitled to allege a violation of their

17  rights in habeas with counsel to assist them).   It does not

18  matter what the issue on appeal would have been or could have

19  been.

20  DAVIS, though he stipulated to life without parole, did so

21  in the absence of being informed that he could have appealed.

22  Minus this crucial information, DAVIS was in no position to

23  decide whether to file a notice of appeal or not.   Prejudice to

24  DAVIS' sixth amendment rights is presumed when the whole record

25  does not reveal that DAVIS consented to not filing the notice of

26  appeal.   See Lozada v. Deeds, 871 P.2d 944 (Nev. 1994)(prejudice

27  presumed if it is established that counsel's failure to file a

28  notice of appeal is without consent of defendant).

6

1   Where such is the case in DAVIS, prejudice to his rights is

2   presumed.   Relief can and must be afforded by the state court.

3   The proper remedy is release where the state's statutory scheme

4   is such that there is no provision for a late appeal.  This is so

5   because the right to appeal is a basic right which may not be

6   abrogated under federal law.   Counsel asks that DAVIS be

7   released, as was Lozada.

8                          ARGUMENT FOUR

9        DURING AN EVIDENTIARY HEARING, PETITIONER WOULD SHOW
              HIS CONFESSION WAS MADE PRIOR TO A PROPER
10            MIRANDA WARNING AND THEREFORE INADMISSIBLE.

11       As Exhibit P-1 (proper person petition) shows, DAVIS wrote

12  a comprehensible allegation that his confession was taken prior

13  to the Miranda warnings.  If this is so, then petitioner would be

14  entitled to relief.  See Miranda v. Arizona, 86 S.Ct. 1602 (1966)

15  Paine v. State, 877 P.2d 1025 (Nev. 1994)(prisoner who pleaded

16  guilty to murder was adequately informed when given two Miranda

17  warnings prior to confession).   Here, DAVIS has specifically

18  alleged that his warnings were given after the confession. Also

19  see United States v. Swint, 15 F.3d 286, 290 (3rd Cir.

20  1994)(confession involuntary when defendant thought statements

21  were off the record and police did not clearly inform defendant

22  they were on the record).

23       In DAVIS' case, defendant should be allowed an evidentiary

24  hearing at which he could prove his allegations.

25                          ARGUMENT FIVE

26       DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING
     ON HIS REMAINING CLAIMS THAT COUNSEL AND/OR THE PROSECUTOR
27             CAUSED AN INVOLUNTARY GUILTY PLEA

28       When something more than naked allegations are made which,

                               7