if true, could entitled Defendant to relief, an evidentiary hearing should be held. See Vaillancourt v. Warden, 90 Nev. 431, 432 (1974) and Hatley v. State, 100 Nev. 214, 217 (1984)("An evidentiary hearing was necessary to determine the truth of appellant's alternate contention that even if the arresting officers were aware of the existence of the misdemeanor bench warrant at the time of appellant's arrest, they were nevertheless using it as a pretext to arrest appellant on a burglary charge").

Federal cases decided by the United States Court of Appeals are in accord with Hatley. In United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988), the court said, "this court has held on several occasions that when the prisoner's allegations of a coerced plea are based on alleged occurrences outside the record, an evidentiary hearing is required."

DAVIS has alleged that his understanding of the plea bargain was not what the record reflects and, in addition, has alleged that officers read him his rights after he was questioned (proper person petition exhibit P-1 at page 17). If these allegations are true, petitioner would be entitled to relief.

To meet the first prong of the two part test under Strickland v. Washington, 466 U.S. 668 (1968), defendant must show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. See Hill v. Lockhart, 474 U.S. at 56 (quoting McMann v. Richardson, 397 U.S. 771).

Here, the attorney failed to note his client was a juvenile and failed to move to dismiss an improper robbery charge.

To meet the second prong of the test, defendant must show that there is a "reasonable probability that, but for counsel's

8

1    errors, defendant would not have pleaded guilty and would have

2    insisted on going to trial." Hill v. Lockhart, 474 U.S. 52

3    (1985).

4        Here, DAVIS alleged that his attorney failed to remove the

5    prime reason for his guilty plea: the wrongful robbery charge,

6    failed to investigate the case sufficiently to learn defendant's

7    age, and failed to interpose a motion to dismiss which any

8    attorney of competence would have interposed.   Under those

9    circumstances, since defendant's proper person petition states he

10   would "plead anew," it would mean he would plead not guilty.

11       Thus, Defendant is entitled to an evidentiary hearing.

12                          CONCLUSION

13       Wherefore, counsel requests that Mr. Davis be scheduled for

14   an evidentiary hearing during which counsel can quickly question

15   the arresting officers and defendant.  Counsel also requests that

16   his client be released for being unlawfully deprived of a direct

17   appeal.

18   DATED:

19                   By:
                          ANDRES RAPPARD, ESQ.,
20                        Attorney at Law
                          Nevada Bar Number 003892
21                        ANDRES R. RAPPARD, CHTD.,
                          A Professional Corporation
22                        633 South Fourth Street, Suite 8
                          Las Vegas, Nevada 89101
23                        (702) 388-1772
                          Attorney for Defendant
24                        JIMMIE DAVIS

25                 CERTIFICATE OF SERVICE BY MAIL

26

27       I, Michael J. Sullivan, hereby certify that I am an employee

28   of the Law Offices of Andres Rappard and that on October 13,

                              9

1  1995, I mailed a true copy of the foregoing to:

2  Mr. Melvyn T. Harmon,
   Chief Deputy District Attorney
3  200 South Third Street
   Las Vegas, Nevada 89155

4  by placing said copy in the "D.A." incoming mailbox located at

5  the office of the District Court Clerk for the County of Clark.

6  DATED:

7  _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Case No. C85078 _____  _____

2  Dept. No. IV ____  _____

3  DOCKET  C ____

4

5

6        IN THE EIGHTH ____ JUDICIAL DISTRICT COURT OF THE

7     STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK _____

8  JIMMIE DAVIS _____ ___,        )
                                          )
9               Petitioner.               )        PETITION FOR
                                          )     WRIT OF HABEAS CORPUS
10            v.                          )        (POST-CONVICTION)
                                          )     _____
11  WARDEN E.K.McDANIEL _____,         )     DATE OF HEARING:
                                          )     TIME OF HEARING:
12  OF ELY STATE PRISON _____,         )
                                          )
13               Respondent.              )
                                          )
14  _____

15  INSTRUCTIONS:
        (1)  This petition must be legibly handwritten or typewritten,
16  signed by the petitioner and verified.
        (2)  Additional pages are not permitted except where noted or
17  with respect to the facts which you rely upon to support your
    grounds for relief.  No citation of authorities need be furnished
18  If briefs or arguments are submitted, they should be submitted in
    the form of a separate memorandum.
19       (3)  If you want an attorney appointed, you must complete the
    Affidavit in Support of Request to Proceed in Forma Pauperis.  You
20  must have an authorized officer at the prison complete the certif-
    icate as to the amount of money and securities on deposit to your
21  credit in any account in the institution.
        (4)  You must name as respondent the person by whom you are
22  confined or restrained.  If you are in a specific institution of
    the department of prisons, name the warden or head of the institut-
23  ion.  If you are not in a specific institution of the department
    but within its custody, name the director of the department of
24  prisons.
        (5)  You must include all grounds or claims for relief which
25  you may have regarding your conviction or sentence.  Failure to
    raise all grounds in this petition may preclude you from filing
26  future petitions challenging your conviction and sentence.
        (6)  You must allege specific facts supporting the claims in
27  the petition you file seeking relief from any conviction or sen-
    tence.  Failure to allege specific facts rather than just conclus-
28  ions may cause your petition to be dismissed.

POLICE DEPARTMENT
City of North Las Vegas
1301 East Lake Mead Blvd.

Date: _____08-01-88_____

## PRIOR TO ANY QUESTIONING, YOU MUST UNDERSTAND THE FOLLOWING RIGHTS

1. You have the right to remain silent.
2. Anything you say can be used against you in a court of law.
3. You have the right to the presence of an attorney prior to any questioning.
4. If you cannot afford an attorney, one will be appointed to you prior to any questioning if you so desire. If you wish to waive all of the above rights, and answer questions now without an attorney present, you have the right to stop answering questions at any time during the interview.

DO YOU UNDERSTAND FULLY WHAT YOU HAVE BEEN TOLD:  Ans: _Yes_  Sign: _Jimmie Davis_

### WAIVER

I can read and write the English language and I have read and understand the statement of my rights as shown above. I understand that I have the right to remain silent, that anything I say can be used against me in a court of law, that I have the right to the presence of an attorney before any questioning, that if I cannot afford an attorney one will be appointed to me prior to any questioning, if I so desire.

I hereby waive my rights as shown above and I am willing to answer questions and make a formal statement.

I understand and know what I am doing.  No promises or threats have been made to me and no pressure of any kind has been used against me.

Witness: _Al Adams_                          Signed: _Jimmie Davis_

Witness: _____

I, _Jimmie Davis_ , first having been duly informed of my rights by _Det. Adams_ , as shown above, do hereby make the following statement freely and voluntarily and without promises of immunity or reward.  My name is _Jimmie Davis_
_____ . I am _16_ years of age.  I reside at _West Webb Pl_
_____ , my phone number is _649-7270_ .

