STATEMENT OF CASE

APPELLANT WAS CHARGED WITH MURDER WITH THE USE OF A DEADLY WEAPON AND ROBBERY WITH THE USE OF A DEADLY WEAPON AT PRELIMINARY HEARING ON 8-25-97 THE APPELLANT WAS BOUND OVER AND HELD TO ANSWER TO THE ABOVE CHARGE ON 9-28-88 ON SAID DATE APPELLANT ENTERED A PLEA OF NOT GUILTY TO ABOVE MENTIONEDCHARGES AND MATTER WAS SET FOR JURY TRIAL.ON OCT 12, 1988

APPELLANT PLED GUILTY PURSUANT TO PLEA NEGOTIATIONS TO COUNT I OF THE INFORMATION CHARGING HIM WITH MURDER WITH THE USE OF A DEADLY WEAPON AND BECAUSE THE APPELLANT WAS 16 AND HAD TO BE CERTIFIED . IN THE CIURT OF THE NONORABLE EARL WHITE DISTRICT COURT JUDGEIN AND FOR THE EIGHT DISTRICT COURT IN AND FOR THE COUNTY OF CLARK . ON 11-28-88 appellant was GRANTED A CONTINUANCE  BECAUSE HIS PARENTS WERE ATTEMPTING TO OBTAIN PRIVATE COUNSEL IN ORDER TO DISCHARGE CURRENT COUNSEL APPOINTED BY COURT. ON DEC 12,1988 APPELLANT SENTENCING HEARING WAS CONDUCTED AT WHICH TIME THE DISTRICT COURT JUDGE IMPOSED SENTENCE OF LIFE WITHOUT THE POSSIBLEITY OF PAROLE .

## ISSUES

NRS 213.085 HAS MADE PETITIONERS SENTENCE ILLEGAL

(1) PETITIONERS SENTENCE HAS BECOME AND STILL IS FACIALY ILLGAL UNDER EXPO FACTO WHICH IS A CONSTITUTIONAL VIOLATION.

(2) THE REMENDY GIVEN IN MILLER V WARDEN IS IMPROPER AND THE PROPER REMENDY IS TO RESENEENCED TO LIFE WITH THE POSSIBILTY OF PAROLE OF BE RELEASED UNDER NRS 34.500 (9).

(3) SENTENCE BECAME ILLEGAL UNDER LOZADA V DEEDS WHEN JUDGE STATED YOU DONT HAVE A RIGHT TO APPEAL CONVICTION OR SENTENCE.(ON RECORD)

(4) MOTION TO CORRECT AN ILLEGAL SENTENCE IS CORRECT WHERE THERE WAS A MISUNDERSTANDING OF PETITIONERS AGE BY THE DISTRICT ATTORNEY THE COURT APPOINTED COUNSEL AND THE JUDGE.(ON RECORD AT     PLEA HEARING)

RULING CASE LAW LIES SQUARLY ON PETITIONERS SIDE WEAVER V GRAHAM 101Sct 960 (1981) FEDERAL COURTS 513- PROPER RELIEF UPON A CONCLUSION THAT A STATE PRISONER IS BEING TREATED UNDER AN EX POST FACTO LAW  IS TO REMAND TO PERMIT THE STATE COURT TO APPLY IF POSSIBLE  THE LAW IN PLACE WHEN HIS CRIME OCCURED. U.S.C.C. CONST ART 1, 10,cl, 1.

IN THE INSTANT CASE BEFORE THE COURT IT IS NOT POSSIBLE TO APPLY THE LAW IN PLACE WHEN THE CRIME OCCURRED THE BOARD HAS BEEN TAINTED BY KNOWING AND APPLYING SUCH ALAW . U.S. V PASKOW 11F3d 873(9thcir1993) MILLER V FLORIDA 107Sct2446(1987) CONSTITUTIONAL LAW 199 CONSTITUTIONAL LAW199   CONSTITUTIONAL PROHIBITION AGAINST EX POST FACTO LAWS CANNOT  BE AVOIDED  MERELY BY ADDING TO LAW NOTICE THAT IT MIGHT BE CHANGED. CONSTITUTIONAL LAW 203 CRIMINAL LAW 1208.1(3) application of revised sentencing guidelines to DEFENDANT , WHOSE CRIMES OCCURRED BEFORE THEIR EFFECTIVE DATE, DISADVANTAGED DEFENDANT BY INCREASING DATE, DISADVANTAGED DEFENDANT BY INCREASING PRESUMPTIVE SENTENCE AND VIOLATED EX POST FACTO CLAUSE; ALTHOUGH TRIAL JUDGECOULD HAVE IMPOSED SAME SENTENCE UNDER

CASE NO. C85078

DEPT NO. IV

FILED

SEP 5  12 3. FM '97

_____
CLERK

JIMMIE DAVIS
                Petitioner,

vs.

AFFIDAVIT IN SUPPORT OF MOTION
TO PROCEED IN FORMA PAUPERIS

THE STATE OF NEVADA,
                Respondent.

_____

    I,    JIMMIE DAVIS            ,HEREBY DECLARE UNDER PENALTY OF

PERJURY THAT I AM THE PETITIONER IN THE ABOVE ENTITLED MATTER, THAT I AM

INCARCERATED AT THE CARSONCITY NEVADA STATE PRISON , THAT I MAKE THE

FOLLOWING ASSERTATIONS IN SUPPORT OF MY MOTION FOR LEAVE TO PROCEED IN

FORMA PAUPERIS, WITHOUT BEING REQUIRED TO PRE-PAY THE COST, OR TO GIVE

SECURITY THEREOF THAT BECAUSE OF MY PROVERTY I AM UNABLE TO PAY THE COST

OF PROSECUTING THE FOREGOING ACTION.

    I, DECLARE UNBER PENALTY OF PERJURY THAT THE FOLLOWING STATEMENTS

ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

    1. THAT I SO NOT REQUEST THAT AN ATTORNEY BE APPOINTED TO REPRESENT

ME TO PRESECUTE THIS ACTION.

    2. THAT I AM NOT PRESENTLY EMPLOYED AND THAT I HAVE NOT BEEN EMPLOYED

WITHIN THE PAST TWELVE MONTHS.

    3.THAT I HAVE NOT RECEIVED WITHIN THE PAST TWELVE MONTHS ANY MONEY

FROM THE FOLLOWING SOURCES:

    a. BUINESS, PROFESSIONAL OR FORM OF SELF EMPLOYMENT.

    b. RENT PAYMENTS, INTREST OR DIVIDENDS, PENSIONS, OR LIFE INSURANCE.

    c.GIFTS, INHERITANCES, OR ANY OTHER SOURCES

    d.THAT I  DO NOT HAVE A CHECKINGS OR SAVINGS ACCOUNT(S).

    e. THAT I DO NOT OWN ANY REALESTATE, AUTHMOBILES, STOCKS, BONDS,NOTES,

RECEIVED

SEP 05 1997

## STATEMENT OF CASE

APPELLANT WAS CHARGED WITH MURDER WITH THE USE OF A DEADLY WEAPON AND ROBBERY WITH THE USE OF A DEADLY WEAPON AT PRELIMINARY HEARING ON 8-25-97 THE APPELLANT WAS BOUND OVER AND HELD TO ANSWER TO THE ABOVE CHARGE ON 9-28-88 ON SAID DATE APPELLANT ENTERED A PLEA OF NOT GUILTY TO ABOVE MENTIONEDCHARGES AND MATTER WAS SET FOR JURY TRIAL.ON OCT 12, 1988

APPELLANT PLED GUILTY PURSUANT TO PLEA NEGOTIATIONS TO COUNT I OF THE INFORMATION CHARGING HIM WITH MURDER WITH THE USE OF A DEADLY WEAPON AND BECAUSE THE APPELLANT WAS 16 AND HAD TO BE CERTIFIED . IN THE CIURT CF THE NONORABLE EARL WHITE DISTRICT COURT JUDGEIN AND FOR THE EIGHT DISTRICT COURT IN AND FOR THE COUNTY OF CLARK . ON 11-28-88 appellant was GRANTED A CONTINUANCE  BECAUSE HIS PARENTS WERE ATTEMPTING TO OBTAIN PRIVATE COUNSEL IN ORDER TO DISCHARGE CURRENT COUNSEL APPOINTED BY COURT. ON DEC 12,1988 APPELLANT SENTENCING HEARING WAS CONDUCTED AT WHICH TIME THE DISTRICT COURT JUDGE IMPOSED SENTENCE OF LIFE WITHOUT THE POSSIBLEITY OF PAROLE .

