1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JIMMIE DAVIS,
      Petitioner,

v.

JOHN IGNACIO etal.,

Case No.CV-N-99-137-ECR(PHA)

RESPONCE TO MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS
CORPUS28 U.S.C. 2254

Petitioner JIMMIE DAVIS in proper person now submits a

responce to respondents motion to dismiss petition for writ of

habeas corpus 28 U.S.C. 2254 By a pwrson in state custody.

this responce is based upon the pleadings and papers on file

herein. And the exhibits attached hereto and the following

memorandum of points and authorities.

argument i

RESPONDENT makes refrence to DAVIS BEING THE ONE WHO SHOT

the victim.  All testimony states that shooting was an accident

and respondents refrence to exhibit "M" is false and misleading

used only to inflame the court. RESPONDENTS ALLEGED FACTUAL

BACKGROUND.

ARGUMENT II

Respondent  contends  that in ground two  that petitioner

alleged several subclaims of ineffective assistance of counsel

and that the alleged subclaim of 2 (b) that attorney was

ineffective  because he did not investigate Davis low inteligence

and educational back ground has not been presented to the state

courts and that in alleged subclaim 2(c) petitioner failed to

present that his attorney did not interview Webster DAVIS

and that this was not presented to the state courts. these

19

allegations made by the respondent are false and repelled by the record    EXHIBIT **A** PG **8** . It states in part COUNSEL can not even be to have said that he knew if appellant could read or write" Petitioner writ .  Petitioners education and education and intellgence has always been questioned EXHIBIT **B** PG **9** States responce brief wher it states Not only did the defendant appear to have the abilty to comprehend the meaning and effect of his statement also defendant was at least 16 years old and displayed no sighns of having mental illness of handicap.


RESPONDENTS ALSO allege that petitioner never presented the state courts with the claim to interview Webster Davis. EXhibit **C** PG **10** . STATES in affidavit in support of motion for writ of habeas corpusnumber 8; thst counsel was ineffective because he never talked to defendants Uncle about how the arrest was done and or if any rights were readto  to defendant, AS the court can clearly  see it is there in plain languge and it now becomes apparent that respondent has not read the record

ARGUMENT III

Respondents next allege that Grounds 1 and 2 (D) have and are barred from review in this court on independend and adequate state law grounds. Petitioner here in now with resp-once submits a motion to dismiss ground 1.  Ground 2 has been exhausted and so has the alleged subclaim of 2(D)  and though there is not a ground two (D) in which respondent claims but a complete argument that respondent has choicen to take a sentence out of and wibh flamboyant phrases try and distort the facts

1  And even if respondent was correct jurisdiction can not be barred

2  but raised at any time by petitioner or sua sponte by the court

3  ADAMS V. PETERSON 939F.2d 1369(9thcir1991)ALTHOUGH adams himself

4  has not raised the jurisdiction question this court has the

5  authority to look behind and beyond the record of his conviction

6  to a sufficient extent o to test the jurisdiction of the states

7  court to proceed to a judgement against himID at 466, 58sct at

8  1023-24(citation omitted) for not every state procedural default

9  bars federal habeas corpus relief. Title 28 U.S.C. 2254(B),(C).

10  DAVID ADAMS WAS 17.

### POINTS AND AUTHORITIES

12  The Supreme Court has stated numrously that the view that

13  a Rule 12 (B) (6) motion is an appropriate motion in a habeas

14  corpus proceeding is erroneous. BROWLER V. DIRECTOR ILL. DEPT

15  OF CORRECTIONS, 437U.S. 257,269n.14, 98Sct.556,563n.14,54 LED
    2d 521 (1978)

17  Amotion to dismiss is not an appropriate responce to a

18  habeas corpus petition unless leave to file such a motion is

19  granted by the court.See UKAWABUTU V. MORTON 997F.Supp 605,609

20  (D.N.J.1998).

21  respondents motion for enlargment of time was struck and

22  respondent did not respond so the honorable court ordered June 16

23  1999that respondent file a responce to Davis petition for writ

24  of habeas corpus, not a pleading or a motion but a responce to the

25  the writ. The time for filing a pleading or motion wasgiven in

26  the coulats first order when the court saw that the respondent did

27  did not adhere to the courts first order it ordered a responce

28  Respondents now comes to the court with a motion to file

late pleadings citing no rules and a frivolous  motion to dismiss
still not adhereing to the courts order.  For the reasons set
forth and above and exhibit  D  PG 11 , ATTACHED RESPONDENTS
MOTIONS SHOULD BE DISMISSED AND OR STRUCK EXHIBIT  D  PG 11
A motion to dismiss is not an appropriate responce to a habeas
petition.

