ORIGINAL




FRANKIE SUE DEL PAPA
Attorney General
By: RENE L. HULSE
Deputy Attorney General
Criminal Justice Division
Nevada Bar Number 3778
555 East Washington Ave., #3900
Las Vegas, Nevada 89101
(702) 486-3420
Attorneys for Respondents

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JIMMIE DAVIS,<br>Petitioner,<br>v.<br>JOHN IGNACIO, et al.,<br>Respondents. | Case No. CV-N-99-137-ECR (PHA)<br><br>**REPLY TO RESPONCE (SIC) TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 BY A PERSON IN STATE CUSTODY** |

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**LEGAL DISCUSSION**

**A. RESPONDENTS' MOTION TO DISMISS IS A PROPER RESPONSE IN FEDERAL HABEAS CORPUS LITIGATION AND IS PROPERLY BEFORE THIS COURT FOR CONSIDERATION.**

In his Responce (sic) to Motion to Dismiss Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody ("Opposition"), DAVIS essentially claims that Respondents' Motion to Dismiss is an improper pleading that is not allowed by the courts. As this Court is well-aware, a motion to dismiss is an appropriate method for respondents to raise procedural defects in a petition. The Ninth Circuit has determined that Rule 4 of the Habeas Corpus rules does not expressly prohibit such motion practice. White v. Lewis, 874 F.2d 599, 602 (9th Cir. 1989). In fact, Rule 4 provides that after preliminary review by the judge, the court must order the respondent to file an





ORIGINAL

answer "or to otherwise plead to the petition. . . ." Id. Quoting the Advisory Committee Note, the Ninth Circuit found that the rule clearly allows for a response other than a formal answer:

> For example, the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent, which may show that petitioner's claims have already been decided on the merits in a federal court; that petitioner has failed to exhaust state remedies; that the petitioner is not in custody within the meaning of 28 U.S.C. §2254; or that a decision in the matter is pending in a state court. In these situations, a dismissal may be called for on procedural grounds, which may avoid the necessity of filing an answer on the substantive merits of the petition. . . .

Id., citing Habeas Corpus Rules, Rule 4, at Advisory Committee Notes.

DAVIS cites to Ukawabutu v. Morton, 997 F. Supp. 605 (D.N.J. 1998), for the proposition that a motion to dismiss is not a proper response to a federal habeas petition. The Ukawabutu court was of the view that judicial resources would be conserved by requiring consolidation of the procedural and substantive defenses in an answer. Beyond the fact that precedent from the district court of New Jersey cannot outweigh precedent of the Ninth Circuit, the reasoning of that court does not apply here. The New Jersey District Court stated its belief that consolidation would result in the court's being provided with relevant portions of transcripts of the proceedings and would eliminate unnecessary protraction of the proceedings. Ukawabutu, at 609-10. In this district, however, one party or the other have regularly filed the relevant portions of transcripts and records even when a motion to dismiss is based on procedural grounds. It is also more likely that the proceedings would be unnecessarily multiplied if the court were required in each instance to consider a separate request for leave to file a motion to dismiss, especially given the large number of petitioners untrained in the law.

> It has been suggested that an answer should be required in every habeas proceeding, taking into account the usual petitioner's lack of legal expertise and the important functions served by the return. . . . However, under §2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.

Habeas Corpus Rules, Rule 4, at Advisory Committee Notes.

The Ninth Circuit clearly recognizes the practice of filing motions to dismiss to raise procedural defects in a petition. Nothing in the Habeas Corpus Rules expressly prohibit the practice. Nor does this

. . . .

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

Court's Order entered on May 6, 1999, proscribe against filing a motion to dismiss to raise a procedural defect as a defense. Accordingly, DAVIS' opposition on these grounds should be rejected.

**B. <u>THIS COURT HAS COMPLETE DISCRETION TO ALLOW RESPONDENTS TO FILE A LATE RESPONSIVE PLEADING</u>.**

DAVIS also objects to Respondents' request to file their Motion to Dismiss after the stated deadline, stating that the Motion is frivolous.

It is abundantly clear that this Court has complete discretion to grant such requests. Rule 4 of the Rules Governing Section 2254 Cases (Habeas Corpus Rules) provides that the court "shall order the respondent to file an answer or other pleading within the period of time fixed by the court **<u>or to take such other action as the judge deems appropriate</u>**." The Advisory Committee Notes following Rule 4 states as follows:

> In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under §2243 in determining within what time period an answer must be made. . . . In view of the widespread state of work overload in prosecutors' offices . . . , additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, **<u>gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made</u>**.

Habeas Corpus Rules, Rule 4, at Advisory Committee Notes (citations omitted; emphasis added).

Respondents have made the proper showing for this Court to exercise its discretion to allow the late filing of the Motion to Dismiss Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody. Alternatively, DAVIS has made no showing that he has suffered any prejudice as a result of the late filing. DAVIS' objection on these grounds should be rejected.

