UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JIMMIE DAVIS, | CV-N-99-137-ECR(PHA) |
| Petitioner, | |
| vs. | **MEMORANDUM DECISION** |
| JOHN IGNACIO, *et al.*, | **AND ORDER** |
| Respondents. | |

Petitioner Jimmie Davis filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the his state conviction and sentence (#9). Respondents have filed a Motion to Dismiss (#17), arguing several grounds for relief are procedurally defaulted.[1] Davis has opposed Respondents' motion, claiming their motion is improper (#19). Davis has also filed a Motion for an Evidentiary Hearing (#21), and a Motion to Voluntarily Dismiss Ground One (#20).

## BACKGROUND

On October 12, 1988, Davis entered a plea of guilty to First Degree Murder. Two month later he was sentenced to a life sentence without the possibility of parole. One year later Davis filed a Petition for Post-Conviction Relief. The district court appointed counsel to represent him and counsel

---

[1] In their Motion to Dismiss, Respondents argue that Ground Two(b) and (c) are unexhausted; however, in their reply they concede these grounds are exhausted but argue they are procedurally defaulted. Therefore the Court will not address the exhaustion argument.

filed Supplemental Points and Authorities. In April of 1992, Davis' petition was denied. The Nevada Supreme Court denied his appeal.

In September of 1995, Davis filed a Petition for Writ of Habeas Corpus. The district court appointed him counsel and counsel filed an amended petition. Six months later the district court denied Davis' second petition. The Nevada Supreme Court denied his appeal. In August of 1997, Davis filed a Motion to Correct an Illegal Sentence. The district court denied Davis' motion, and the Nevada Supreme Court denied Davis' appeal.

In March of 1999, Davis filed the instant federal habeas petition. Davis asserts he is entitled to federal habeas relief because: (1) his counsel failed to inform him of his right to appeal; (2) his counsel was ineffective for failing, (a) to challenge the legality of his confession, (b) to investigate his low intelligence, (c) to interview Webster Leonard and (d) to challenge jurisdiction for the robbery charge, and (3) his guilty plea was unknowing and involuntary.[2]

## DISCUSSION

### A. The Motion to Dismiss was Proper

In his opposition Davis alleges that Respondents' Motion to Dismiss is not a proper response to his Petition for Writ of Habeas Corpus. The Ninth Circuit has found that a motion to dismiss is a proper pleading to a habeas petition. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Moreover, this Court specifically ordered that the Respondents shall answer or otherwise plead to the petition. Therefore Respondents' motion is proper.

Davis also claims that the Court erred in allowing the Respondents to file their motion late. Rule 4 of the Rules Governing Section 2254 Cases gives the Court discretion in determining a time within which when an answer or other pleading must be filed. Therefore, the Court did not err in allowing Respondents additional time to file their motion.

---

[2] In Ground Four of his petition Davis argues his Fifth Amendment rights were violated when the police obtained his confession without ensuring he understood his rights. Davis previously voluntarily dismissed Ground Four. *See* #7, #14.

2

### B. Motion for an Evidentiary Hearing

Davis has also filed a Motion for an Evidentiary Hearing (#21). A habeas petitioner is entitled to an evidentiary hearing if the facts alleged, if proven, would entitle him to relief, and a state court has not found the relevant facts after a full and fair hearing. *See Jones v. Wood*, 114 F.3d 1002, 1010 (9th Cir. 1997). When the facts are disputed, a hearing is required "unless, viewing the petition against the record, its allegations do not state a claim for relief or are so palpably incredible or so patently frivolous or false as to warrant summary dismissal." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). The Court finds Davis' motion is premature, since the merits of his petition have not yet been briefed. Consequently, his motion will be dismissed without prejudice and subject to renewal.

### C. Motion to Voluntarily Dismiss Ground One

Davis has filed a Motion to Voluntarily Dismiss Ground One (#20). Attached to his motion is a signed, notarized affidavit in which Davis states that he voluntarily, knowingly, and intelligently agrees to abandon forever the Ground One of his petition. Davis' affidavit also outlines the substance of Ground One. Davis' motion to dismiss will therefore be granted.

### D. Procedural Default

In their motion Respondents claim Davis procedurally defaulted Ground Two (b-d). The procedural default doctrine forecloses federal habeas review of a prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995). A state procedural rule does not bar federal review, however, if it is so unclear that is does not "provide the habeas petitioner with a fair opportunity to seek relief in state court." *Harmon v. Ryan*, 959 F.2d 1457, 1462 (9th Cir. 1992). Nor can a state preclude federal review by invoking procedural rules that the state does not apply consistently. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982).

Davis raised Ground Two (b-d) for the first time in his second habeas petition. *See* #17, Exh.J at p.16, Exh.K and Exh.L at p.3. The Nevada Supreme Court determined Davis' second post-conviction petition for writ of habeas corpus was procedurally barred pursuant to Nev.Rev.Stat.

§34.810(2)(b), as a successive petition. *See* #17, Exh.O. Therefore this Court finds Davis procedurally defaulted Ground Two (b-d) in state court.

To overcome his procedural default, Davis must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). To demonstrate "cause" for his procedural default, Davis must present his reasons for failing to comply with Nevada's procedural rules. Specifically, in order to overcome being procedurally barred from federal habeas review Davis must explain why he failed to raise Ground Two (b-d) in his first post-conviction petition for writ of habeas corpus. In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some *objective factor external to the defense* impeded...efforts to comply with the state procedural rules." *Murray*, 477 U.S. at 488. (emphasis added). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id.; see also Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

Assuming Davis can show cause for his procedural default, he also must show prejudice arising from the alleged constitutional errors. Davis must demonstrate "not merely that the errors of the trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United Stated v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). In essence, to show actual prejudice on the basis of his claims, Davis must demonstrate that the alleged errors so infected the trial that his resulting conviction violated due process. *Id.*

As an alternative to showing "cause and prejudice" Davis may attempt to show that dismissal of his instant claims on procedural default grounds will result in a "fundamental miscarriage of justice." Such a showing, however, is very difficult to make. It requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. *See Smith v. Murray*, 477 U.S. 527, 537 (1986) (*citing Murray v. Carrier*, 477 U.S. at 496); *see also Engle*, 456 U.S. at 134-35. Given the

extreme difficulty of showing a "fundamentally unjust incarceration," this Court recommends Davis disregard this alternative test and attempt to overcome his procedural default by showing cause and prejudice.

**IT IS THEREFORE HEREBY ORDERED** that Davis' Motion to Dismiss Ground One (#20) is <u>granted</u>.

**IT IS FURTHER ORDERED** that Davis' Motion for an Evidentiary Hearing (#21) is <u>denied</u> without prejudice.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (#11) is <u>granted</u> *to the extent* that Davis shall have twenty (20) days to file supplemental points and authorities addressing whether he can overcome the procedural bar that is applicable to Ground Two (b-d). Respondents shall then have fifteen (15) days thereafter within which to file opposing points and authorities. Davis will have (10) days to reply.

Dated this **30** day of ~~August~~ July, 1999.

*Edward C. Reed,*

UNITED STATES DISTRICT JUDGE

5