I'm Det. Adams, I'm investigating a homicide that occured on 07-31-88

at 25 Britz #B.  I'm interviewing Jimmie Davis, black male, sixteen

years old.  Also in the interview is Jimmie Davis's uncle, Webster

Davis.  Jimmie, at approx. 5:15 PM last date would you tell us where

you were at?

A:     at the apt. 25 Britz Cir #B where the woman was shot.

Q:     Would you tell us who was in the apt. with you?

A:     Arthur, Ringo.

Q:     Do you know Arthur's last name?

A:     I don't know his last name?

GM:    Does he have a nickname?

A:     Yes, Junior.

**EXHIBIT C**

_Jimmie Davis_

20 124 (Rev. 3/86)

1    (7)  When the petition is fully completed, the original and
one copy must be filed with the clerk of the state district court
2  for the county in which you are imprisoned or restrained of your
liberty.  One copy must be mailed to the respondent, one copy to
3  the attorney general's office, and one copy to the district
attorney of the county in which you were convicted or to the
4  original prosecutor if you are challenging your original convict-
ion or sentence.  Copies must conform in all particulars to the
5  original submitted for filing.
     (8)  This form is not intended to, and does not, preclude
6  your right to file for post-conviction relief in the district
court for the county from which you were convicted in the State of
7  Nevada under the provisions of NRS 177.325.  You will be precluded,
however, from filing a petition pursuant to chapter 177 of NRS if
8  you do not file it within 1 year after your conviction or decision
on appeal and cannot show good cause for failing to file within
9  that time.  You are precluded from filing a habeas corpus petition
pursuant to chapter 34 of NRS if you do not first challenge your
10  conviction or sentence by filing a petition pursuant to chapter
177 of NRS.

11

12                          PETITION

13    1.  Name of institution and county in which you are presently

14  imprisoned or where and how you are presently restrained of your

15  liberty: ELY STATE PRISON, WHITE PINE COUNTY

16  _____

17    2.  Name and location of court which entered the judgment of

18  conviction under attack: EIGHTH JUDICIAL DISTRICT COURT DEPART-

19  ment IV, LAS VEGAS NEVADA

20    3.  Date of judgment of conviction: DECEMBER 12, 1988

21    4.  Case number: C85078

22    5.  (a) Length of sentence: LIFE WITHOUT THE POSSIBLTY OF

23  PAROLE.

24    (b)  If sentence is death, state any date upon which execution

25  is scheduled: X

26    6.  Are you presently serving a sentence for a conviction

27  other than the conviction under attack in this Motion?

28        Yes _____    No  X

1  If "yes," list crime, case number and sentence being served at

2  this time: _X_____

3  _____

4  _____  _____

5      7.  Natur. of offense involved in conviction being challenged:
   FIRST DEGREE i DER/ROBBERY WITH THE USE.

6  _____  _____

7  _____  _____

8      8.  What w s your plea? (check one)

9      (a) Not gu ly___  (b) Guilty_X__  (c) Nolo contendere___

10     9.  If you entered a guilty plea to one count of an indict-
   ment or informaticn, and a not guilty plea to another count of an

11 indictment or information, or if a guilty plea was negotiated,
   give details: Defendant pleded guilty to first degree murder

12 and stipulate to life without the possibilty_____

13 of parole in return for the robbry to be dropped_____

14 _____

15     10.  If yc were found guilty after a plea of not guilty, was

16 the finding ma by: (check one)

17     (a) Jury__ __  (b) Judge without a jury_____

18     11. Did yc testify at the trial?  Yes_____   No_____

19     12. Did yc. appeal from the judgment of conviction?

20         Yes__ __   No_____

21     13. If you did appeal, answer the following:

22     (a) Name of court:_____

23     (b) Case number or citation:_____

24     (c) Result:_____

25     (d) Date of result:_____
          (Attach copy of order or decision, if available.)

26

27     14. If you did not appeal, explain briefly why you did not:

28 _____

1

2    15. Other than a direct appeal from the judgment of conviction
     and sentence, ve you previously filed any petitions, applicat-
3    ions or motion with respect to this judgment in any court, state
     or federal?

4
          Yes ___X___   No_____

5
     16. If your answer to No. 15 was "yes," give the following

6
     information:

7
          (a) (1) Name of court: DISTRICT COURT CLARK COUNTY NEVADA

8
     Department IV/ In the supreme court of the state of Nevada.

9
          (2) Nature of proceeding: Petition for post conviction relief

10
     motion to vacate sentence.

11

12
          (3) Ground raised: Plea of guilty was not knowingly and voul-

13
     entarly entere petitoners sentence of life without was violative

14
     of the cruel and unusual punishment/ineffective assistance of

15
     counsel.

16

17
          (4) Did you receive an evidentiary hearing on your petition,

18
     application or motion?  Yes_____   No  X

19
          (5) Result: Denied

20
          (6) Date of result: March 25, 1992

21
          (7) If known, citations of any written opinion or date of

22
     orders entered irsuant to such result: None known

23

24
          (b) As to y second petition, application or motion, give

25
     the same inform :ion:

26
          (1) Name of court: DISTRICT COURT CLARK COUNTY DEPT IV

27
          (2) Nature of proceeding: MOTION TO VACATE SENTENCE

28
                              -4-

1    (3) Grounds raised: defendants presentence report contained

2  materially inaccurate information.

3

4

5

6    (4) Did you receive an evidentiary hearing on your petition,

7  application or motion?   Yes_____   No X____

8    (5) Result DISMISSED

9    (6) Date o result:   7/3/95

10    (7) If known, citations of any written opinion or date of

11  orders entered pursuant to each result: N/A

12

13    (c) As to any third or subsequent additional applications or
   motions, give the same information as above, list them on a
14  separate sheet and attach.

15    (d) Did you appeal to the highest state or federal court
   having jurisdiction, the result or action taken on ay petition,
16  application or motion?

17    (1) First petition, application or motion?   Yes X___ No_____

18    Citation or date of decision: 1/24/94

19    (2) Second etition, application or motion? Yes_____   No x____

20    Citatic  or date of decision: x

21    (3) Third c  subsequent petitions, applications or motions?

22    Yes____ .   No_____

23    Citation or date of decision:_____

24    (e) If you did not appeal from the adverse action on any
   petition, application or motion, explain briefly why you did not.
25  (You must relate specific facts in response to this question.
   Your response may be included on paper which is 8 1/2 by 11 inches
26  attached to the petition.  Your response may not exceed five hand-
   written or typewritten pages in length.)

27

28  HAD TO FILE WRIT OF HABEAS CORPUS WITHIN ONE YEAR.

17. Has an ground being raised in this petition been pre-
viously presen d to this or any other court by way of petition
for habeas cor s, post-conviction relief pursuant to chapter 177
of NRS, motion  application? If so, identify:

(a) Which  the grounds is the same: INEFFECTIVE ASSISTANCE
OF COUNSEL.