ISSUES

NRS 213.085 HAS MADE PETITIONERS SENTENCE ILLEGAL

(1) PETITIONERS SENTENGE HAS BECOME AND STILL IS FACIALY ILLGAL UNDER EXPO FACTO WHICH IS A CONSTITUTIONAL VIOLATION.

(2) THE REMENDY GIVEN IN MILLER V WARDEN IS IMPROPER AND THE PROPER REMENDY IS TO RESENEENCED TO LIFE WITH THE POSSIBILTY OF PAROLE OF BE RELEASED UNDER NRS 34.500 (9).

(3) SENTENCE BECAME ILLEGAL UNDER LOZADA V DEEDS WHEN JUDGE STATED YOU DONT HAVE A RIGHT TO APPEAL CONVICTION OR SENTENCE.(ON RECORD)

(4) MOTION TO CORRECT AN ILLEGAL SENTENCE IS CORRECT WHERE THERE WAS A MISUNDERSTANDING OF PETITIONERS AGE BY THE DISTRICT ATTORNEY THE COURT APPOINTED COUNSEL AND THE JUDGE.(ON RECORD AT      PLEA HEARING)

RULING CASE LAW LIES SQUARLY ON PETITIONERS SIDE WEAVER V GRAHAM 101Sct 960 (1981) FEDERAL COURTS 513- PROPER RELIEF UPON A CONCLUSION THAT A STATE PRISONER IS BEING TREATED UNDER AN EX POST FACTO LAW  IS TO REMAND TO PERMIT THE STATE COURT TO APPLY IF POSSIBLE  THE LAW IN PLACE WHEN HIS CRIME OCCURED. U.S.C.C. CONST ART 1, 10,c1, 1.

IN THE INSTANT CASE BEFORE THE COURT IT IS NOT POSSIBLE TO APPLY THE LAW IN PLACE WHEN THE CRIME OCCURRED THE BOARD HAS BEEN TAINTED BY KNOWING AND APPLYING SUCH ALAW . U.S. V PASKOW 11F3d 873(9thcir1993) MILLER V FLORIDA 107Sct2446(1987) CONSTITUTIONAL LAW 199 CONSTITUTIONAL LAW199   CONSTITUTIONAL PROHIBITION AGAINST EX POST FACTO LAWS CANNOT  BE AVOIDED  MERELY BY ADDING TO LAW NOTICE THAT IT MIGHT BE CHANGED. CONSTITUTIONAL LAW 203 CRIMINAL LAW 1208.1(3) application of revised sentencing guidelines to DEFENDANT , WHOSE CRIMES OCCURRED BEFORE THEIR EFFECTIVE DATE, DISADVANTAGED DEFENDANT BY INCREASING DATE, DISADVANTAGED DEFENDANT BY INCREASING PRESUMPTIVE SENTENCE AND VIOLATED EX POST FACTO CLAUSE; ALTHOUGH TRIAL JUDGECOULD HAVE IMPOSED SAME SENTENCE UNDER OLD

1  GUIDELINES BY DEPARTING FROM PRESUMPTIVE SENTENCE RANGE THEN IN EXISTENCE

2  REVISED LAW FORECLOSED DEFENDANTS ABILITY TO CHALLENGE SENTENCE ON

3  REVIEW BECAUSE IT WAS WITHIN NEW PRESUMPTIVE RANGE U.S.C.A.Const Art

4  1, 9,cl,1.

5  THE ONLY REMEDY AVAIBLE TO PETITIONER IS TO HAVE THE CURRENT

6  SENTENCE WITHOUT VACATED AND TO BE RESENTENCEED TO LIFE WITH THE POSSIBLE1TY

7  OF PAROLE  ALLOWING FOR REVIEW WHICH WAS THE UNDERSTANDING AT THE TIME OF

8  SENTENCE AND THE APPLICABLE LAW. AND OR TO BE RELEASED UNDER NRS 34.500(9)

9  accordly with the law. CITING STATE V YELLOW MEXICAN 688p2d 1097(1984)

10 THERE ARE TWO BASIC ELEMENTS NECESSARY FOR A CRIMINAL LAW TO BE EX POST

11 FACTO (1) IT MUST BE APPLIED RETROACTIVELY APPLY TO EVENTS  OCCURING

12 BEFORE ITS ENACTMENT AND (2)IT MUST DISADVANTAGE THE OFFENDER AFFECTED

13 BY IT  ID AT 29 101 Sct at 964 WEAVER V GRAHM 450 U.S. at 28-29 101Sct 964

14 THE PRESENCE OR ABSENCEOF  AN AFFIRMATIVE ENFORCEABLE RIGHT IS NOT RELEVANT

15 HOWEVER TO THE EX POST FACTO PROHIBITION WHICH FORBIDS THE IMPOSITION

16 OF PUNISHMENT MORE SEVERE THAN THE PUNISHMENT ASSIGNED BY LAW WHEN THE

17 ACT TO BE PUNISHED OCCURED. CRITICAL TO RELIEF UNDER THE EX POST FACTO

18 CLAUSE IS NOT AN INDIVIDUALS RIGHT TO LESS PUNISHMENT BUT THE LACK

19 OF FAIR NOTICE AND GOVERMENTAL RESTRAINT WHEN THE LEGISLATURE INCREASES

20 PUNISHMENT BEYOUND WHAT WAS PRESCRIBED WHEN THE CRIME WAS CONSUMMATED

21 THUS EVEN IF A STATUTE MERELY ALTERS PENAL PROVISIONS ACCORDED BY THE

22 GRACE OF THE LEGISLATURE  IT VIOLAES THE CLAUSE IF IT BOTH IS RETRO-

23 SPECTIVE AND MORE ONEROUS THAN THE LAW IN EFFECT ON THE DATE OF THE

24 OFFENCE THE BAN ALSO RESTRICTS GOVERMENTAL POWER BY RESTRAINING ABITRARY

25 AND POTENTIALLY VINDICTIVE LEGISLATION. MOLLOY V SOUTH CAROLINA 23 US 180

26 183,  .35Sct 507, 508.

27 Qoioting; we have previously recognized that a prisoners eligibility

28 for reduced imprisonment is a significant factor entering into both

1  the defendants decidion to plea bargain and the judges calculation of
2  the sentence to be imposed.

3      WHICH IS THE CASE IN THE CASE NOW BEFORE THE COURT , PETITIONER
4  PLEADED GUILTY WITH THE UNDERSTANDING THAT SOME TIME IN THE FUTURE
5  HE WOULD BE ABLE TO RECIEVE A FAIR AND JUST HEARING AT REVIEW , WITH
6  THE NEW LAW WHICH IS STILL IN EFFECT THIS IS NOT POSSIBLE BECAUSE HE HAS
7  NOW BEEN STIGMATIZED AND THE BOARD HAS BEEN TAINTED.