1  has to be originally charged in juvenile court ,

2       THE COURT: He has to be certified .)

3

4       Counsels performance was deficient, counsel made errors so
serious that counsel could not have been functioning as the

5  counsel gareenteed the defendant by the sixth amendment if not

6  for these errors the end result of defendants case would have

7  been diffrent because he would have not pleaded guilty and

8  stipulated to life without the possibilty of parole,when a

9  plea agreement is dissussed and hence sentencing becomes the

10  clients preeminent concern, it is incumbent on counsel to

11  acquaint himself with all the available alternatives and their

12  consequences for the defendants liberty and rehabilitation.

13  Counsels lack of knowlege here is inexcusable.

14       Counsel  failed to object when attorney for the state said

15  on record that the robbry was not apart of the plea negotations

16  and is not considered (ID page 24 ) defendants statements on -

17  record contridicts this (ID  page 25 ). Counsel has duity to

18  cosult with defendant on important developments and decisions

19  in the course of the prosecution. Had counsel done this the

20  robbrey would not have been used to induce plea.

21       Counsel cannot even be have said to know if defendant can

22  read or write, when he said to court that he only had two years

23  of schooling ( ID PAGE 27 ) This should have been a factor but

24  wasnot. Defendant was not even givven a psychological evalution

25  givving his age and the severity of the crime this should have

26  applied but was not.

27

28

Exhibit A PG-8-

Some of the additional factors courts have used in evaluating the totality of the circumstances surrounding a juvenile's waiver of Fifth Amendment rights include: the presence of the minor's parents or their consent to a waiver of rights, the juvenile's prior exposure to Miranda warnings through prior arrests and the minor's health at the time of the questioning.

In the case at bar, not only did the Defendant appear to have the ability to comprehend the meaning and effect of his statement, but he was also accompanied by an adult relative, Webster Davis, at the time that he made a statement. Also, the Defendant was at least sixteen years old and displayed no signs of having a mental illness or handicap.

Further, while Defendant claims that a parent must be present, case authority is clearly to the contrary. In Marvin v. State, 95 Nev. 836, 603 P.2d 1056 (1979), this Court held that a juvenile does have the capacity to make a voluntary confession without the presence or assent of a parent or guardian. Although the preferable practice is to seek consent of a responsible adult before questioning a minor, failure to do so does not render the minor defendant's confession involuntary. People v. Davis, 633 P.2d 186 (Cal. 1981). Moreover, the Defendant has failed to show any evidence that the statement was coerced or that it was involuntarily given.

Exhibit B pc 9

DISTRICT COURT
CLARK COUNTY, NEVADA

JIMMIE DAVIS

    Petitioner

V.

THE WARDEN OF ELY STATE
 PRISON E.K.MCDANIEL
    Respondent

CASE NO.C85078
DEPT.NO IV
DOCKET "C"

AFFIDAVIT IN SUPPORT OF
MOTION FOR WRIT OF HABEAS CORPUS

I JIMMIE DAVIS DO HEREBY swear under the penalty of perjury that the assertions of this affidavit are true:

1 I am the above defendant in the entitled action.

2 I make this affidavit in support of my motion for writ of habeas corpus.

3 That petitioner is competent to testify and therfor would be able to do so if called upon to testify in the court of law.

4 That petitioner is entitled to the relief sought.

5 Tthat petitioner makes this affidavit in good faith.

6That petioner was denied due process of law

7 That petitioner was denied the effective assistance of counsel at prelimanary, during plea negotiations,and plea hearing. counselnever explained to petitioner that the robbry was not apart of the plea negotiations and that petitioner was illegally charged.

8 that counsel was ineffective because he never talked to defendants uncle about how the arrest was done and or if any rights were read to defendant.

Exibit C PG .10

## *Habeas Corpus*

### District Court Sets Procedures For Officials' Response to Habeas Petition

*Motion to dismiss may not be substituted for answer to petition.*

A motion to dismiss is not an appropriate response to a habeas petition unless leave to file such a motion is granted, the U.S. District Court for the District of New Jersey held March 9. Complaining of "piecemeal" motions, the court set forth a procedural framework for state officials to follow in habeas actions. (*Ukawabutu v. Morton,* DC NJ, Civil Nos. 97-2888 etc., 3/9/98) 977 F.Supp 605

After the petitioner brought this 28 USC 2254 petition, the court ordered the named respondents, the state's prison administrator and attorney general, to answer the petition within 45 days. Instead of filing an answer, the officials moved to dismiss on the basis of the new one-year statute of limitations. The court denied the motion. The officials then filed another motion to dismiss, this time arguing that the petition contained both exhausted and unexhausted claims.

**Rules to Clear Up Confusion.** Respondents in habeas corpus have long lacked precise and practical instructions regarding appropriate procedures for responding to a federal habeas petition, Judge Stephen M. Orlofsky said. As a result, he suggested, officials have frequently responded by filing motions to dismiss under Fed.R. Civ.P. 12(b)(6), rather than answers. In an attempt to clear up confusion in this area of the law, the court held that the proper response to a habeas petition is an answer prepared in accordance with Rule 5 of the Rules Governing Section 2254 Cases, and that a motion to dismiss is appropriate only if, in its discretion, the district court directs or permits the state to file such a motion, either before or after filing an answer.