**C. <u>RESPONDENTS CONCEDE THAT GROUNDS 2(b) AND 2(c) WERE EXHAUSTED IN DAVIS' SECOND STATE PETITION; HOWEVER, SUCH CLAIMS ARE ALSO PROCEDURALLY BARRED.</u>**

In the Motion to Dismiss, Respondents argued that Grounds 2(b) and 2(c) are unexhausted and not properly before this Court. DAVIS has opposed that argument claiming that both of these grounds have been properly presented to the state courts for consideration. As to Ground 2(b), DAVIS points to his Second State Petition, to show that he did present this claim to the Nevada courts. <u>See</u> Respondents' Motion to Dismiss, Exhibit J, at p. 16. Similarly, DAVIS points to his Affidavit in

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

Support of Motion for Writ of Habeas Corpus to show that he has presented Ground 2(b) to the state courts. See Respondents' Motion to Dismiss, at Exhibit K. Initially, Respondents noted that DAVIS' proper person petition was superseded by the filing of an Amended Petition after counsel was appointed. See Respondents' Motion to Dismiss, at Exhibit L. The superseding Amended Petition did not specifically allege the claims presented herein at Grounds 2(b) and 2(c), and Respondents argued that neither claim was properly presented to the state courts. Upon closer viewing, however, the Amended Petition purported to incorporate all the claims presented in the earlier proper person petition. See Respondents' Motion to Dismiss, Exhibit L, at p. 3. Accordingly, Respondents concede to **DAVIS' argument and admission** that Grounds 2(b) and 2(c) have been presented to the state courts for consideration and are therefore exhausted.

Although Grounds 2(b) and 2(c) are exhausted pursuant to their presentation to the state courts in DAVIS' Second State Petition, those claims are also procedurally barred from review in this Court on independent and adequate state law grounds. Coleman v. Thompson, 501 U.S. 722, 727, 731 (1991). In considering DAVIS' Second State Petition, the Nevada Supreme Court determined that the petition was successive and his claims were procedurally defaulted. See Respondents' Motion to Dismiss, at Exhibit Q.

> In his habeas petition, appellant challenged the legality of his confession, charging that his Miranda rights has been violated; he claimed his counsel had been ineffective for failing to advise him regarding his right to appeal and for failing to move to dismiss a robbery charge; and he asserted that his plea was coerced and involuntary.
>
> Our review of the records on appeal reveals that the district court did not err in denying the petition. Appellant's petition was successive, and he failed to demonstrate good cause for raising claims which he had previously raised or for raising claims which he could have raised in a direct appeal or in a prior petition. And appellant failed to demonstrate prejudice. See NRS 34.810(2)(b). (providing that the district court shall dismiss a petition if the claims could have been raised in prior proceedings or if the petitioner raises again claims which were adjudicated in a prior petition). Thus, appellant's petition was procedurally barred.

Respondents' Motion to Dismiss, Exhibit Q, at p.2. Under Nevada law, a successive or second petition can be dismissed. NRS §§34.745(3) and 34.810(2). As DAVIS admits, Grounds 2(b) and 2(c) were presented in his Second State Petition. The grounds presented in the Second State Petition were

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

dismissed on independent and adequate state law grounds. Accordingly, Grounds 2(b) and 2(c) are procedurally barred from review in this Court.[1] Accordingly, Grounds 1, and 2(d) should be dismissed.

## II.

## CONCLUSION

As DAVIS has correctly pointed out, Grounds 2(b) and 2(c) were presented to the Nevada courts in his Second State Petition. Respondents therefore concede that both claims have been exhausted. However, the Second State Petition was rejected by the state courts on independent and adequate state law grounds. Accordingly, Grounds 2(b) and 2(c) are procedurally barred from review in this Court. In the Motion to Dismiss, Respondents argued that Grounds 1 and 2(d) are also procedurally barred from review in this Court on independent and adequate state law grounds. Respondents therefore request that Grounds 1, 2(b), 2(c), and 2(d) be dismissed with prejudice.

DAVIS has now moved to dismiss Ground 1, and this Court has previously dismissed Ground 4, at DAVIS' request. Accordingly, only Grounds 2(a), and 3, remain before this Court for consideration. Respondents therefore withdraw their request to dismiss the instant Petition as a mixed petition, and request leave of this Court to respond to the two remaining grounds.

DATED this 28th day of June, 1999.

FRANKIE SUE DEL PAPA
Attorney General

By: Rene L. Hulse
RENE L. HULSE
Deputy Attorney General

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

[1] In their Motion to Dismiss, Respondents also argued that Grounds 1 and 2(d) are also barred from review in this Court on independent and adequate state law grounds.

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the Office of the Attorney General of the State of Nevada and that on the 28th day of June, 1999, I served the foregoing REPLY TO RESPONCE (SIC) TO MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2254 BY A PERSON IN STATE CUSTODY by mailing a copy thereof addressed to:

JIMMIE DAVIS, NDOP #27362
NEVADA STATE PRISON
P.O. BOX 607
CARSON CITY, NEVADA 89702

Anne T. Hopp
An employee of the Nevada
Attorney General's Office

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101