(b) The proceedings in which these grounds were raised:

POST CONVICTION RELIEF.


(c) Briefly explain why you are again raising these grounds.
(You must relate specific facts in response to this question.
Your response may be included on paper which is 8 1/2 by 11 inches
attached to the etition.  Your response may not exceed five hand-
written pages i length.)

To have issue de ided on its merits now presented befor the

court.

18.  If an of the grounds listed in Nos. 23(a), (b), (c) and
(d), or listed  any additional pages you have attached, were not
previously prese ted in any other court, state or federal, list
briefly what grounds were not so presented, and give your reasons
for not presenting them.  (You must relate specific facts in
response to this question.  Your response may be included on paper
which is 8 1/2 by 11 inches attached to the petition.  Your
response may not exceed five handwritten or typewritten pages
in length.)

Plea induced by prosecuting attorney through coecion, trickory

threats.Const. violation.Conviction obtained by use(contd.pg. 10  )

19.  Are you filing this petition more than 1 year following
the filing of th judgment of conviction or the filing of a
decision on dire  appeal?  If so, state briefly the reasons for
the delay.  (You ust relate specific facts in response to this
question.  Your  sponse may be included on paper which is 8 1/2
by 11 inches att ied to the petition.  Your response may not
exceed five hanc itten or typewritten pages in length.)

1  . Petitioner f. ing withen one year of judgement by the nevada

2  surprem cour

3      20.  Do y   have any petition or appeal now pending in any

4  court, either s.ate or federal, as to the judgment under attack?

5          Yes____    No_X___

6          If yes, state what court and the case number:_____

7  _____

8      21.  Give the name of each attorney who represented you in

9  the proceeding resulting in your conviction and on direct appeal:

10 (David Gibson/Stephen Dahlpublic defender)Elizabeth McMahon

11 Mark B.Bailous _____

12     22.  Do yc  have any future sentences to serve after you com-
   plete the sente ce imposed by the judgment under attack?

13
          Yes__  .  No_X___
14
          If ye. state what court and the case number:_____
15
   _____
16
17     23.  State concisely every ground on which you claim that you
   are being held unlawfully.  Summarize briefly the facts supporting
   each ground.  If necessary you may attach pages stating additional
18 grounds and facts supporting same.

19     (a)  Ground one: Plea induced by prosecuting attorney

20 through coercion, trickory ,and threats. Const violation.

21 Supporting FACTS (Tell your story briefly without citing cases

22 or law.):Suppor ng facts on record, prosecuting statementspage

23     ) A plea c  guilty can not stand where it(continued PG 11 )

24 _____

25     (b)  Grour  two: Ineffective assistance of counsel a sixth

26 Amendment viol ion.

27 Supporting FACTS (Tell your story briefly without citing cases

28 or law.): Petitioner was denied effective assistance of counsel

1 | from preliminary hearing to the sentecing. (continued page 14   )

2

3 |    (c)  Ground three: Conviction obtained by use of illegally

4 | and corced contession. Miranda violation.

5 | Supporting FACTS (Tell your story briefly without citing cases

6 | or law.): Petitioner was never read his miranda rights prior to

7 | his arrest. def ndant was arrested on augest 1,(continued page 17 )

8

9 |    (d)  Grou  four:

10

11 | Supporting FAC  (Tell your story briefly without citing cases

12 | or law.):

13

14

15 |    WHEREFORE, petitioner prays that the court grant petitioner

16 | relief to which he may be entitled in this proceeding.

17 |    EXECUTED at _____ on the _____ day of

18 | _____ _____, 19____.

19

20

Signature of a   orney (if any)   Signature of petitioner

21

22 | Attorney for pe .itioner        Address

23

Address

24

25 | VERIFICATION

26 |    Under penalty of perjury, the undersigned declares that he

27 | is the petitioner named in the foregoing petition and knows the

28 | contents thereof; that the pleading is true of his own knowledge,

1  except as to those matters stated on information and belief, and

2  as to such matters he believes them to be true.

3

4  _____

5            Petitioner

6

7  _____
          Attorney for petitioner

8         CERTIFICATE OF SERVICE BY MAIL

9    I, _____, hereby certify pursuant to

10 N.R.C.P. 5(b), that on this _____ day of _____,

11 19____, I mailed a true and correct copy of the foregoing PETITION

12 FOR WRIT OF HABEAS CORPUS addressed to: To MS LORETTA BOWMAN
                    200 SOUTH THIRD STREET

13                     P.O.BOX 551601
                    LAS VEGAS, NV 89155-1601

14   Warden E.K Mcdaniel
    Respondent prison or jail official

15   P.O.BOX 19  ; E.S.P
    ELY NEVADA .9301

16

17   Address

18

19   Attorney Ge eral
    Heroes' Memorial Building

20   Capitol Complex
    Carson City, Nevada 89710

21

22

23   Stewart L. Bell
    District Attorney of County of Conviction

24   200 S THIRD ST STE 701
    PO BOX 552212

25   LAS VEGAS NV 89155-2212

26   Address

27

28                     Signature of Petitioner

1 (continued fr  page 6-Q )

2   of illegal  obtained conffession. miranda violation.

3   Filling tc xhaust state remedys filed withen 1 year of judg-

4 ment by the N vada supreme Court that court appointed attorney

5 Mark B. Bailous would not raise but told defendant to raise them

6 on habeas Corpus petition withen one year of judgement to exhaust

7 state remedys' so that you may proceed to federal court.

8 //

9 //

10 //

11 //

12 //

13 //

14 //

15 //

16 /

17 //

18 //

19 //

20 //

21

22 //

23 /

24 /

25 //

26 /

27 //

28 /

SUPPORTIN   'CTS FOR GROUND I

1   (continued f om page7-A  ) is the coercion by the state: State

2   told defendan: if you plead guilty I will drop the robbry and

3   will not persue it any futher but you must stipulate to the

4   sentence of l fe without the possiblity of parole but what he

5   did not disclose was that defendant was illegally charged with

6   robbry charge because he knew if robbry was used and to have

7   been used in the plea negotations the plea has been tainted ,

8   supported by states attorneys statements on record ID page 23  .

9   Attorney for the statedropped robbery at the plea hearing

10  and said it is not even considered but attorney for the defendant

11  contridicts   is on record when he states, My understanding was

12  your honer , : that the state will not go down and try to certify

13  our client on the robbery charge and bring him back those charges

14  will not be pursued any futher ID page24/25 . Counsel for the

15  defendant states this on Record.

16  Attorney for the state says that I do believe that counsel

17  for the defendant will agree on the record that dismisal of

18  count II in no way has anything to do with the negotations and

19  is not consideration. Counsel for the defendant never aggrees

20  to this on r ord before the judge dismisses the charge ID page

21  24  . Becau e this was not true counsel told defendant that the

22  negotiations  ere, he plead guilty and the robbry will be dropped

23  and he stipu ite to life without the possibilty of parole andit

24  will not be pursued any futher. Counsel never agreed to this on

25  record because he was under the same impression that the defend-

26  ant was THAT the robbry was apart of the plea negotiations. which

27  leaves the record bare of which plea agrement the defendant plead

28  to the one proposed by the states attorney or the one proposed

by the defendants counsel?