8      WHEN THE LAW WAS PASSED PETITIONER RESIDED AT ELY STATE PRISONON
9  THE MEDIUMSECURITY SIDE OF THE PRISON , POINT LEVEL WAS READY FOR TRANSFER
10  WITH THE LESS AS POSSIBLE YOU CAN HAVE TO TRANSFER BUT BECAUSE OF THIS
11  LAW PETITIONER WAS TAKEN TO FULL CLASIFICATION AND CLASIFIED TO MAXMUM
12  SUCURITY CLOSED CUSTODY AND LOCKED IN CELL FOR 22 HOURS A DAY UNTIL
13  JAN OF 1997.   PETITIONER WAS NOT LOCKED IN CELL FOR DOING ANYTING
14  WRONG BUT IT WAS ONLY BECAUSE OF THE VINDICTIVE LEGISLATION THAT WAS
15  PASSED WHICH THE LAW CLEARLY CLEARLY UNDER EX POST FACTO WAS MADE
16  TO PREVENT THIS TYPE OF ABITRARY AND VINDICTIVE LEGISLATION AGAINST
17  A HUMAN IN VIOLATION OF THE CONSTITUTION . PETITIONER SUBMITS EXHIBIT
18  PAGES 12 to 25                    TO SHOW THAT HIS POINT LEVEL WAS ABLE TO
19  BE TRANSFERED IF NOT FOR THE LAW 213.085 WHICH STATES (1) if a person
20  is convicted of murder of the first degree before   on or after july 1
21  1995 the board shall not commute  (A) A SENTENCE OF DEATH
22                                  (B) A SENTENCE OF IMPRISONMENT
23                                      IN THE STATE PRISON FOR LIFE WITHOUT
24                                      THE POSSIBILITY OF PAROLE TO A SENTENCE
25                                      THAT WOULD ALLOW PAROLE.
26  NOW PETITIONER WAS ONLY 15 WHEN HE WAS PLACED IN JAIL AND WAS ONLY
27  16 WHEN HE WAS SENT TO PRISON FOR THIS LONG TIME AND IN PLEADING
28  GUILTY TO THE CRIME IT WOULD HAVE HAD TO BE THOUGHT IN HIS MIND

1   AND HIS ATTORNEYS MIND THAT HE WOULD SOME DAY BE REVIEWED FAIRLY

2   TO SEE IF HE HAS ABIDED BY THE PRISON RULES TO THE POINT THAT

3   WOULD MERIT A RECONIZED CHANGE FROM CHILD TO MAN,BUT BECAUSE OF

4   THIS LAW THIS IS IN NO WAY POSSIBLE SEE EXHIBIT PAGES 12 to 25

5   ONCE AGAIN THE ᴄ CASE LAW OF THE LAND LIES SQUARLY ON THE

6   PETITIONERS SIDE CITING LERNER V GILL 580 FSUPP 1056 (1984) THIS

7   ELIGIBILTY CARRIES WITH IT THE OPPORTUNITY TO RESIDE IN THE MINIMUM

8   SECURITY SECTION OF THE PRISON AND TO PARTICIPATE IN THE WORK

9   RELEASE ·· OR FURLOUGH PROGRAMS AND THE HOPE THAT AT SOME POINT

10  AND TIME THE PAROLE BOARD MAY SEE FIT TO GRANT HIM PAROLE. (1) HE HAS

11  BEEN SUBJECTED TO INCREASE PUNISHMENT IN VIOLATION OF THE PROHIBITION

12  AGAINST EX POST FACTO LAWS CONTAINED INTHE UNITED STATES CONSTITUTION

13  ART I SECTION 9 and 10, (2) THAT HE HAS BEEN SUBJECT TO INCREASE PUNISH

14  MENT IN VIOLATION OF THE GUARANTEEOF DUE PROCESS OF LAW CONTAINED

15  IN THE FOURTEENTH AMINDMENT AS EXPLIOTED IN BOUW V CITY OF COLUMBIA

16  378U.S. 347, 84 sct 1697  17Led2d 894(1964) AND SUBSEQUENT CASES AND

17  (3) THAT FUNDAMENTAL FAIRNESS IMPOSES A DUE PROCESS OBLIGATION

18  PREVENTING THE STATE FROM ALTERING ITS EXISTING POLICY TO HIS

19  DETRIMENT  CONSTITUTIONAL LAW 203 PARDON AND PAROLE KEY 50 U.S. v

20  PASKOW 11f3D 873(9thcir1993)   citing LINDSEY V STATE OF WASHINGTON

21  57 Sct at 799IT IS TRUE THAT PETITIONER MIGHT HAVE BEEN SENTENED

22  TO FIFTEEN YEARS UNDER THE OLD STATUTE BUT THE EX POST FACTO CLAUSE

23  LOOKS TO THE STANDARD OF PUNISHMENT PRESCRIBED BY A STATUTE RATHER

24  THAN TO THE SENTENCE ACTUALLY IMPOSED. THE CONSTITUTION FORBIDSTHE

25  APPLICATION OF ANY NEW PUNITIVE MEASURE TO A CRIME ALREADY CONSUMATED

26  TO THE DETRIMENT OF METERIAL DISADVANTAGE OF THE WRONGDOER.KRIG

27  V MISSOURI SUPR 107 U.S. 221, 228 2292Sct 443 27 Led. 648 REGARDLESS

28  OF THE LENTH OF THE SENTENCE ACTUALLY IMPOSED, SINCE THE MEASURE OF

PUNISHMENT  PRESCRIBED BY THE LATER STATUTE IS MORE SEVERE THAN
THAT OF THE EARLIER, STATE V CALLAHAN 109 La946, 33So 931, STATE V
SMITH, 560r 21, 107 p.980.

(3) REMOVAL OF THE POSSIBILTY OF A SENTENCE OF LESS THAN
FIFTEEN YEARS AT THE END OF WHICH PETITIONERS WOULD BE FREED FROM
FUTHER CONFINEMENT AND TUTELAGE OF A PAROLE REVOCABLE AT WILL, OPERATES
TO THEIR DETRIMENT IN THE SENCE THAT THE STANDARD OF PUNISHMENT ADOPTED
BY THE NEW STATUTE IS MORE ONEROUS THAN THAT OF THE OLD. IT COULD HARDLY
BE SAID OR THOUGHT THAT IF A PUVISHMENT FOR MURDER OF LIFE IMPRISONMENT
OR DEATH WERE CHANGED TO DEATH ALONE THE LATER PENALTY COULDBE APPLIED
TO HOMICIDE COMMITTED BEFORE THE CHANGE. MARION V STATE 16 NEB. 349, 20 N.W.
289. YET THIS IS ONLY A MORE STRIKING INSTANCE OF THE DETRIMENT WHICH
ENSUES FROM THE REVISION OF A STATUTE PROVIDING FOR A MAXMUM AND A MINIMUM
PUNISHMENT BY MAKING THE MAXIMUM COMPULSORY.  WE NEED NOT INQUIRE
WHETHER THIS IS TECHNICALLY AN INCREASE IN THE PUNISHMENT ANNEXED TO THE
CRIME, SEE CALDER V BULL, SUPRA, 3 DALL. 386, 390, 1 Led 648 IT IS PLAINLY
TO THE SUBSTANTIAL DISADVANTAGE OF PETITIONERS  TO BE DEPRIVED OF ALL
OPPORTUNITY TO RECIEVE A SENTENCE WHICH WOULD GIVE FREEDOM FROM CUSTODY
AND CONTROL PRIOR TO THE EXPIRATION OF THE FEFTEEN YEAR TERM.