Habeas Corpus Rule 4 states that if a court does not summarily dismiss a petition, "the judge shall order the respondent to file an answer or other pleading . . . or to take such other actions as the judge deems appropriate." A motion to dismiss is not an "answer or other pleading," the court stressed, citing *Willis v. Collins,* 989 F.2d 187, 189 (CA 5 1993), and Fed.R.Civ.P. 7(a). Although the district court may permit the state to file a dismissal motion as one of the "other actions" mentioned in the rule, the state has no right, as it would in non-habeas civil litigation, to file a dismissal motion. Rule 5 states that an answer to a habeas petition should "respond to the allegations of the petition." Under the rules, therefore, "unless the Court grants a respondent's request for leave to file a motion to dismiss, the answer should respond in an appropriate manner to the factual allegations of the petition *and* should set forth legal arguments in support of the respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits . . . as defenses in an answer to a habeas petition."

**Consolidate Pleadings and Motions.** Another rationale for not allowing motions to dismiss to be filed absent leave from the court is that the court may wish to order

the production . . . materials crucial to any disposition of a habeas petition, such as portions of the trial transcript, at the same time as it decides what sort of response it will accept, the court observed. Further, the practice of filing successive motions to dismiss without filing an appropriate answer is wasteful of judicial resources and unnecessarily protracts proceedings. Here, for example, if the officials had filed an answer, the court could have decided the statute of limitations issue, the exhaustion issue, and the merits of the petition in one comprehensive opinion, rather than addressing each issue serially and in a "piecemeal" fashion. Finally, motions to dismiss for failure to exhaust deprive the court of an opportunity to exercise its discretion, provided by the 1996 Antiterrorism and Effective Death Penalty Act, 59 CrL 2019, to consider the merits of unexhausted claims.

*Full text at http://cl.bna.com/#0325*

# In Brief

ESP
LAW LIBRARY

### Collateral Attack—Plea Bargains— "Sentencing Package Doctrine"

When a defendant who pleaded guilty subsequently mounts a collateral attack on his conviction on one of the indictment counts, the federal district court has jurisdiction to abrogate the entire plea agreement and return the parties to their pre-plea positions if the challenged conviction is part of a "package," the U.S. Court of Appeals for the Tenth Circuit decided March 10. The court expressed agreement with a recent Ninth Circuit opinion, *U.S. v. Barron,* 127 F.3d 890, 62 CrL 1081 (1997), which stressed the broad remedial power granted the district courts under 28 USC 2255. (*U.S. v. Lewis,* CA 10, No. 97-3142, 3/10/98)

Meanwhile, the Ninth Circuit's opinion in *Barron* was supplemented March 6 by the issuance of a dissenting opinion by Judge Noonan. The dissenter said the majority's idea that "sentencing is a package that may be unbundled when one part of the package is set aside as illegal . . . does not do justice to the contract that binds the government." (*U.S. v. Barron,* CA 9, No. 96-36058, amended 3/6/98)

### Discovery—Harmless Error

State prosecutors' violation of *Brady v. Maryland,* 373 U.S. 83 (1963), by failing to disclose the existence of a deal with a trial witness and by failing to correct the witness's false testimony that no deal existed does not require reversal of the defendant's convictions, a majority of the Illinois Appellate Court, Third District, held March 12. The witness was an inmate who participated in a sting operation that caught the defendant smuggling drugs in the jail where he worked. In exchange for his assistance, the witness received lower sentences in an unrelated case. Applying a harmless error standard derived from *Kyles v. Whitley,* 514 U.S. 419, 57 CrL 2003 (1995), the majority concluded that the state's *Brady* violation did not give rise to a reasonable probability that the outcome of the defendant's trial would have been different had the violation not occurred. It stressed that actual delivery of the drugs was not an es-

Crim. Law R PG 11

CERTIFICATE OF MAILING

JIMMIE DAVIS  SAYS:

On the  21  day of  JUNE   1999, I deposited in the

nevada state prison mail one original and copys to the below

listed addresses ; RESPONCE TO MOTION TO DISMISS PETITION FOR

WRIT OF HABEAS CORPUS

CLERK, U.S. DISTRICT COURT
   DISTRICT OF NEVADA
400 South Virginia st. Room 301
RENO NEVADA 89501


        1030
state of nevada
OFFICE OF THE ATTORNEY GENERAL
555 E. Washington Avenue, Suite 3900
LAS VEGAS, NEVADA 89101


                                JIMMIE DAVIS 27362
                                JIMMIE DAVIS 27362
                                NEVADA STATE PRISON
                                PO BOX 607
                                CARSON CITY NEVADA
                                        89702

-12