When the sentencing judge heard this he should have inquired depper into the facts of wheather or not the robbery was used to induce plea threats of futher procecution or was the robbry not apart of the plea agreement and had defendants counsel stipulate to his on record. Sentencing judge must develope on record the factual basis for the guilty plea when it rest in any signif-cants degree on a promise or agreement made by the prosecutor, the essence of those promises must in some way be made known so that the judge knows that it was not unfairly obtained because if the defendant has been tricked by the procecution through mis representation into pleading guilty then his due process rights of the united states constituation has been violated. Threatening to bring additional prosecution which is clear renders plea voidable, prosecutor undercuts the basis for the waiver of Constitutional rights implicit in the plea when he makes fals statement on record. The most meticulous standards of both promi : and performance must be met by prosecutors engaging in plea bargainning, contradictory or confusing statements of the law are not adquate when defendant is giving up precious rights gareenteed by the United States Constitution.

The court should not have accepted the plea in light of the misunderstanding which obviously existed of wheather defendant was threatend with futher future prosocution or was the robbrey not considered. It is clear however from ccounsels statements on record that the robbry was apart of the plea negotions.

There should have been futher consulting with the court and procecutor and he defendants counsel in an effort to arrive at

an agreeable and legal plea negotiations after which the defen-dant should ave been able to inform the court as to the course of action he wishes to take. It is the defendants rights who are being viola. d when the plea agreement is broken or meaningless, IT is his waiver which must be voluntary and knowing, He offers that waiver rot in exchange for the actual sentence or impact on the judge but for the prosecutors statements in court, if they are not adequate the waiver is ineffective and a violation of the United States Constituion. A plea of guilty shown to be unfairly obtained or giving through ignorance, fear, coercion, and or trickery can be vacated by the court.

For the grounds the defendant has set befor the court the defendant Prays and hopes that the court will vacate the plea and give the petitioner the opportunity to plead anew.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

SUPPORTING   :TS FOR GROUND II

1   (countinued from page 7-ß ) At preliminary hearing counsel told

2   attorney for the state that defendant was 18 when in fact he

3   was 16 and because of this the attorney for the state proceded

4   against defendant with an amended complaint charging defendant

5   with robbry with the useof a deadly weapon and defendant was

6   held to answer (ID page 23  attorney for the state statements

7   on record) : :efor I describe the negotiations I should INform

8   the court tha  I do NOt believe thqt he is properly charged with

9   robbry with .se of a deadly weapon. At preliminary hearing

10  stage I init ly believed him to be 16. One of his attorneys

11  Inadvertentl} tokd me he was 18. Because of that I proceeded

12  against him with an amended complaint charging him with robbry

13  with the use of a deadly weapon and he was held to answer.)

14     For three months defendant stood charged illegally with

15  robbry in adult court. Counsel cannot have done any investi-

16  gation into defendants case if he told attorney for the state

17  this at prelimnary hearing as the attorney for the state states

18  on record thi: fact.

19     If counse  would have at least read defendants statements

20  to police wh: n was used in and at preliminary hearing he would

21  have known t^ t defendant was 16 because it sdys this right on

22  top (IDpage 2   ). Counsels statement no matter how inadvertent

23  did not lesso. its impact because illigally charged robbry was

24  used in plea negotations (ID page 24/25 Counsels statements:

25     Mr dahl:Thats correct, this plea is being made pursuant to

26  NRS 174.065, the party agrees to a degree of crime if theres

7   seperate degrees of crime, and also in the case of murder sti-

    pulate to a punishment less than death. A nd the other under-

1  standing is your honor  that the state will not go down and try
2  to certify our client on the robbery and bring him back .those
3  charges will not be pursued any futher.)

4   These statements took place October12 1988 2and a half
5  months after  ounsel gave false statement to Attorney for the
6  state. In thi  time period of two and a half months no motions
7  were filed t  correct defendant from being charged in adult
8  court with th  robbry charge when counsel new defendant was
9  only 16 because he came to visit him in juvenile tank in the
10 ccounty jail but he still did nothing but let the underlying
11 felony hang above defendants head then be used in plea nogotia-
12 tion which tainted plea,defence counsel as well as prosecution
13 counsel must know or learn about relevant law and evaluate its
14 application to his client with respect to plea bargain and
15 failure to do so will amount to constitutionall ineffective
16 assistance of counsel and undermine validity of plea.
17 Counsel never told defendant that he was illagally charged
18 with robbry i  he had told defendant this and or filed motions
19 he would not  ive been coerced tricked and threatend by state
20 to induce plea, he would have been given the oppertunity to
21 fight certification and have robbery taken to juvenile court
22 or dropped by the state adult court when defendant had no violenc
23 charges from the past or never being committed to Elko or
24 Spring mountain youth authorty this possibilty of defence was
25 there (ID page 23/24 attorney for the state statements on record:
26 (and as I understand the law nowalthough a person of any age can
27 originally be charged in adult court with murder ,for any other
28 crime even if committed during the murderous trans action he

1 | has to be or. inally charged in juvenile court ,

2 | THE COUR  He has to be certified .)

3 | Counsels  erformance was deficient, counsel made errors so

4 | serious that counsel could not have been functioning as the

5 | counsel gareenteed the defendant by the sixth amendment if not

6 | for these errors the end result of defendants case would have

7 | been diffrent because he would have not pleaded guilty and

8 | stipulated to life without the possibilty of parole,when a

9 | plea agreement is dissussed and hence sentencing becomes the

10 | clients preem nent concern, it is incumbent on counsel to

11 | acquaint hims: .f with all the available alternatives and their

12 | consequences .. )r the defendants liberty and rehabilitation.

13 | Counsels lack )f knowlege here is inexcusable.

14 | Counsel  :ailed to object when attorney for the state said

15 | on record that the robbry was not apart of the plea negotations

16 | and is not considered (ID page 24 ) defendants statements on -

17 | record contridicts this (ID  page 25 ). Counsel has duity to

18 | cosult with defendant on important developments and decisions

19 | in the course of the prosecution. Had counsel done this the

20 | robbrey would not have been used to induce plea.

21 | Counsel carnot even be have said to know if defendant can

22 | read or write. when he said to court that he only had two years

23 | of schooling ' ) PAGE 27 ) This should have been a factor but

24 | wasnot. Defenc it was not even givven a psychological evalution

25 | givving his a   and the severity of the crime this should have

26 | applied but wa  not.