IN THE CASE BEFORE THE COURT NOW THE LAW WAS ALREADY SAID TO BE
UNCONSTITUTIONAL AND EX POST FACTO WHAT IS NOW SOUGHT IS THE PROPER REMEDY
WHICH IS TO APPLY IF POSSIBLE  THE LAW IN PLACE WHEN HIS CRIME OCCURRED.
U.S.C.A CONST. ATR, 1, 1, 10, cl, I  WEAVER V. GRAHAM CITE AS 101Sct 960
(1981)  A SENTENCE OF LIFE WITH THE POSSIBLITY OF PAROLE WOULD ALLOW FOR
A FAIR AND JUST REVIEW.citing  DOBERT V FLORIDA  97 Sct 2290 (1977) PAGE
2302(9) It is one thing to find an ex post facto violation where under
the new law a defendant must receive a sentence which would and was under
the old law only the maximum in a discretionary spectrum of length it
would be another ao do so in a case such as this where the change has had

1  no effect on the defendant in the proceeding of which he complains.   IN
2  THE CASE BEFORE THE COURT THIS SENTENCE IS AND WAS ONLY THE MAXIMUM IN
3  IN A DISCRETIONARY SPECTRUM OF LENGTH.

## JURISDICTION

THIS COURT HAS JURISDICTION TO ENTERTAIN THE
INSTANT MOTION PURSUANT TO NRS 176.555 AND THE
PREVAILING CASE LAW.

IT IS OBVIOUS FROM THE TRACK RECORD OF THE CLARK COUNTY DISTRICT

ATTORNEYS OFFICE IN CASES SUCH AS THE INSTANT CAUSE THAT THE JURISDICTION

ANS SECCESIVE PETITION WILL BE THE PRIMARY DEFENSE RAISED BY THAT OFFICE.

HOWEVER, IT IS PETITIONERS INTENTIONS TO HEAD THAT DEFENSE OFF AT THE

PASS BY DIRECTING THIS COURT TO INTENT OF BOTH THE NEVADA LEGISLATURE

AND THE NEVADA SUPREME COURT WHEN A DISTRICT COURT IS FACED WITH A SEN-

TENCE OF IMPRISONMENT THAT HAS NO LEGAL BEARING.

TH DISTRICT ATTORNEYS OFFICE WILL ARGUE THAT THIS BE TREATED

AS A POST CONVICTION HEABUS CORPUS PETITION AND PROCEDURLY BARED FOR A

SUCCESSIVE PETITION. PETITIONER LOOKS TO HEAD THIS OFF BY STATING THE

FACTS :   THIS COULD NOT BE BROUGHT AT THAT TIME IN 1988 BECAUSE THIS

LAW JUST BECAME APPLICABLE IN 1995.  UNDER HEABUS CORPUS NRS34.500

GROUNDS FOR DISCHARGE IN CERTAIN CASES IF IT APPEARS ON THE RETURN

OF THE WRIT THAT THE PETITIONER IS IN CUSTODY BY VIRTUE OF PROCESS FROM ANY

COURT OF THIS STATE, JUDGE, OR OFFICE THEREOF, THE PETITIONER MAY BE

DISCHARGED IN THE FOLLOWING CASES: 2 WHEN THE IMPRISONMENT WAS AT

FIRT LAWFUL, YET BY SOME ACT, OMISSION ORR EVENT, WHICH HAS TAKEN

PLACE AFTERWARDS, THE PETITIONER HAS BECOME ENTITLED TO BE DISCHARGED

4  WHEN THE PROCESS THOUGH PROPER IN FORM, HAS BEEN ISSUED IN A CASE

NOT ALOWED BY LAW .  9  WHERE THE COURT FINDS THAT THERE HAS BEEN A

SPECIFIC DENIAL OF THE PETITIONERS CONSTITIONAL RIGHTS WITH REGARD

AND RESPECT TO HIS SENTENCE OR CONVICTION IN A CRIMINAL CASE.


NRS  176.555 WHERE ORIGINAL DEATH SENTENCE HAD BEEN INVALDATED AS A

RESULT OF U.S. SUPREME COURT DECISION DECLARING DEATH PENALTY

UNCONSTITUTIONAL IN CERTAIN CIRCUMSTANCES, DISTRICT JUDGE

1  POSSIBILTY OF PAROLE BECAUSE UNDER NRS 176.555 ILLEGAL SENTENCE MAY BE

2  CORRECTED AT ANY TIME AND PENALTY IMPOSED WAS ONLY LAWFUL PENALTY WHICH

3  COULD HAVE BEEN ENTERED UPON CONVICTION  AND FINDING OF JURY THAT DEFENDANT

4  SHOULD RECEIVE MAXIMUM SENTENCE PERMITTED BY LAW. ANDERSON V STATE 90

5  NEV 385,    528 p2d 1023 (1974) cited,  SUMMERS V STATE 90 NEV 460 STATE

6  V EIGHTH JUDICIAL DIST COURT 100 NEV. at 109, 677 P2d 1044 (1984).

7       IN THE INSTANCE CASE BEFORETHE COURT _THE PETITIONER ASKS TO BE

8  RESENTENCEED BECAUSE THE LAW OF HIS SENTENCE WAS FOUND TO BE UNCONSTITUTIONAL

9  AND AT THE TIME   HE WAS SENTENCED THE UNDERSTANDING WAS THAT

10  HE BE REVIEWED AT SOME POINT AND TIME, NOT RELEASED BUT REVIEWED. BECAUSE

11  OF THIS LAW THIS IS NO LONGER POSSIBLE  BY ANY MEANS OR IN A FAIR

12  SENCE, THE BOARD HAS ALREADY BEEN TAINTED BY SUCH A LAW MAKING IT

13  IMPOSSIBLE  FOR PETITIONER TO RECIEVE A FAIR AND JUST HEARING WHICH

14  BRINGS PETITIONER TO BRING THIS PETITIONER BEFORE THIS COURT TO BE

15  RESENTENCED TO LIFE WITH THE POSSIBLITY OF PAROLE WHICH IS THE ONLY

16  REMENDY APPLICABLE TO PETITIONERWHICH WOULD GIVE APPELLANT A FAIR AND

17  JUST HEARING AFTER A FINDING THAT THE COURT OF THE STATE OF NEVADA

18  SUPREME COURT   HAS FOUND THIS LAW TO BE UNCONSTITTUTIONAL AND

19  EX POST FACTO SEE MILLER V WARDEN 921 P2d 882(1996).

20       IN THE CASE BEFORE THE COURT PETITIONER WAS SENTENCED TO LIFE

21  WITHOUT THE POSSIBILTY OF PAROLE IN 1988 NRS 213.085 WAS PASSED

22  ON AND ABOUT JAN 1995 AND WAS FOUND TO BE UNCONSTITUTIONAL ON JULY

23  22, 1996 UNDER EX POST FACTO BUT IS STILL UPHELD AND USED SEE SOONER

24  V STATE 930p2d 707 NEV DECIDED DEC 20 1996. WHICH SHOWS BEYOND A

25  DOUBT THAT THE PETITIONER CAN NOT RECIEVE A FAIR HEARING UNLESS

26  HE IS RESENTENCED TOLIFE WITHTHE POSSIBLITY OF PAROLESO  THAT HE WILL

27  BE ABLE TO RECIEVE A FAIR AND JUST HEARING BY BEING REVIEWED NOT

28  RELEASDBUT BE GIVEN THE OPPERTUNITY TO BE REVIBWED . PETITIONER

1  FUTHER SUBMITS THAT CONSTITIONAL, STATUTORY, AND CASE LAW LIES SQUARLY

2  ON HIS SIDE AND THIS COURT DOESE HAVE JURISDICTION TO ENTERTAIN THE

3  INSTANT PLEADING.

11  RESPECTFULLY SUBMITTED THIS _26_ DAY OF _Hl'C_  11997

13                                        jimmie davis 27362
                                          PO BOX 607
14                                        CARSON CITY NEVADA
                                               9   89702

NEVADA DEPARTMENT OF PRISONS

OFFICE

MEMORANDUM

TO:

FROM:

SUBJECT:   Transfer                                    DATE:  November 19, 1996

Your letter to Director Bayer regarding a transfer the Ely State Prison has been referred to
the Classification and Planning Division for a response.  The Central Classification Division
of the Department does not initiate transfers for inmates.  This is the prerogative of the
institutional classification committee, as they are more familiar with individual case factors
than we are.