27

28 | 16

1  (continued fro n page 8-C ) 1988 prior to his arrest Defendant
2  was not read his Miranda rights which constituted a violation
3  of his fifth amendant right. Defendant was taken into one room
4  where he was questioned with his uncle Webster leonard davis he
5  then was taken into another room where where no Miranda rights
6  were read just like in the previous room except in the second
7  room there was a typest present and his uncle,he then was que-
8  stioned furthe and the typest typed everything that was said,
9  the defendant and his uncle were then taken to the room from
10 which they had started where they were asked to sighn by the X
11 and after thi was done the defendant was then **read** his rights
12 and placed und r arrest and asked to empty his pockets, defendant
13 was not read his rights and was not told that his statements
14 would lead to adult procecution in adult court.The next day
15 defendant asked a black female gaurd when was he going to juvenil
16 she in return asked him how old he was and the defendant replied
17 16 she said you are not going to juvenile and walked off sing-
18 ging a church song The defendant asked the court for a discovery
19 as to the female gaurd of african american nature who worked the
20 mornning of au est 2,1988. The courts have held that it was
21 entirely unrel stic to carve out the fifth amendment and all
22 statements by venils on the ground that these could not lead
23 to criminal ir lvement the court thus granted juveniles the
24 protection of adult statues.Before any questions can be asked
25 defendant is to be read his miranda rights,in this case before
26 the court this was not done and defendant should be afforded
27 the oppertunity to call these witnesses to testify in the court
28 of law as to these facts and to bring in a lye detector machine

1  for the arresting officer, defendant, and Webster Leonard Davis.

2  There is the question of: DO YOU UNDERSTAND FULLY WHAT YOU

3  HAVE BEEN TOL:,) AT THE top of the waiver, then you are to sighn

4  YES or NO THE  YOUR NAME, the defendant sighned his name but he

5  did not sighn  es that he understood, the detective sighned yes

6  (ID Page  26   the defendant did not because he did not under-

7  stand. The d. endant can prove in the court of law that he didnot

8  sighn YES or  nything else but his name for a fact.Now this was

9  truly illegal for the detective to do because it is the defen-

10  dant who is givving up the rights not the detective.

11  A guilty plea cannot stand when it is obtained by use of an

12  illegally obtained confession. The detective testified that he

13  took the whole statement in one room but this was false because

14  Karen Payn sat and watched them go from one room to the other

15  and back agai. and can testify to this fact along with the defend-

16  ants uncle wh. was in each room with the defendant.

DISTRICT COURT
CLARK COUNTY, NEVADA

JIMMIE DAVIS

    Petitioner

v.

THE WARDEN OF ELY STATE
  PRISON E.K.McDANIEL
    Respondent

CASE NO.C85078
DEPT.NO IV
DOCKET "C"

AFFIDAVIT IN SUPPORT OF
MOTION FOR WRIT OF HABEAS CORPUS

    I JIMMIE DAVIS DO HEREBY swear under the penalty of perjury that the assertions of this affidavit are true:

    1 I am the above defendant in the entitled action.

    2 I make  his affidavit in support of my motion for writ of habeas corpus.

    3 That petitioner is competent to testify and therfor would be able to do so if called upon to testify in the court of law.

    4 That petitioner is entitled to the relief sought.

    5 Tthat petitoner makes this affidavit in good faith.

    6That petioner was denied due process of law

    7 That petitioner was denied the effective assistance of counsel at prelimanary, during plea negotiations,and plea hearing. counselnever explained to petitioner that the robbry was not apar  of the plea negotiations and that petitioner was illegall  charged.

    8 that counsel was ineffective because he never talked to defendants u  le about how the arrest was done and or if any rights were r ad to defendant.

9 That defendant was not read his rights prior to his statements to police.

10 That defendant was taken into one room with his uncle and questioned where no rights were read, he then was taken into another room where on the way in the hallway his unclespoke to a karen Payn who came with him and said they would be ready to go in a minute because she had some personal buisness to attend to so she sat on the chair while they went into another room where a female typed every thing that was said and no rights were read in this room eather r, they then were taken into the orignal room again where the defendant was asked to sighen by the X and thenread his rights and to  to empty his pockets he was under arrest for murder. he gave the contents to his uncle and was cuffed.

11 Webster Leonard Davis and Karen Payn can testify to these facts because webster Davis was with the defendant and Karen Payne was in the hallway waiting for them and watched them go from one room to the next, Durring which she talked to Leonard Davis.

12 Defendant did not Know he was being charged in adult court with crime because the next day in the morning he asked a black female Gaurd when was he going to juvenile and she asked him how old he was and he told her he was 16 and she said you are not going to juvenile and walked off singging a church song.

13 that counsel was ineffective when he failed to explain that he was illegally charged with the underlying feloney of robbery.

14 That defendant was denied effective assistance of counsel when counsel gve false statement to attorney for the state about defendants age  and he was held to answer for the robbery charge in adult court when he was suppose to be charged in juvenile court  or certified as to the robbery charge . facts supported by the record.and to all witnesses that should be called to testify.

-20-

15 That defendant was told robbry would be dropped in return for his plea of guilty and it is apart of the plea negotiations

16 That the record is bare of which plea agreement defendant pled guilty to , the one the attorney for the state proposed or the one proposed by the defendants counsel

17 Attorney for the state misled defendants counsel and defendant with a false plea aggrement and by stating on record that robbry had nithing to do with the plea negotiations when counsel for the defendant contridict thison record.

18That if counsel would have at least read the defendants statements to the police at the preliminary hearing he would have known that defendant was 16 because statement says it right at the top therfor counseles ineffectivness made him unable to make reasonable decesions for the defendants case when he let defendant answer to the robbry charge in adult court.

19 That defendant believed he was rightfully charged with robbry and would not have pleaded guilty if he would have known he was illagly charged with the robbry

20 Attorney for the state and attorney for the defendant coerced defendant into pleading guilty by letting the under lying feloney hang above defendants head for which he was illagly charged for 3to4 months and then used in plea negotiations.

21That plea cannot stand when it is induced by coercion trickory, or false promisesmade by the state or counsel for the defendant.

22That defendant was told that prosocution will not persue robbry charge futherand it is apart of the plea agree-

ment and neg :iations in return for his plea of guilty.

23 that on ' ' sighned waiver at the top where it says DO YOU

UNDERSTAND  .LY WHAT YOU HAVE BEEN TOLD THAT THE DEFENDANT

DID NOT writ( che word yes and the detective did when hecannot

do this becau:ie he is not the one givving up his rights.

                                        _____
                                        JIMMIE DAVIS 27362


    I the undersigned, hereby declare under under the penalty

of perjury, p.rsuant to NRS 208.165, that the forgoing is true

and correct.

    Excute: this _____DAY OF_____ 1995 at Ely state prison.


                                        JIMMIE DAVIS 27362
                                        P.O.BOX 1989 (ESP)
                                        ELY NEVADA 89301

2

1

2                          *  *  *  *  *  *

3

4              THE COURT:  C85087, State of Nevada

5    versus Jimmie Davis.

6                       The record will show the

7    presence of the defendant; counsel, Mr. Gibson; Mr.