As the law relative to persons with Life Without sentences having access to the Pardon's
Board has been overturned in the courts, the transfer of inmates with a Life Without
sentences is once again an option for institutional classification committees.  I would suggest
that you contact the local staff if that is your desire.

GW:scc

1    PAGES 12 to 25  are based on a point level that is,IF YOU

2  HAVE 18  OR OVER POINTS YOU CANNOT BE CONSIDERED FOR TRANSFER ,
   IF YOU HAVE 17 AND UNDER YOU CAN LEAVE.  PETITIONER HAD 6 and 4

3  POINTA   FROM JAN OF 1991 to JAN 1997but was still led on that
   he could leave but never realy could and has still yet to see his

4  family and is even farther  away  and still maintain a good prison
   record.

5    BUT BECAUSE OF THIS LAW HE IS STILL NOT ALLOWED TO TRANSFER TO

6  A CORRECTIONAL FACILTY BUT MUST A  STAY IN A STATE PRISON.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEVADA DEPARTMENT OF PRISON

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: 12-5-96

TO: UNIT 7a COUNSLOR MsWOODS                    TITLE: _____

SUBJECT: TRANSFER

===============================================================

DETAILED EXPLANATION

I have been here in Ely state Prison since Jan. 1991

Ihave 4points. Ihave never beento the hole.

Please let me know when I will be eligible to transfer?

If I am eligible I would like to be placed in for a transfer.

to any prison.

===============================================================

INMATE NAME: JIMMIE DAVIS          DOP # 27362   LOCATION: 7-A30

===============================================================

RESPONSE

You may make your request at your next Reclassification Review 3/97

DATE: 12-5-96   SIGNED BY: _____

NEVADA DEPARTMENT OF PRISONS

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: 2-19-93

TO: Unit 8B Counselor

TITLE: _____

SUBJECT: Clasification

================================================

### DETAILED EXPLANATION

1) I would like to request a full clasification hearing.

2) I know you told me I was on the list, but I've been on that list three cpaws and still nothing happens while others who came after still leave.

So I would like to know or rather request a full Clasification hearing at this time as of 2-19-93.

Respectfully Submitted

================================================

INMATE NAME: Jimmie Davis   DOP # 27362   LOCATION: 8B48

================================================

### RESPONSE

Again you are on the list as interested in a transfer.

I will not take you to Full Committee, because that is what they are going to tell you.

There will be no one taken to Full committee Re: transfer — until there are beds at other institutions to transfer to.

DATE: 2/22/94        SIGNED BY: Cupum, Ccws T

NEVADA DEPARTMENT OF PRISONS

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: 7-4-96

TO: Unit Counselor of 7                          TITLE:

SUBJECT: Transfer

=====================================================================
DETAILED EXPLANATION

I have not seen my mother in seven years, I have maintained 4 points for 7 years I would like to be transfered to Indian Springs so that I may see my family which is closer to Las Vegas.

PLEASE Respond and let me know the truth of the matter as I have been given false hope for seven years.

=====================================================================
INMATE NAME: JIMMIE DAVIS          DOP # 27362 LOCATION: C-7-A-3C
=====================================================================
RESPONSE

DATE:                    SIGNED BY:

NEVADA DEPARTMENT OF PRISONS

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: 4-8-97

TO: Unit 8 Counselor

TITLE: _____

SUBJECT: Classification

================================================================

DETAILED EXPLANATION

_I would like to request a full classification
hearing, to be placed in lock-up status since
I arrived. I have been up here 4 days without a cell-
mate and I have asked that I might be left alone, or given
a cell-mate. I have been in trouble and I have been locked
up and I know my rights to a cell-mate. I have put in too
many requests that I have gotten a cell-mate. I would like
to have all of this cleared up and a classification. I would
also like to go to full classification to get some of my
items out my institutional properties and get a cellmate._

================================================================

INMATE NAME: JIMMIE DAVIS      DOP # 27262  LOCATION: 8-8-42

================================================================

RESPONSE

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATE: _____  SIGNED BY: _____

DOP-2049(10/8

NEVADA DEPARTMENT OF PRISON

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: 12-9-93

TO: Unit 8B Counslor

TITLE: _____

SUBJECT: Classification

=================================================================

DETAILED EXPLANATION

My Name is Jimmie Davis 27362 I talked to you in the unit and you told me to send you a Kite. I would like to know when I get to regular review classification? And at this time I would like to request to go to a full classification instead of a regular review. So could you please let me know when is my regular review and can I be placed in for a full classification? I only have 6 points or less plus I have been up here since 1991 without any trouble at all.

Respectfully submitted

=================================================================

INMATE NAME: Jimmie Davis          DOP # 27362   LOCATION: 8B48

=================================================================

RESPONSE

Your points are 4. Your next review will be in January. We will discuss the possibility of transfer then.

DATE: 12/28/93          SIGNED BY: Anderson, OCWS I

NEVADA DEPARTMENT OF PRISON

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: 3-14-93

TO: Unit 6 Counselor

TITLE:

SUBJECT: Transfer

### DETAILED EXPLANATION

I would like to know if I am on the list for transfer? I placed in a kite about this in 1991 Feb about going down South.

If I am not I would like to be placed on the list for Transfer down South to S.D.C.C so that I may be closer to my family. I have not asked in over 2 years so I would like to know if this is possible?

first Kite

INMATE NAME: Jimmie Davis    DOP # 27362 LOCATION: 6-B-2

### RESPONSE

Mr. Davis:

I have Submitted your name on the transfer list for SDCC a Southern Institution.

Right now, there are no transfers. Inmates are leaving for other reasons for Central office.

A lot of transfers are timing and luck. So, don't get discouraged. Things will go to you if you remain Patient!

DATE: 3/23/93    SIGNED BY: T. Jackson, CCWS I

DOP 3049 (10/89)

NEVADA DEPARTMENT OF PRISONS

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: 10-15-93

TO: Warden Wolf

TITLE:

SUBJECT: Transfer

===========================================================

### DETAILED EXPLANATION

I would like to be taken to a full classification or have my file reviewed for transfer because I have been imprison since I turned 16 and am now ageing on 22 and would like to be treenfered to SNCC or SDCC. I only have 6 poents and have been in no trouble since I have been locked up. I came to Ely Jan 5, 1991 and have had no write ups up in Ely. I would realy like to see my family. if you can please review my file you will see I have been very good.

Respectfully Sublmitted

===========================================================

INMATE NAME: Jimmie Davis    DOP # 27362 LOCATION: 8-B-48

===========================================================

### RESPONSE

I have placed you on a roster for transfer North or South. At present there are no transfers either North or South. If an opening takes place you will be given equal consideration.

DATE: 10/26/93    SIGNED BY: Arpaua, CCWS-T

NEVADA DEPARTMENT OF PRISON

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: 10-15-93

TO: _Warden Wolf_

TITLE: _____

SUBJECT: _Transfer_

=====================================================

DETAILED EXPLANATION

I would like to be taken to a full classification or
have my file reviewed for transfer because I have been
in prison since I turned 16 and am now a age now an 22
I would like to be transfered to SNCC or PCC. I
only have 6 points and I have been in medium
since I have been locked up. I came to Ely Jan 15 1991
and have had no write ups up in Ely. I would also
like to see my family. If you can please review
my file you will see I have been very good.
Respectfully Submitted

=====================================================

INMATE NAME: _Immie Davis_        DOP # _27362_  LOCATION: _8B-4?_

=====================================================

RESPONSE

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATE: _____        SIGNED BY: _____

NEVADA DEPARTMENT OF PRISONS

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: 10-20-93

TO: Unit 8B counselor                     TITLE: _____

SUBJECT: transfer

===============================================================
DETAILED EXPLANATION

I would like to be placed in for a transfer I only have six points. SNCC or SDCC

I would also like to know when I go to my six month review and at that time will I be able to go to a full classification to have my file reviewed.