8    Jerbic for the State.  This matter is on for initial

9    arraignment.

10                      Did you receive a copy of the

11   information?

12              MR. GIBSON:  Yes.

13              THE COURT:  Do you wish to have it

14   read?

15              MR. GIBSON:  No, we will waive that.

16              THE COURT:  All right.  Is Jimmie Davis

17   your true name?

18              THE DEFENDANT:  Yeah.

19              THE COURT:  How much schooling have you

20   had, Mr. Davis?

21              THE DEFENDANT:  Two years.

22              THE COURT:  Do you read, write, and

23   understand the English language?

24              THE DEFENDANT:  Yeah.

25              THE COURT:  All right.  Have you been

1        LAS    AS, CLARK COUNTY; WEDNESDA   OCTOBER 12, 1988

2

3                        P R O C E E D I N G S

4

5              THE COURT:  C85078, Jimmie Davis.  The record

6    will show the presence of the defendant, his counsel, Mr.

7    Gibson and Mr. Dahl, and Mr. Henry for the State.

8              Mr. Henry.

9              MR. HENRY:  Your Honor, we have a proposed

10   resoluti ..  The defendant right now stands charged in an

11   Informat  n with two counts, murder with use of a deadly

12   weapon a : robbery with use of a deadly weapon.  Before I

13   describe :he negotiations I should inform the court that I

14   do not believe that he is properly charged with robbery with

15   use of a deadly weapon.  At the preliminary hearing stage I

16   initially believed him to be 16.  One of his attorneys

17   inadvertently told me he was 18.  Because of that I

18   proceeded against him with an amended complaint charging him

19   with rob :ry with use of a deadly weapon and he was held to

20   answer.

21              After he was held to answer I've had

22   discussi :s with his counsel and conducted some

23   investigation and I believe him to be 16.  And as I

24   understa..d the law now although a person of any age can

25   originally be charged in the adult courts with murder, for

1    any other crime even if it was committed during the

2    murderous transaction he has to be charged originally in

3    juvenile court.

4              THE COURT:  He has to be certified.

5              MR. HENRY:  Therefore initially I'd move to

6    dismiss count II and I want the record to reflect and I

7    believe that his counsel will agree on the record that the

8    dismissal of Count II in no way has anything to do with the

9    negotiation and is not consideration.

10             Having said that --

11             THE COURT:  That's jurisdictional.

12             MR. HENRY:  Yes.

13             THE COURT:  I will grant that motion.  Count II

14   is ordered dismissed for that reason.

15             MR. HENRY:  Having said that, the proposed

16   negotiation would be that the defendant plead to first

17   degree murder without the use of a deadly weapon as a lesser

18   included offense of Count I and stipulate that the

19   punishment for that first degree murder would be life

20   without the possibility of parole in the Nevada State

21   Prison.

22             MR. DAHL:  That's correct.  This plea is being

23   made pursuant to N.R.S. 174.065, the party agrees to a

24   degree of crime if there's separate degrees of crime, and

25   also in the case of murder stipulate to a punishment less

1   than death .  And the other understanding is, Your Honor,

2   that the State will not go down and try to certify our

3   client on the robbery and bring him back.  Those charges

4   will not be pursued any further.

5          THE COURT:  All right.  Mr. Davis, did you hear

6   what's been said?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And are you in agreement with

9   what's been said?

10          THE DEFENDANT: Yes.

11          THE COURT:  Those negotiations, you've

12   discussed these with your lawyers Mr. Gibson and Mr. Dahl?

13          THE DEFENDANT: Yes.

14          THE COURT:  And there is no one who is forcing

15   you to do this, to enter a plea of guilty, are they?

16          THE DEFENDANT:  No.

17          THE COURT:  With respect to Count I is there

18   going to be any amended pleading filed?

19          MR. HENRY:  Your Honor, I had not prepared one.

20   I just move to strike the penalty allegation, the penalty

21   enhancement allegation of use of a deadly weapon.

22          THE COURT:  That will be the order then.

23          As to Count I charging you with murder, what is

24   your plea?

25          THE DEFENDANT:  Guilty.

ORIGINAL

FILED

**ORDR**
STEWART L. BELL
DISTRICT ATTORNEY
Nevada Bar #000477
200 S. Third Street
Las Vegas, Nevada 89155
(702) 455-4711
Attorney for Plaintiff

MAR 4   9 33 AM '96

DISTRICT COURT
CLARK COUNTY, NEVADA

THE STATE OF NEVADA,                )
                                    )
                Plaintiff,          )
                                    )
        -vs-                        )        Case No..    C85078
                                    )        Dept. No.    IV
JIMMIE DAVIS,                       )        Docket       C
#0854767                            )
                                    )
                                    )
                Defendant(s).       )
                                    )
                                    )

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## (POST-CONVICTION)

DATE OF HEARING: 1-24-96
TIME OF HEARING: 9:00 A.M.

THIS CAUSE having come on for hearing on the 24th day of January, 1996, the Petitioner being present, represented by ANDRES RAPPARD, ESQ., the Respondent being represented by STEWART L. BELL, District Attorney, by and through DAVID J.J. ROGER, Chief Deputy District Attorney, and the Court having heard oral arguments of counsel, the Court took this matter Under Advisement. Based upon the following discussion, Petitioner's Petition for Writ of Habeas Corpus (Post-Conviction) is hereby denied.

## STATEMENT OF THE CASE

Jimmie Davis, (hereinafter referred to as "Defendant"), was arrested August 1, 1988, in connection with the shooting death of Brittain Gelabert. A preliminary hearing was held August 25 1988, and Defendant was bound over to District Court. On September 8, 1988, an Information was file charging Defendant with one count MURDER WITH USE OF DEADLY WEAPON (Felony - NR

1   200.010, 200.030, 193.165); and one count ROBBERY WITH USE OF DEADLY WEAPON (Felony -
2   NRS 200.380, 193.165).

3   On October 12, 1988, following negotiations with the District Attorney, Defendant pled guilty
4   to FIRST DEGREE MURDER and stipulated to Life without parole. On December 20, 1988, Judgment
5   of Conviction (Plea) was entered and Defendant was sentenced to Life in the Nevada State Prison
6   without the possibility of parole.

7   On December 20, 1989, Defendant and appointed counsel, Mark Bailus, filed Defendant's first
8   Petition for Post-Conviction Relief alleging *inter alia*: 1) involuntary entry of guilty plea, and 2)
9   ineffective assistance of counsel. On April 15, 1992, this Court denied Defendant's petition and an appeal
10  was taken. On January 24, 1995, the Nevada Supreme Court dismissed Defendant's appeal in Case No.
11  23338.

12  On September 9, 1995, Defendant filed a second pro per Petition for Writ of Habeas Corpus
13  (Post-Conviction) along with a pro per Motion for Appointment of Counsel. On September 27, 1995,
14  the district court granted Defendant motion to appoint counsel, and subsequently defense counsel filed
15  a First Amended Petition for Writ of Habeas Corpus.