So could you please review my file and see that I have been good.

also I have been locked up since I was 16 and am now 22 and would like to see my mother

Respectfully Submitted

===============================================================
INMATE NAME: Jimmie Davis   DOP # 17362  LOCATION: 8B48
===============================================================
RESPONSE

You have been placed on a list I maintain for transfer south.

Please realize it could be a long wait

DATE: 10/25/93        SIGNED BY: C Magnus-Christ

NEVADA DEPARTMENT OF PRISON

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: 10-2--13

TO: Unit 8B counslor                          TITLE: _____

SUBJECT: _____

=====================================================

### DETAILED EXPLANATION

I would like to be placed in for transfer of my Unit six position since space

I would also like to know when I get my six month review and at that time will I be able to go to a full classification to have my file reviewed.

So could you please review my file and see that I have been good.

would have been locked up since Nov. Respectfully I am now 27 and would like to see my _____

=====================================================

INMATE NAME: _____   DOP # 73-63   LOCATION: 8B48

=====================================================

### RESPONSE

You have been placed on a list I maintain for transfer south.

Please realize it could be a long wait.

_____

_____

_____

_____

_____

_____

DATE: 11/25/13        SIGNED BY: _____

NEVADA DEPARTMENT OF PRISC

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: 4-8-94

TO: Unit 8 Counslor                    TITLE: _____

SUBJECT: Classification

============================================================

### DETAILED EXPLANATION

I would like to request a full classification hearing, or be placed in for a full classification hearing. I have been up here 4 years without a write up and I have seen other inmates go to full classification who have been in trouble and then leave from up here who I know have more points then me. I have put in for other jobs and I cant get them, or I don't even get an answer back. I have been in the culenary 2 strugth years with that problem. I would like to go to a full classification to get some type of help with my situation & I have a numuous amount of problems.

============================================================

INMATE NAME: JIMMIE DAVIS          DOP #27362  LOCATION: 8-B-48

============================================================

### RESPONSE

Currently there are no beds — or movement for us down there. Your name is on the list — when a bed becomes available for you, you will go in front of classification.

DATE: 5/4/94          SIGNED BY: W.S. Ali H

NEVADA DEPARTMENT OF PRISONS

"INMATE INTERVIEW REQUEST"

"LONG FORM"

DATE: _____

TO: _____  TITLE: _____

SUBJECT: _____

===================================================================

DETAILED EXPLANATION

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

===================================================================

INMATE NAME: _____  DOP # _____  LOCATION: _____

===================================================================

RESPONSE

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATE: _____  SIGNED BY: _____

NEVADA DEPARTMENT OF PRISONS

*INMATE INTERVIEW REQUEST*

*LONG FORM*

DATE: 12-9-98

TO: Unit 8B Counselor   TITLE:

SUBJECT: Clasification

=============================================

## DETAILED EXPLANATION

My Name is Jimmie Davis 27365. I talked to you in the unit and you told me to come & fill out a kite. I would like to know when I go to regular review classification? And at this time I would like to request to go to a full classification instead of a regular review. So could you please let me know when is my regular review and can I be placed in for a full classification? I only have a few months left and I have been up here since 1991 with no write ups at all.

Robert Phillip will limits

=============================================

INMATE NAME: Jimmie Davis   ADOP# 27365   LOCATION: 8B-18

=============================================

## RESPONSE

DATE: _____   SIGNED BY: _____

**ORDR**
STEWART L. BELL
DISTRICT ATTORNEY
Nevada Bar #000477
200 S. Third Street
Las Vegas, Nevada 89155
(702) 455-4711
Attorney for Plaintiff

FILED

FEB 17  8 11 AM '98

DISTRICT COURT
CLARK COUNTY, NEVADA

THE STATE OF NEVADA,                    )
                                        )
                Plaintiff,              )
                                        )
        -vs-                            )        Case No.   C85078
                                        )        Dept No.   XIV
JIMMIE DAVIS,                           )        Docket     T
                                        )
                                        )
                Defendant.              )
                                        )

ORDER DENYING DEFENDANT'S MOTION TO CORRECT ILLEGAL SENTENCE

DATE OF HEARING: 11/21/97
TIME OF HEARING: 9:00 A.M.

THIS MATTER having come on for hearing before the above entitled Court on the 21st day of November, 1997, the Defendant not being present, in proper person, the Plaintiff being represented by STEWART L. BELL, District Attorney, through WILLIAM HEHN, Deputy District Attorney, and the Court having heard the arguments of counsel and good cause appearing therefor,

//
//
//
//
//
//

IT IS HEREBY ORDERED that the Defendant's Motion to Correct Illegal Sentence, shall be, and it is denied.

DATED this ___12th___ day of February, 1998.

_____
DISTRICT JUDGE

STEWART L. BELL
DISTRICT ATTORNEY
Nevada Bar #000477

BY _____
WILLIAM HEHN
Deputy District Attorney
Nevada Bar #001538

mmw

-2-

DISTRICT COURT

CLARK COUNTY NEVADA

JIMMIE DAVIS,
             PETITIONER,

VS

THE STATE OF NEVADA,
             RESPONDENT.

DEC 6   4 ∞ PM '97

CASE NO. C85078
DEPT NO. XLV

NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN THAT JIMMIE DAVIS  HEREBY APPEALS

THE ORDER OF DENIEAL ENTERED IN THIS COURT ON OR ABOUT THE 14

DAY OF NOVEMBER  1997. ENTERED ON THE MOTION TO CORRECT AN

ILLEGAL SENTENCE.


DATED THIS  3  DAY OF  December  1997

JIMMIE DAVIS 27362

JIMMIE DAVIS 27362
PO BOX 607
CARSON CITY NEVADA 89702

RECEIVED
DEC 08 1997
COUNTY CLERK

IN THE SUPREME COURT OF THE STATE OF NEVADA

JIMMIE DAVIS,

Appellant,

vs.

THE STATE OF NEVADA,

Respondent.

No. 28400

**FILED**

MAR 04 1999

JANETTE M. BLOOM
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

JIMMIE DAVIS,

Appellant,

vs.

THE STATE OF NEVADA,

Respondent.

No. 31521

## ORDER DISMISSING APPEALS

Docket No. 28400 is a proper person appeal from an order of the district court denying appellant's post-conviction petition for a writ of habeas corpus. Docket No. 31521 is a proper person appeal from a district court order denying appellant's motion to correct an illegal sentence.

On December 20, 1988, the district court convicted appellant, pursuant to a guilty plea, of one count of first degree murder. The district court sentenced appellant to serve a term of life without the possibility of parole in the Nevada State Prison. Appellant did not appeal.

Appellant filed a timely petition for post-conviction relief in 1989. The district court appointed counsel, and ultimately denied the petition. This court dismissed appellant's appeal. Davis v. State, Docket No. 23338 (Order Dismissing Appeal, January 24, 1995). Appellant subsequently filed a motion to vacate his sentence, challenging errors in the presentence report. The district court denied the motion, and appellant did not appeal.

On September 9, 1995, appellant filed the instant post-conviction petition for a writ of habeas corpus in the district court. The district court appointed counsel and

permitted further briefing.  The state opposed the petition.  On March 4, 1996, the district court denied appellant's petition. This appeal followed and is docketed as Docket No. 28400.

On September 5, 1997, appellant filed a motion to correct an illegal sentence.  The district court summarily denied the motion, and the appeal followed.  The appeal is docketed as Docket No. 31521.  We consolidate these appeals for disposition. NRAP 3(b).

In his habeas petition, appellant challenged the legality of his confession, charging that his Miranda rights had been violated; he claimed his counsel had been ineffective for failing to advise him regarding his right to appeal and for failing to move to dismiss a robbery charge; and he asserted that his plea was coerced and involuntary.