16  ## STATEMENT OF THE FACTS

17  On July 31, 1988, the Defendant and two (2) friends, Arthur Cullins and Ringo, were located at
18  25 Britz Circle Apt. B, North Las Vegas, Nevada. The apartment has a reputation among residents as
19  a "hangout" for drug transactions and other illicit activities. At about 5:30 p.m., the young men were
20  approached by the victim, Brittain Gelabert, who wanted to sell a .38 caliber Smith and Wesson revolver
21  for $100.00.

22  Brittain removed the gun and several bullets from her purse and placed them on the counter top.
23  The Defendant picked up the gun, opened the cylinder, loaded it, pointed the gun at Brittain, and
24  demanded she lower the price. To Brittain's detriment, she refused. The Defendant then decided to keep
25  the gun without paying for it and told Brittain to leave. When Brittain again refused, the Defendant shot
26  her (Def's District Court file statement of the Defendant).

27  Forensic Pathologist, Sheldon Green, testified at the Defendant's preliminary hearing that Brittain
28  died from a single bullet wound to the right chest area, fired from "some distance." (Def's Preliminary

-2-

1  Hearing Trans. at 27).

2                              **DECISION**

3        Ground One, alleges the Defendant's guilty plea was the coerced result of an improperly filed

4  robbery charge. Defendant claims he should be permitted to withdraw his plea because the proceedings

5  were tainted. The voluntary nature of Defendant's plea has previously been decided on the merits and

6  is the Law of the Case. (Exhibit "A" - Order Dismissing Appeal).

7        The Nevada Supreme Court has determined that all claims which have previously been heard and

8  decided on the merits cannot be revisited in a subsequent appeal based on the Doctrine of the Law of the

9  Case. The ruling in the first instance becomes the law of the case for all subsequent proceedings. Hall

10  v. State, 91 Nev. 314, 535 P.2d 797 (1975); Marshall v. State, 110 Nev. 1328, 885 P.2d 603 (1994)

11  (Law of the Case applies to Petitions for Writ of Habeas Corpus).

12        Also, Defendant's allegation that his guilty plea was the result of an improperly filed robbery

13  charge is contrary to the record. The record clearly states the District Attorney was initially under the

14  mistaken belief that the Defendant was an adult. Once the District Attorney was made aware of the

15  Defendant's correct age, 16, the robbery charge was dismissed for lack of District Court jurisdiction. The

16  District Attorney affirmatively stated the dismissal of said robbery charge was not a part of the

17  negotiations. The State did however acquiesce to an agreement not to pursue said charge in Juvenile

18  Court (Exhibit "B" - Transcript of Def's Plea at 117-119). This course of action is consistent with plea

19  negotiations and Defendant's plea was not the result of improper influence. Schmidt v. State, 94 Nev.

20  665, 666, 584 P.2d 695, 696 (1978).

21        Ground Two, alleges defense counsel was ineffective for failing to file a motion to dismiss the

22  robbery charge which was improperly filed in District Court.

23        The Defendant's argument is meritless because the robbery charge was in fact dismissed by the

24  District Attorney prior to the taking of Defendant's plea and was not a part of the negotiations.

25  Defendant fails to show prejudice or how counsel's performance was deficient and therefore this

26  allegation is dismissed. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Warden v.

27  Lyons, 100 Nev. 430, 683 P.2d 504 (1984).

28        Defendant's pro per petition alleges his conviction was obtained by the use of an illegally coerced

                                      -3-

1  confession. In its first response, the State raised the procedural bar of NRS 34.810, which reads:

2              1.   The court shall dismiss a petition if the court
       determines that:
3              (a) The petitioner's conviction was upon a plea
       of guilty and the petition is not based upon an allegation
4      that the plea was involuntarily or unknowingly entered
       or that the plea was entered without effective assistance
5      of counsel.

6  (Emphasis added).

7      Defendant's First Amended Petition alleges this court should decide the issue on the merits

8  because procedural bars are not regularly and strictly enforced. Defendant's argument is meritless

9  because procedural bars are routinely enforced. Marshall v. State, 110 Nev. 1328, 1331 n.1, 885 P.2d

10 603, 605 n.1 (1994); Hogan v. State, 109 Nev. 952, 959, 860 P.2d 710, 715 (1993); Phelps v. Director,

11 Prisons, 104 Nev. 656, 659, 764 P.2d 1303, 1305 (1988).

12     The decision whether to employ the procedural bar is not a discretionary matter. The plain

13 language of the statute directs that the court "shall" dismiss claims which do not fall within the statute.

14 The State legislative intent is clear. Therefore, this allegation is dismissed.

15     Defendant claims the procedural bar of NRS 34.810 (2) does not apply because the issues

16 presented are sufficiently different. The statute reads:

17              A second or successive petition must be
       dismissed if the judge or justice determines that it fails
18     to allege new or different grounds for relief and that the
       prior determination was on the merits or, if new or
19     different grounds are alleged, the judge or justice finds
       that the failure of the petitioner to assert those grounds
20     in a prior petition constituted abuse of the writ.

21 (Emphasis added).

22     The Court finds that Defendant's allegations are not sufficiently different to justify relitigating the

23 same issues. Further, those issues which are sufficiently different constitute a "piecemeal approach,"

24 Darnell v. State, 98 Nev. 518, 521, 654 P.2d 1009, 1011 (1982), and an abuse of the writ.

25     Over the past seven (7) years, Defendant has been provided every opportunity to fairly contest

26 the validity of his conviction. The Nevada Supreme Court has stated, "At some point, we must give

27 finality to criminal cases" Colley v. State, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989). The

28 defendant shall not file another petition for writ of habeas corpus without prior permission of this court.

1    Defendant next alleges his case was prejudiced because he never consented to waive his right to

2  a direct appeal.  Assuming Defendant was denied this right, the Defendant's remedy is to pursue post-

3  conviction relief; which he has twice been permitted to do.  Defendant's contention that he should be

4  released (Def's First Amend Pet. at 7), is unwarranted and contrary to Nevada Law.

5    A defendant's right to a direct appeal is not constitutional, Castillo v. State, 106 Nev. 349, 792

6  P.2d 1133 (1990), but statutory, NRS 177.015(3).  When a defendant is deprived of this right, review

7  by the Nevada Supreme Court is lost and prejudice is presumed.  Fawaz v. State, 105 Nev. 682, 783 P.2d

8  425 (1989).

9    Recently the Nevada Supreme Court addressed this very situation in Lozada v. State, 110 Nev.

10  349, 871 P 2d 944 (1994).  The High Court determined the appropriate remedy when a defendant is

11  denied the right to a direct appeal is to raise any issues, which could have been raised on direct appeal,

12  in a petition for post-conviction relief.  The Court's opinion stated:

13          If [defendant] can establish his claim that he was denied
            his right to effective assistance of counsel on appeal,
14          which had the effect of denying [defendant] his right to
            appeal, the appropriate remedy would be to allow
15          [defendant] an opportunity to raise in a petition for a
            writ of habeas corpus any issues which he could have
16          raised on direct appeal. . . .
                 A complete remedy will exist, however, only if
17          the district court grants [defendant] counsel to assist
            him in the preparation of a petition for a writ of habeas
18          corpus.