Our review of the records on appeal reveals that the district court did not err in denying the petition.  Appellant's petition was successive, and he failed to demonstrate good cause for raising claims which he had previously raised or for raising claims which he could have raised in a direct appeal or in a prior petition.  And appellant failed to demonstrate prejudice. See NRS 34.810(2)(b) (providing that the district court shall dismiss a petition if the claims could have been raised in prior proceedings or if the petitioner raises again claims which were adjudicated in a prior petition).  Thus, appellant's petition was procedurally barred.

In his motion to correct an illegal sentence appellant claimed that his sentence had been rendered constitutionally illegal by the enactment of NRS 213.085 (1) (providing that a sentence of life without the possibility of parole for first-degree murder may not be commuted to a lesser sentence). Appellant's motion is without merit.  In Miller v. Warden, 112 Nev. 930, 921 P.2d 882 (1996), we held that retroactive application of NRS 213.085(1) is unconstitutional.  Accordingly, it has no application to appellant's sentence; he may still seek commutation.

Having reviewed the records on appeal, and for the reasons set forth above, we conclude that appellant is not entitled to relief and that briefing and oral argument are unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), cert. denied, 423 U.S. 1077 (1976). Accordingly, we

ORDER these appeals dismissed.[1]

_____, J.
Young

_____, J.
Shearing

_____, J.
Leavitt

cc:  Hon. Kathy A. Hardcastle, District Judge
     Hon. Donald M. Mosley, District Judge
     Hon. Frankie Sue Del Papa, Attorney General
     Hon. Stewart L. Bell, District Attorney
     Jimmie Davis
     Shirley Parraguirre, Clerk

_____

[1]We have considered all proper person documents filed or received in these matters, and we conclude that the relief requested is not warranted.

CASE NO. _____ C85078 _____   TITLE ____ STATE OF NEVADA VS JIMMIE DAVIS _____

| DATE, JUDGE OFFICERS OF COURT PRESENT | APPEARANCES — HEARING | CONTINUED TO: |
|---|---|---|
| 11-28-88<br>EARLE W WHITE, JR<br>DEPT. IV<br><br>J.HUFF, CLERK<br>M.LEONARD, RPTR<br>C.AVERY, P&P | SENTENCING<br>State represented by Rodney Burr, DDA.<br>Deft Davis present in custody with Stephen Dahl, DPD.<br>Mr. Dahl advised deft's parents are attempting to retain<br>private counsel in this matter; requesting continuance.<br>Mr. Burr had no objection to short continuance.<br>COURT SO ORDERED.<br><br>CUSTODY | 12-12-88 @ 9 AM<br>SENTENCING |
| 12-12-88<br>EARLE W WHITE, JR<br>DEPT. IV<br><br>J.HUFF, CLERK<br>L.BRENSKE, RPTR<br>T.WOLFE, P&P | SENTENCING<br>State represented by Gary Booker, DDA.<br>Deft Davis present in custody with David Gibson, DPD.<br>Deft adjudged guilty of FIRST DEGREE MURDER. Mr. Booker<br>stated they will abide by the stipulation re sentencing.<br>Statements by the deft and Mr. Gibson.<br>Sentenced: LIFE WITHOUT POSSIBILITY OF PAROLE with 134<br>days credit for time served, in Nevada State Prison.<br>Pay $20 administrative assessment fee. | |
| 8/4/89<br>EARLE E. WHITE, JR.<br>DEPT. IV<br><br>E. ALVAREZ<br>CLERK<br>L. BRENSKE<br>REPORTER | DEFENDANT'S PRO PER MOTION TO PROCEED IN FORMA PAUPERIS<br>DEFENDANT'S PRO PER MOTION TO DISCHARGE ATTORNEY OF<br>RECORD AND PRODUCTION OF ALL PAPERS, DOCUMENTS,<br>PLEADINGS AND OTHER PROPERTY OF DEFENDANT<br>State represented by David Roger, DDA.<br>Deft. Davis not present, represented by James Gubler,<br>DPD. State has no objection to Deft's. motion;<br>Mr. Gubler submitted on motions. Consequently,<br>COURT ORDERED, Deft's. Motion to Proceed in Forma<br>Pauperis and to Discharge Attorney of Record and for<br>Production of all papers, documents, pleadings and<br>other property of Deft. granted.<br><br>CUSTODY (IS) | |
| 1-17-90<br>EARLE W WHITE JR<br>DEPT. IV<br><br>A. FUJII AND<br>D. VINSON<br>CLERK/dv<br><br>L. BRENSKE<br>REPORTER | DEFENDANT'S PRO PER PETITION FOR POST-CONVICTION RELIEF<br>STATE REPRESENTED BY WILLIAM HENRY, DDA. DEFENDANT<br>NOT PRESENT, BEING IN INDIAN SPRINGS. STATEMENT BY<br>MR. HENRY. COURT ORDERED LEE MCMAHON TO BE APPOINTED<br>AS COUNSEL OF RECORD.<br><br>1:30 PM THIS DATE, CLERK NOTIFIED MS. MCMAHON AS<br>TO HER APPOINTMENT. | 1-22-90 @ 9 AM<br>CONFIRMATION<br>OF<br>COUNSEL<br>(LEE MCMAHON)<br>DEFT'S. PRO PER<br>PETITION FOR POST-<br>CONVICTION RELIEF |
| 1-22-90<br>EARLE W. WHITE JR.<br>DEPT. IV<br><br>A. FUJII<br>D. VINSON<br>CLERKS/dv<br><br>L. BRENSKE<br>REPORTER | CONFIRMATION OF COUNSEL<br>DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF<br>STATE REPRESENTED BY JOHN HAM, DDA. DEFENDANT NOT<br>PRESENT, BEING REPRESENTED BY LEE MCMAHON. MS. MCMAHON<br>CONFIRMED AS COUNSEL AND REQUESTED A COPY OF THE<br>TRANSCRIPT OF DEFENDANT'S GUILTY PLEA. COURT ORDERED<br>MS. MCMAHON TO PREPARE ORDERS FOR CONFIRMATION OF<br>COUNSEL AND REQUEST FOR TRANSCRIPT. MATTER CONTINUED<br>FOR STATUS CHECK. | 2-5-90 @ 9 AM<br>STATUS CHECK |

**MINUTES — CRIMINAL**

CASE NO. __C85078__    TITLE __THE STATE OF NEVADA  VS.  JIMMIE DAVIS__

| DATE, JUDGE OFFICERS OF COURT PRESENT | APPEARANCES — HEARING | CONTINUED TO: |
|---|---|---|
| 2/05/90<br>EARLE W. WHITE, JR.<br>DEPT IV<br><br>ALONA FUJII<br>CLERK<br><br>LISA BRENSKE<br>REPORTER | STATUS CHECK<br>STATE REPRESENTED BY JOHN HAM, DDA.<br>DEFENDANT NOT PRESENT, IN CUSTODY, AND NOT<br>REPRESENTED.  COURT ORDERED, MATTER OFF CALENDAR.<br><br>                              CUSTODY (IS) | |
| 4/16/90<br>EARLE W. WHITE, JR.<br>DEPT IV<br><br>ALONA FUJII<br>CLERK<br><br>LISA BRENSKE<br>REPORTER | DEFENDANT'S MOTION FOR BRIEFING SCHEDULE AND EVIDENTIARY<br>HEARING ON DATE FOR POST-CONVICTION RELIEF<br>STATE REPRESENTED BY RANDALL WEED, DDA.<br>DEFENDANT NOT PRESENT, IN CUSTODY, AND NOT<br>REPRESENTED.  COURT ORDERED, OFF CALENDAR. | |

**MINUTES — CRIMINAL**

PAGE: 001                    MINUTES DATE: 07/08/91

CRIMINAL COURT MINUTES

88-C-08᠍᠍78-C     STATE OF NEVADA              vs Davis, Jimmie

07/08/91   09:00 AM   00   PROPER PERSON MOTION TO DISMISS COUNSEL
                           AND FOR APPOINTMENT OF NEW COUNSEL

HEARD BY: GERARD J. BONGIOVANNI, Judge; Dept. 4

OFFICERS: JO ANN STEWART, Court Clerk
          DONNA ANTONACCI, Reporter/Recorder

PARTIES:           STATE OF NEVADA                              Y
           000346  Mitchell, Scott S.                           Y

COURT NOTED THIS IS MS. MC MAHON'S CASE, AND COURT ORDERED MATTER CONTINUED
TO JULY 15, 1991 AT 9:00 A.M.   CLERK TO NOTIFY MS. MC MAHON.