19  Id. at 359, 871 P.2d at 950 (emphasis added).

20    The Defendant has twice been permitted to raise issues in petitions for post-conviction relief and

21  in both instances counsel has been appointed to assist him.  Evitts v. Lucey, 469 U.S. 387, 394, 395, 105

22  S.Ct. 830, 834, 835 (1985).  The Defendant has been afforded every right available under Lozada and

23  his contention that he be released is meritless.

24    The Court has reviewed the record in this case.  The Defendant entered into a plea bargain with

25  the State.  He was sentenced by the Court in accordance with the plea bargain.

26    Defendant has failed to identify any additional issues that he would have raised on direct appeal.

27  Likewise, this Court's review of the record establishes that there are no legitimate issues resulting from

28  his plea and sentence.  Therefore, this claim for relief is denied.

1     Next, Defendant claims that he is entitled to relief because his confession was taken in violation

2   of *Miranda*.  The United States Supreme Court has held that a confession taken in violation of Miranda

3   v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966) may not be used as substantive evidence against the

4   defendant.  However, a *Miranda* violation does not bar further prosecution.  Id. at 479, 86 S.Ct. at 1630.

5   The Defendant's request for relief is meritless because Defendant waived his right to raise this issue by

6   virtue of his guilty plea.  Cline v. State, 90 Nev. 17, 518 P.2d 159; Warden v. Lyons, 100 Nev. 430, 683

7   P.2d 504 (1984).

8     Also, even if a *Miranda* violation did occur, Defendant is unable to show prejudice because the

9   State never proffered the statement.  Defendant's allegation is without legal support and it is hereby

10  dismissed.

11    Defendant's final claim alleges counsel was ineffective for failing to move for dismissal of an

12  improper robbery charge. This allegation is without merit because, as has been previously discussed, said

13  robbery charge was dismissed and was not used by the prosecution as leverage during the plea

14  negotiations (Exhibit "B" - Transcript of Def's Plea at 117-119).

15    Defendant's allegation "that his attorney failed to remove the prime reason for his guilty plea: the

16  wrongful robbery charge" (Def's First Amend Pet. at 9) (emphasis added), is patently disingenuous.  In

17  return for Defendant's guilty plea to FIRST DEGREE MURDER, the State agreed not to seek the death

18  penalty and to drop the deadly weapon enhancement.  This court finds that is is incredible that

19  Defendant's "prime reason" for negotiating a plea was to avoid a robbery charge when the full extent of

20  the law exposed the Defendant to death penalty, or at least a consecutive life sentence on the use charge.

21    It is readily apparent Defendant is attempting to attack the voluntary nature of his plea because

22  his present circumstances, serving a life sentence without the possibility of parole, suggest he has nothing

23  to lose by playing the "new trial lottery."  Such attacks on properly negotiated pleas clog the already

24  burdened judicial calendar and attempt to circumvent justice.

25    Obviously it was the overwhelming evidence of guilt, the possibility of the death sentence, and

26  the deadly weapon enhancement which motivated the Defendant to plead guilty; not the robbery charge.

27  The record is clear that the robbery charged was dismissed prior to the Defendant entering his plea and,

28  despite what he may say from his cell, the evidence clearly indicates he would not have wanted to go to

1   trial. Hill v. Lockhart, 474 U.S. 52, 61, 106 S.Ct 366, 371 (1985); see Warden v. Lyons, 100 Nev. 430,

2   683 P.2d 540 (1984)

3                                              ORDER

4          THEREFORE, IT IS HEREBY ORDERED that the Defendant's Petition for Writ of Habeas

5   Corpus (Post-Conviction) shall be, and it is, hereby denied.

6          DATED this _29th_ day of February, 1996.

7

8                                    _____
                                          DISTRICT JUDGE

9

10  STEWART L. BELL
    DISTRICT ATTORNEY
11  Nevada Bar #000477

12

13  BY_____
       DAVID J.J. ROGER
14     Chief Deputy District Attorney
       Nevada Bar #002781

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | CASE NO. _C09C1S_
2 | DEPT. NO. _IV_
3 | DOCKET _C_                                      FILED

4 |                                        MAR 1 3 28 PM '96
5 |
6 | IN THE _8_ JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
7 |              IN AND FOR THE COUNTY OF _CLARK_
8 |                          * * * * *
9 | _JIMMIE DAVIS_           ,           )
10 |              Petitioner,            )
11 |    vs.                              )           NOTICE OF APPEAL
12 | THE STATE OF NEVADA,                )
13 |              Respondent.            )
14 | _____            )

15 |     Notice  is  hereby  given  that, _JIMMIE DAVIS_       ,
16 | Petitioner in the above entitled action, hereby appeals to the
17 | Nevada Supreme Court from the District Court's Order denying
18 | Petitioner's _WRIT OF HABEAS CORPUS_           , entered in
19 | this action on the _24_ day of _FEBUARY_   , 1996.
20 |     DATED this _3_ day of _March_       , 1996 .
21 |
22 |                                  _JIMMIE DAVIS 27362_
23 |                                  _JIMMIE DAVIS  27362_
      |                                  PETITIONER IN PRO PER
      |                                  Ely State Prison
24 |                                  P.O. Box 1989
      |                                  Ely, Nevada 89301
25 |
26 | ///
27 | ///

JIMMIE DAVIS   7362
PO BOX 607
CARSON CITY N  ADA
         89702

District Court
CLARK COUNTY, NEVADA

1

2

3

4  JIMMIE DAVIS

            Petitioner,                        CASE NO. C85078

5               V                              DEPT NO.  IV

6  THE STATE OF NEVADA,

7            Respondent.

8  _____

9

10            MOTION TO CORRECT ILLEGAL SENTENCE
                     (NRS 176.555)

11      COMES NOW THE PETITIONER, JIMMIE DAVIS, IN PROPER PERSON AND

12  RESPECTFULLY SUBMITS THIS MOTION TO CORRECT ILLEGAL SENTENCE PURSUANT

13  TO NRS 176,555.

14      THIS MOTION IS MADE AND BASED UPON THE FILES AND RECORDS OF THE

15  ABOVE ENTITLED CAUSE OF ACTION AND THE ATTACHED MEMORANDUM OF POINTS

16  AND AUTHORITIES.

17      DATED THIS  26  DAY OF  Auc   1997.

18

19                              Jimmie Davis 27362

20                              JIMMIE DAVIS 27362
                                PO BOX 607
                                CARSON CITY NEVADA
21                                      89702

22

23

24

25

26

27

28