CUSTODY - IS

CONTINUED TO:   07/15/91   09:00 AM   01

---

07/15/91   09:00 AM   01   PROPER PERSON MOTION TO DISMISS COUNSEL
                           AND FOR APPOINTMENT OF NEW COUNSEL

HEARD BY: GERARD J. BONGIOVANNI, Judge; Dept. 4

OFFICERS: JO ANN STEWART, Court Clerk
          MARTHA SMITH, Relief Clerk
          DONNA ANTONACCI, Reporter/Recorder

PARTIES:           STATE OF NEVADA                              N
           000398  Schwartz, David P.                           Y

           001 D1  Davis, Jimmie                                N
           001765  McMahon, Lee E.                              Y
           002284  Bailus, Mark B.                              Y

Ms. McMahon advised Court she had no opposition to Defendant's Motion to
Dismiss Counsel.  She further advised she has received a transcript of the
Sentencing, but has not received a transcript of the entry of plea.  There
being no opposition by the State, COURT ORDERED Defendant's Pro Per Motion
to Dismiss Counsel and for Appointment of New Counsel GRANTED.  COURT
further ORDERED Mark Bailus be appointed as counsel and a date set for
Confirmation of Counsel.  Clerk to advise Mr. Bailus.

CUSTODY (INDIAN SPRINGS)

Confirmation of Counsel - 7/22/91 @ 9:00 a.m.

CONTINUED ON PAGE: 002

PRINT DATE: 07/22/91        PAGE: 001        MINUTES DATE: 07/15/91

CRIMINAL COURT MINUTES

88-C-085078-C   STATE OF NEVADA _____ vs Davis, Jimmie _____

CONTINUED FROM PAGE: 001

07/22/91  09:00 AM  00  CONFIRMATION OF COUNSEL (BAILUS)

HEARD BY: GERARD J. BONGIOVANNI, Judge; Dept. 4

OFFICERS: JO ANN STEWART, Court Clerk
          MARTHA SMITH, Relief Clerk
          KRIS REMAKEL, Reporter/Recorder

PARTIES:          STATE OF NEVADA                          N
          000346  Mitchell, Scott S.                       Y

          001 D1  Davis, Jimmie                            N
          003848  Woolf, Catherine A.                      Y

Ms. Woolf stated Mr. Bailus would confirm as counsel for the Defendant.


CUSTODY - INDIAN SPRINGS
_____

02/26/92  09:00 AM  00  PETITION FOR POST CONVICTION RELIEF

HEARD BY: GERARD J. BONGIOVANNI, Judge; Dept. 4

OFFICERS: JO ANN STEWART, Court Clerk
          DONNA ANTONACCI, Reporter/Recorder

PARTIES:          STATE OF NEVADA                          Y
          001538  Hehn, William A.                         Y

          001 D1  Davis, Jimmie                            N
          002284  Bailus, Mark B.                          Y

MR. BAILUS SAID HE WOULD LIKE THIS MATTER SET FOR AN EVIDENTIARY HEARING.
MR. HEHN SAID THE STATE NEEDS ADDITIONAL TIME TO RESPOND AND REQUESTED A
FOUR-WEEK CONTINUANCE.  COURT ORDERED, MATTER CONTINUED FOR STATUS CHECK.
IF THE COURT FEELS THIS MATTER NEEDS AN EVIDENTIARY HEARING, IT WILL BE SET
NEXT COURT DATE.

CUSTODY - IS

STATUS CHECK (PETITION FOR POST-CONVICTION RELIEF) - 3/25/92 AT 9:00 A.M.

CRIMINAL COURT MINUTES

88-C-085078-C    STATE OF NEVADA              vs Davis, Jimmie
                                          CONTINUED FROM PAGE: 002

          03/25/92   09:00 AM   00   STATUS CHECK (PETITION FOR PCR)

          HEARD BY: GERARD J. BONGIOVANNI, Judge; Dept. 4

          OFFICERS: JO ANN STEWART, Court Clerk
                    DONNA ANTONACCI, Reporter/Recorder

          PARTIES:           STATE OF NEVADA                          Y
                    000346  Mitchell, Scott S.                        Y

                    001 D1  Davis, Jimmie                             N
                    002284  Bailus, Mark B.                           Y

COURT HEARD ARGUMENTS OF COUNSEL.  COURT FINDS THERE IS NO NEED FOR AN
EVIDENTIARY HEARING AND, COURT ORDERED, DEFENDANT'S PETITION FOR POST
CONVICTION RELIEF IS DENIED.  MR. BAILUS MOVED TO BE APPOINTED AS APPELLANT
COUNSEL, AND BY THE COURT SO ORDERED.

CUSTODY (IS)

----

          06/12/95   09:00 AM   00   ALL PENDING MOTIONS 6/12/95

          HEARD BY: JOSEPH S. PAVLIKOWSKI, Judge; Dept. 3

          OFFICERS: JOSEPHINE BOHN, Court Clerk
                    JAMES HELLESO, Reporter/Recorder

          PARTIES:           STATE OF NEVADA                          Y
                    002028  Booker, Gary R.                           Y

                    001 D1  Davis, Jimmie                             N
                    002282  Ayers, Earl T.                            Y

MARK B. BAILUS' MOTION TO WITHDRAW AS ATTORNEY OF RECORD...DEFENDANT'S PRO
PER MOTION FOR WITHDRAWAL OF ATTORNEY OF RECORD AND TRANSFER OF RECORDS

COURT ORDERED, Motions GRANTED.  Mr. Ayers to provide defendant with
records.

NDP

CONTINUED ON PAGE: 004

CRIMINAL COURT MINUTES

88-C-085078-C    STATE OF NEVADA                    vs Davis, Jimmie

CONTINUED FROM PAGE: 003

07/03/95  09:00 AM  00  DEFT'S PRO PER MOTION TO VACATE SENTENCE

HEARD BY: GERARD J. BONGIOVANNI, Judge; Dept. 4

OFFICERS: PONDA MEADOR, Court Clerk
          LISA JOHNSON, Reporter/Recorder

PARTIES:           STATE OF NEVADA                              Y
          002028  Booker, Gary R.                               Y

State submitted matter.  COURT ORDERED, Motion DENIED.

NDP

---

09/20/95  09:00 AM  00  ALL PENDING MOTIONS 9/20/95

HEARD BY: GERARD J. BONGIOVANNI, Judge; Dept. 4

OFFICERS: JOSEPHINE BOHN, Court Clerk
          JoAnn Orduna, Reporter/Recorder

PARTIES:           STATE OF NEVADA                              Y
          004703  Mueller, Craig                                Y

          001 D1  Davis, Jimmie                                 N
          PRO SE  Pro Se                                        Y

DEFENDANT'S PRO PER PETITION FOR WRIT OF HABEAS CORPUS...DEFENDANT'S PRO PER
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS...DEFENDANT'S PRO PER MOTION
FOR APPOINTMENT OF COUNSEL

Mr. Mueller requested a continuance for the State to answer.  COURT ORDERED,
CONTINUED.

NDP

9/27/95 9:00 AM ABOVE-LISTED MOTIONS

CONTINUED ON PAGE: 005