UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JIMMIE DAVIS,
                    Petitioner

                                        CV-N-99-137-ECR (PHA)

VS                                      Supplemental points
                                        and authorities
JOHN IGNACIO, et al,
                    Respondents

        Pursuant to the courts order dated Aug 2, 1999
WHICH STATE THAT Petitioner will HAVE 20 dAYS
To file supplemental points and authorities addressing
whether he can overcome the procedural bar
that is applicable to Ground Two (b-d). Petitioner
now submits supplemental points and authorities.

        Petitioner previously filed a motion conceding
To the dismissal of Ground 2 (b-d) but after he
let a law clerk read it petitioner was told that
the order was to dismiss all two grounds.
(Ground two and three.) Petitioner does not
concede to the dismissal of his whole petition
if this is so. Petitioner now submits A VAliant
effort to prove cause and prejudice attributable
thereto based on the valid points of the record.
                    CAUSE For defaulted
                            CLAIM

        The order states in part that petitioner
must show that failure to consider his defaulted
claims will result in a fundamental miscarriage of

1

25

1  Justice HARRIS v. Reed, 489 U.S. 255, 262 (1989) or cause
2  For the default and Prejudice attributable there
3  to. Specifically in order to over come being
4  procedurally barned From federal habers review
5  petitioner must explain why he failed to raise
6  ground Two b-d in his first post convuction petition
7  for writ of habeas corpus.
8       IT was THROUGH No FAULT of petitioners that the
9  Issues were not raised. petitione Now submits
10 exhibit __A__ pg_27  the supplment of petitioners
11 original petition dated March 6, 1981 which starts
12 That appellent did try to raise the issues of Ground
13 2 d so petitioner will ~~axe~~ ask the court to
14 dismiss ground 2 b-c but not ground 2 d. The
15 ~~~~ respondent will argue that petitioner
16 made this up so appellent has attached (1) The
17 Supplemental brief exhibit __B__ page 28 through
18 32 (2) the papers he recieved when he tried to
19 
20
21 File anything so he fowarded his supplement to
22 his attory of record page __17__ (3) after
23 Numrous attemps to get attorney to file
24 supplement petition wrote the bar and brong
25 this to their attention Grievane file #
26 91-101-11 pages __13__ to __16__ (Letter stating
27 she would not file supplement. Soon after
28 petitioner was appointed New counsel

2

1  Who also recieved the suppmental brief but did
2  not file it. Letter FROM New attorney page —
3  34 stating that he recived the supplemental
4  brief dated March 6 1991. He instead sopple
5  mented his own and just used petitiones
6  affidavit page 37 to 40     "supmental
7  affidavit Filed and stamped Jan 9, 1992 still
8  before Petitions orginal petition was heard"
9  which states in [blacked out] Number 13 THAT The
10 court did not have Jurisdiction to accept
11 guilty plea based on robbery allegrtions page
12 42 to 43. It is clear that petitioner state his
13 claims in his supplemental affidavit which was
14 filed in support of his original petition. And
15 along with all true and correct Letters from the
16 bar, both attorneys, and his Letters petitioner
17 tried hard to present his claim. An external
18 Factor impeded efforts to comply with the state
19 procedonal rules Murray V. U.S, 477 U.S, at 488.
20 and interference by state officials Buffalo V. Sunn,
21 854 F. 2d 1158, 1163 (9th cir 1988)
22                    prejudice
23    As stated in petitioners affidavit Number 14
24 page 39      filed and stamped to original
25 supplement The court dismissed the robbery
26 information and agreed that it was a Jurisdictional
27 error, futhemore the information used to
28

3

1  establish the degree of the crime violated the
2  due process clause. This worked to the actual
3  and substantial disadvantage infecting his entire
4  trial with error of constitutional demensions
5  United Stats V FRADY 456 U.S. 152, 170 (1982)
6  They should have held the changes "all" in
7  abeyance until the jurisdiction was resolved
8  and not wondered for two months if petitioner
9  was realy 16 everyone saying why didnt petitioner
10 tell them but no one wanting to take responsibillty
11 why he had been in an adult JAIL for months
12 without anyone knowing. ~~~~~~~ Petitioner
13 had never been committed to any juvinile facillys
14 so there was a chance even if slim that the Juvenile
15 courts would have retaied jurisdiction. because
16 they could in accordinvee with the Law at the
17 time petitioner ~~~~~~~~~~~~~~~ see Exhibit C page 43
18 entered his plea.
19 where the prosecutor states: after he
20 was held to answer I've had discussiows with
21 his counsel and conducted some investigation
22 and I believe him to be 16. AND AS I
23 understand the Law now although a person
24 of any age can originally be charged in
25 th adult courts with murder, for any other
26 crime even if it was committed during the
27 murderous tRANSAction he has to be
28 charged originally iN Juvenile court] THE

4

1  court: he has to be certified. Exhibit ___C___
2  page ___43___ .
3       These errors so infected petitioners
4  plea that the resulting conviction violated
5  due process because after it was dismissed
6  and the court said it was Jurisdictional
7  Exhibit ___C___ page ___43___ . The necessary was
8  used To try and establish murder 1 "First
9  degree The state prosecutor said that it
10  dismissal of Count II in noway has
11  anything to do with the negotiations and is
12  not consideration Exhibit ___C___ page 43
13  but it was Exhibit ___D___ page 44
14  STATING ~~~~ by petitioners attorney And the
15  other understanding is, Your Honor that the
16  state will not go down and try to certify
17  our client on the robbery and bring him
18  back, Exhibit ___D___ page 44 .
19  These errors of constitutional demensions
20  United States v. Frady 456 U.S, 152, 170 (1982)
21  have violated petitioners dueprocess rights.
22
23  
24       The dismissal of the instant claim would result in
25  a Fundamental Miscarriage of Justice petitioner
26  was convicted of 1 degree Murder. The police
27  testified that he was told the shooting was
28  accidental on record, the eye witness testified

5

1  THAT THE Shooting was an accidental one
2  on record. Petitioner stated on record that
3  that as he went to put the gun down
4  — — as I closed the trigger the gun
5  Shot. Exhibit __E__ page 47 —.
6  petitioner has stated this from the onset
7  that the elements of the crime were not the
8  told to him and since the court never obtained
9  proper Jurisdiction once petitioner was held to
10 answer in adult court in accordance with
11 the law at the time petitione was sentenced
12 the conviction is a nulity because ourisdiction
13 did attach once the robbry was charged, citing
14 U.S. V. FRADY 102 SCt at 1596; AT the outset,
15 we emphasize that this would be a different
16 case had FRADY brought before the District
17 court affirmative evidence indicating that he
18 had been convicted wrongly of a crim of which
19 he was innocent. But FRADY IT MUST Be
20 Remembered, did Not assent at TRIAI that
21 he and Richard Garden beat THOMAS Bennett
22 to death without malice. INSTead, FRADY
23 CLAimed he had nothig todo with the crime.
24 *—— since that time FRADY has neve
25 presented colorable evidence even his own
26 Testimony, Indicating such Justification,
27
28 mitigation or excuse that would

6

1  Reduce his crime FROM MURDER TO
2  MANSLAUGHTER. —    IN THE CASE
3  Now before the court DAVIS (petitioner)
4  Has shown overwelming on record
5  evidence which proves he is not guilty
6  of the 1 degree murder charge he stands
7  convicted of. Citing WAINWRIGHT v.
8  SYKES 97 S.C. 2497 (1977) at 2502 "AN
9  imprisonment under a Judgment cannot be
10 Unlawful, unless that Judgment be an
11 absolute nullity; and it is not a nullity if
12 the court has general Jurisdiction of the
13 subJect, although it should be erroneous.
14 HENDERSON V KIBBE 431 U.S. at 154 97 S.Ct
15 at 1736 THE COURT HAS HELD THAT THE
16 DUE PROCESS CLAUSE PROTECTS THE
17 ACCUSED against conviction except
18 UPON proof beyond a reasonable doubt
19 OF every FACT NECESSARY TO constitute
20 the crime with which he is charged."
21 IN RE WINSHIP, SUPRA, 397 U.S. at 364,
22 90 S.Ct at 1073.
23
24
25
26
27
28
                    7

## Conclusion

For the reasons set forth above, Petitioner Petitioner's Petition should not be dismised but the court should Just dismiss Ground 2 Band c. and allow respondent to respond to the claims presented in petitioners writ of Heabous corpus.

JIMMIE DAVIS
37362

P.O. Box 607
CARSON CITY
NEVADA
89702

8

CERTIFICATE
OF
MAILING

JIMMIE DAVIS SAYS;

ON THE _18_ dAY of _AUGUST_
1999

I DEPOSITED IN THE NEVADA
STATS PRISON MAIL ONE ORIGINAL
and copys to the Below listed
addResses: _Supplemental Points_
_and authorities_

CLERK U.S. DISTRICT COURT
    DISTRICT OF NEVADA
400 SOUTH VIRGINIA ST. ROOM 301
    Reno NeVADA 89501

        1030
    STATE OF NeVADA
    OFFICE OF THE ATTORNEY GENERAL
    555 E. WASHINGTON AVENUE, SUITE 3900
    LAS VEGAS NEVADA 89101

        DATED this _18_ dAY OF _AUGUST_ 1999

                    Jimmie DAVIS 27362
                    Jimmie DAVIS 27362
                    P.O. BOX 667
                    CARSON CITY NeVADA
                        89762

9

CERTIFICTE
OF
MAILING

JIMMIE DAVIS SAYS:

ON THE __18__ dAY of __AUGUST__ 1999

I DEPOSITED IN THE NEVADA STATS PRISON MAIL ONE ORIGINAL and copys to the Below listed addResses: Supplemental PoiNTS and authorities

CLERK U.S. DISTRICT COURT
  DISTRICT OF NEVADA
400 SOUTH VIRGINIA ST. ROOM 301
   RENO NEVADA 89501

      1030
  STATE OF NEVADA
OFFICE OF THA ATTORNEY GENERAL
555 E. WASHINGTON AVENUE, SUITE 3900
  LAS VEGAS NEVADA 89101

    DATED this __18__ dAY OF __AUGUST__ 1999

                    Jimmie DAVIS 27362
                    Jimmie DAVIS 27362
                    P.C. BOX 607
                    CARSON CITY NEVADA
                      8970

9

## *Lee Elizabeth McMahon*

**Attorney at Law**
Granada Business Complex, Suite 9
216 South Seventh
Las Vegas, Nevada 89101

(702) 382-2741

January 22, 1990

File No._____

Mr. Jimmie Davis
Southern Nevada Correctional Center
P.O. Box 208
Indian Springs, Nevada 89018

Re:  Petition for Post-Conviction Relief
     Case No. C85078

Dear Mr. Davis:

The Honorable Earle W. White, Jr. has appointed me as counsel
for your Petition for Post-Conviction Relief.

I have a copy of your proper person petition and have requested
a transcript of your plea entry, which I expect to receive within
two weeks.

Judge White has set February 5, 1990 as a status check date.
If I have the transcript by that date he will set a briefing
schedule and that time.

Very truly yours,

LEE ELIZABETH McMAHON, ESQ.

LEM:pb

10

*Copy*

Anthony C. Green
Inmate Law Clerk
P.O. Box 208, SDCC
Indian Springs, NV  89070


January 24, 1991


Lee Elizabeth McMahon, Esq.
Granda Business Complex, Ste. 9
216 South Seventh Street
Las Vegas, Nevada  89101

Re: <u>State v. Davis,</u>
    Case No. C85078, Dept. IV

Dear Ms. McMahon:

I have been instructed to inform you that your client, Jimmie
Davis, has been transferred from the Southern Desert
Correctional Center, located at Indian Springs, to Ely State
Prison, P.O. Box 1989, Ely, Nevada  89301 because of his
sentence structure, i.e., life without possibility of parole.

Because I prepared Jimmie's Post-Conviction Petition, and have
been monitoring the case since its filing, I cannot help but
notice that had you prosecuted this Petition in a timely manner
and been successful, Jimmie would still be here at Indian
Springs; and not in the hardened, and possibly
life-threatening, environment of the Ely State Prison.

In any event, I have also been instructed to ask that you take
whatever action is necessary to have this matter submitted to
the Court forthwith for its consideration. Should you fail to
do this in what we might determine to be prompt, Jimmie's
parents have been instructed to notify the judge of Department
IV, the Nevada Supreme Court and the State Bar and inform them
of the facts of the case and your lack of diligence in pursuing
its prosecution and your failure to keep Jimmie properly
informed, as mandated by SCR 152, 153 and 154, and seek their
intervention.

Please direct any response to either myself or Jimmie directly
at the addresses set forth above.

Sincerely

Anthony C. Green,
Inmate Law Clerk

Jimmie Davis
P. O. Box 1989
Ely, NV  89301

Re: Case No. C85078 - State vs. Jimmie Davis

**Rule 3.70.     Papers which may not be filed.**


     Except as may be required by the provisions of NRS
34.730 to 34.830, inclusive, all motions, petitions,
pleadings or other papers delivered to the clerk of the
court by a defendant who has counsel of record will not
be filed, but must be forwarded to that attorney for such
consideration as counsel deems appropriate. This rule
does not apply to applications made pursuant to EDCR
7.40(b)(2)(ii).


REASON FOR NEW RULE - To permit the clerk to forward to
counsel all papers received from a defendant represented
by an attorney.

Your  Motion for Briefing Schedule and Evidentiary Hearing
date for Petitioner for Post Conviction Relief has been
forwarded to your attorney, Lee McMahon, Esq.

*Alberta Mary*
Deputy County Clerk
4/23/91

# STATE BAR OF NEVADA

REPLY TO ☐ RENO ☒ LAS VEGAS

August 12, 1991

Mr. Jimmie Davis #27362
P.O. Box 1989
Ely, NV 89031

Re: Grievance File #91-101-11

Dear Mr. Davis:

Enclosed please find a copy of Lee Elizabeth McMahon, Esq.'s response to your letter of complaint. If you have any additional comments or clarifications please send them to this office in writing within the next ten (10) days. This matter will be presented to the next meeting of the screening panel of the Southern Nevada Disciplinary Board. You will be notified once the panel has reviewed the file and reached a disposition.

Very truly yours,

James Mancuso
Assistant Bar Counsel

JM:jn

Enclosure

13

To State Bar of Nevada
  500 S. 3RD Street
  Las Vegas NV 89101


Dear State Bar of Nevada

I am writing you due to a serious matter that has developed since my counsel, Lee Elizabeth Mc Mahon, Nevada Bar #001765 was appointed to my case to represent me in my pending petition for Post-Conviction Relief.

I request to bother you about this situation which has occured, I have forwarded three letters to Mrs Mc Mahon asking her to please inform me as to what she is preparing on my case. Copies of letters submitted here with. All of my letters have gone unanswerd. Also I forwarded to her a supplemental petition requesting that she submit it before the court, no answer was sent to me weather she has filed it or not. I have not herd from her in over a year while my Post Conviction is still pending in District court IV.

I know this is not your problem, but I certainly need some guidance asking you please to contact ~~the~~ Mrs Mc Mahon asking her to contact me in this matter so I will not have to further Persue a Writ of Mandarus.

14

Because she refuses to accept my phone calls and replys to my letters this has become a serious matter and upon my transfer to Ely State Prison and further research on Mrs McMahon I have found she has a past History of having complaints filed against her for not pursueing other post conviction relief Pations.

I have written the Judge in the Eighth Judicial Court Dept IV preceding over my case in this matter, copy of letter submitted her with. May she would respond to the Nevada State Bar if you could take the time to find out why she does not respond to my inquires of a status check on my case I would very much appreciate your assistance in this matter so I will not have to pursue any further Legal action against her.

Respectfully Submitted
Jimmie Davis 27362
Ely State Prison
P.O. Box 1989
Ely, Nev 89301

15

Certificate of Service By Mail

I Jimmie Davis do herby solemnly swear, under the penalty of perjury, that I have served a true and correct copy of the foregoing letter to the State Bar of Nevada and my Attorney of Record Lee Elizabeth McMahon, Nevada Bar # 0 0 1 7 6 5 by placing it in the same in an envelope postage prepaid and placing it in the United States Mails from Ely State Prison on this day of ___5-11-91___ 1991 addressed to

State Bar of Nevada
500 S 3rd Street
Las Vegas NV 89101
         and
Lee Elizabeth McMahon Esq
Nevada Bar # 001765
216 South Seventh Str. Suite 8
Las Vegas, Nev 89101

Respectfully submitted
Jimmie Davis
Ely State Prison
P.O. Box 1989
Ely Nev 89301

per N.R.S 208.165

16

March 6, 1991

To: Lee Elizabeth Mc Mahon,

Attorney at Law

216 South Seventh Street, Suite 9

Las Vegas, Nevada 89101

Dear Counsel:

I have enclosed a copy of the supplemental petition for post-conviction relief and the points and authorities in support of the petition that I wish to have you file. Also, I request that you reschedule this case for a hearing after you file my supplemental petition. It has been almost thirteen months since I heard anything from you or the Court. After you file my supplemental petition please send me a filed stamped copy.

Sincerely,

*Jimmie Davis* #27362

Jimmie Davis,

Ely State Prison

Post Office Box 1989

Ely, Nevada 89301

1  To the Honorable Judge Bongiovanni Dept IV
2     Eighth Judicial District court
3     200 S. Third Street
4     Las Vegas, Nevada 89155
5  RE: Appointed Counsel, Lee Elizabeth McMahon

7  Dear Judge
8        I am writing you due to a serious matter
9  that has developed since my counsel, Lee
10 Elizabeth McMahon was appointed to my case
11 to represent me in my pending petition for
12 Post-conviction relief.
13       Your Honor, I request to bother you about
14 this situation, which occured upon me once
15 before that is my last counsel and now my
16 present Counsel's failure to keep me advised of
17 my legal proceedings.
18 I have forwarded three letters to mrs McMahon
19 asking her to please inform me as to what she
20 is preparing on my behalf. All of my letters
21 have gone unawarded. also, I forwarded to
22 her a supplemental Petition requesting that
23 She submit it before your court. Evidently, she
24 has not.
25       Your Honor, I know this is not your problem
26 but I certainly need some guidance on what to
27 do on this very serious matter. Because she
28 refuses to accept my phone calls and reply to
   my letters maybe she would listen to you
   If you could take the time to find out why
   she does not respond to my inquires of a
   Status check on my case. I would very
   much appreciate your assistance in this matter
                              19    thank you

Case No. __C85078__

Dept. No. __IV__

IN THE __EIGHTH__ JUDICIAL DISTRICT COURT OF THE

STATE OF NEVADA IN AND FOR __CLARK COUNTY__

__Jimmie Davis__,        )
                         )
           Petitioner,   )
                         )          PETITION FOR
      v.                 )     POST-CONVICTION RELIEF
                         )       (NRS 177.315 et seq.)
THE STATE OF NEVADA,     )
                         )
           Respondent.   )
_____)

INSTRUCTIONS:
     (1)  This petition must be legibly handwritten or typewritten, signed by the petitioner and verified.
     (2)  Additional pages are not permitted except where noted or with respect to the facts which you rely upon to support your grounds for relief.  No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.
     (3)  If you want an attorney appointed, you must complete the Affidavit in Support of Request to Proceed in Forma Pauperis.  You must have an authorized officer at the prison complete the certificate as to the amount of money and securities on deposit to your account in the institution.
     (4)  You must include all grounds or claims for relief which you may have regarding your conviction or sentence.  Failure to raise all grounds in ths petition may preclude you from filing future petitions challenging your conviction and sentence.
     (5)  You must allege specific facts supporting the claims in the petition you file seeking relief from any conviction or sentence.  Failure to allege specific facts rather than just conclusions may cause your petition to be dismissed.
     (6)  When the petition is fully completed, the original and one copy must be filed with the clerk of the state district court for the county in which you were convicted within 1 year after the final judgment of conviction, or within 1 year after the final decision in your appeal if you appealed your conviction.  One copy must be mailed to the di⌐          ⌐f the county in which you were convicted or to the              .tor.  Copies must conform in all particulars to th                :ted for filing.

ℰ S P
LAW
ℒBRARY

LAW LIBRARY

1      (7)  Failure to follow these instructions may result in dis-
2   missal of your petition.  Failure to state clearly and precisely
   the grounds upon which you make your claim for relief, and to
   state clearly and precisely the facts and circumstances which give
3   rise to your claim, may result in dismissal of your petition.

4                 PETITION

5      1.  Did you personally prepare your petition?  If not, who

6   did?  Give name and, if a prisoner, his prison number: _____

7      William McKinney, Inmate #13355, ELY State Prison _____

8      2.  Name and location of court which entered the judgment of

9   conviction under attack: Eighth Judicial District Court _____

10     In the County of Clark, Las Vegas, Nevada _____

11     3.  Date of judgment of conviction: December 12, 1988 _____

12     4.  Length of sentence: __Life Without Parole _____

13     5.  Nature of offense involved (all counts) First _____

14  Degree Murder _____

15  _____

16     6.  What was your plea? (check one):

17     (a) Not guilty_____ (b) Guilty_X_ (c) Nolo contendere_____

18  If you entered a guilty plea to one count or indictment, and a not
   guilty plea to another count or indictment, or if the guilty plea
19  was negotiated, give details:

20     the negotiations was that the petitioner plead guilty to first

21     degree murder without the use of a deadly weapon as a lesser

22     included offense of count one and stipulate that the punishment
   be life without parole.
23     7.  Kind of trial (check one):

24        (a)  Jury_____ (b) Judge without a jury_X_

25     8.  Did you testify at the trial?  Yes _____  No_X_

26     9.  Did you appeal from the judgment of conviction?

27        Yes _____  No _X_

28  . . . . .

10. If you did appeal, answer the following:

(a) Name of court:_____N/A_____

(b) Result:_____N/A_____

(c) Date of result:_____N/A_____

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal?

Yes ·X·     No ·___·

12. If you answer to No. 11 was "yes," give the following information:

(a) (1) Name of court: **Eighth Judicial District Court, Clark County, Nevada.**
(2) Nature of proceeding:_____

**Post-Conviction Relief**

_____

(3) Grounds raised: **Plea     was     not     knowingly     and understandingly; Sentence was cruel and unusual punishment; Sentence violated the equal protection clause; Plea was entered without the effective assistance of counsel.**
(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes_____   No **X**

(5) Result: **The case is still pending.**

(6) Date of result:_____**N/A**_____

(7) If known, citations of any written opinion or orders entered pursuant to such result:_____**N/A**_____

_____

(b) As to any second petition, application or motion give the same information:

(1) Name of court:_____**N/A**_____

-3-

ELY STATE PRISON
LAW LIBRARY

1      (2) Nature of proceeding:_____N/A_____

2  _____

3  _____

4      (3) Grounds raised:_____N/A_____

5  _____

6  _____

7      (4) Did you receive an evidentiary hearing on your petition,

8  application or motion?   Yes_____   No _____  N/A

9      (5) Result:_____N/A_____

10     (6) Date of result:_____N/A_____

11     (d) Did you appeal to the highest state court having juris-

12 diction, the result of action taken on any petition, application

13 or motion?

14     (1) First petition, application or motion? Yes_____   No___N/A

15     (2) Second petition, application or motion? Yes_____   No___,

16     (3) Third petition, application or motion? Yes_____   No_____

17     (e)  If you did not appeal from the adverse action on any
   petition, application or motion, explain why you did not.  (You
18 must relate specific facts in response to this question.  Your re-
   sponse may be included on paper which is 8 1/2 x 11 inches attached
19 to the petition.  Your response may not exceed five handwritten
   or typewritten pages in length.)

20                                        N/A
   _____
21 _____

22 _____

23 _____

   13.  Has any ground being raised in this petition been pre-
24 viously presented to this or any other court by way of petition
   for habeas corpus, motion or application?  If so, identify:
25
   (a) Which of the grounds is the same:____None of the grounds
26
   raised herein were raised in the original petition for post-
27
   conviction relief.
28 _____

LAW LIBRARY

(b) The proceedings in which these grounds were raised:

N/A

14. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

(a) Ground one: COURT FAILED TO EXPLAIN THE ELEMENTS OF THE OFFENSE TO THE PETITIONER

Supporting FACTS (Tell your story briefly without citing cases or law.): The record is bare of the elements of first degree murder. See Guilty plea transcript attached hereto.

(b) Ground two: The petitioner was denied due process of law by use of robbery allegations to establish felony murder

Supporting FACTS (Tell your story briefly without citing cases or law.): At guilty plea transcript page 3 the prosecutor dismissed the robbery and told the Court that it was not considered. At (Guilty Plea trans. P. 7 and 8) he used robbery to establish murder in the first degree.

(c) Ground three: Court did not have jurisdiction to accept guilty based on robbery allegations.

Supporting FACTS (Tell your story briefly without citing cases or law.): At (guilty plea trans P.3) the Court dismissed the robbery information and agreed that it was jurisdictional error, but the State was allowed to use robbery allegation to establish first degree murder.

(d) Ground four: THE INFORMATION USED TO ESTABLISH THE DEGREE OF THE CRIME VIOLATED THE DUE PROCESS CLAUSE

Supporting FACTS (Tell your story briefly without citing cases or law.): (See Points and authorities attached hereto)

-5- 23

LAW LIBRARY

1 _____

2 _____

3    15.  If any of the grounds listed above were not previously
presented in any other court, state or federal, state briefly what
4 grounds were not so presented, and give your reasons for not pre-
senting them.  (You must relate specific facts in response to this
5 question.  Your response may be included on paper which is 8 1/2
x 11 inches attached to the petition.  Your response may not
6 exceed five handwritten or typewritten pages in length.)

7    **N.R.S. 177.315 et seq allows for a supplemental petition and**

8 **authorities.** _____

9 _____

10   16.  Do you have any petition or appeal now pending in any

11 court, either state or federal, as to the judgment under attack?

12       Yes **X**____      No _____

13   If "yes," state what court: **Eighth   Judicial   district   Court,**

14 **Clark County.** _____

15 _____

16   17.  Give the name and address if known of each attorney who
represented you in the following stages of the judgment under
17 attack herein:

18   (a) At preliminary hearing: **David Gibson** _____

19 _____

20   (b) At arraignment and plea:____ **David Gibson** _____

21 _____

22   (c) At trial: **At the entry of guilty plea the petitioner was**

23 **represented by Stephen J. Dahl and David Gibson** _____

24   (e) On appeal:_____ **N/A** _____

25 _____

26   (f) If any post-conviction proceeding:_____

27      **Lee Elizabeth Mc Mahon** _____

28 _____

LAW LIBRARY

1    18. Were you sentenced on more than one count of an indict-
ment or information or on more than one indictment or information
2    in the same court and at the same time?

3         Yes _____    No _x_

4    19. Do you have any further sentence to serve after you com-
plete the sentence imposed by the judgment under attack?

5

6         Yes _____    No _x_

7    (a) If so, give name and location of court which imposed

sentence to be served in the future: ___ **None** _____

8

9    _____

10

11   (b) Give date and length of sentence to be served in the

future: _____ **N/A** _____

12

13   _____

14

15   (c) Have you filed, or do you contemplate filing any petition
attacking the judgment which imposed the sentence to be served
in the future?

16

17        Yes _____    No _____    **N/A**

18   20. If you are not filing the petition within 1 year after

19   the final judgment of your conviction or of the final decision

20   in your appeal, if any, state here good cause why not, and why the

21   petition should be heard now.  (You must relate specific facts in

22   response to this question.  Your response may be included on paper

23   which is 8 1/2 by 11 inches attached to the petition.  Your

24   response may not exceed five handwritten or typewritten pages

25   in length.)  **The original petition was filed within one year.**

26   _____

27   _____

28   _____

LAW LIBRARY

1    WHEREFORE, Petitioner prays that the court grant relief to
which he may be entitled in this proceeding.

2    DATED this 6 day of March , 19 91 .

3

4

5    Signature of petitioner
     **Ely State Prison**

6    **Post Office Box 1989**
     **Ely, Nevada 89301**

7    Address

8  STATE OF NEVADA )
                  ) ss.
9  County of White Pine)

10                    VERIFICATION

11    Pursuant to NRS 15.010, under penalties of perjury, the under-
signed declares that he is the petitioner, named in the foregoing

12  petition and knows the contents thereof; that the pleading is true
of his own knowledge, except as to those matters stated on infor-

13  mation and belief, and that as to such matters he believes it
to be true.

14    DATED this 6 day of March , 19 91 .

15

16

17    Signature of petitioner

18

19

20    Signature of petitioner's
      attorney (if any)

21            CERTIFICATE OF SERVICE BY MAIL

22    I, Jimmie Davis , hereby certify pursuant to
N.R.C.P. 5(b), that on this 6 day of March , 19 91 ,

23  I mailed a true and correct copy of the foregoing PETITION FOR
POST-CONVICTION RELIEF addressed to:

24    **Rex Bell**
                    District Attorney
25  **200 South Third Street**
    **Las Vegas, Nevada 89155**

26

27                    Address

28
                              Signature of Petitioner
                       -8-   26

ELY STATE PRISON
LAW LIBRARY

1

D I S T R I C T   C O U R T

2

CLARK COUNTY, NEVADA

3

4

5

Jimmie Davis,

6

   Petitioner,

7

  vs.

Case No. C85078

8

Dept. No. ___IV

9

Docket No. ___

10

The State of Nevada,

11

   Respondent.

12

_____/

13

COVER SHEET FOR

14

SUPPLEMENTAL PETITION FOR

15

POST-CONVICTION RELIEF (N.R.S. 177.315 et seq.)

16

Date of Hearing:_____

17

Time of Hearing:_____

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT
A 27

# DISTRICT COURT

## CLARK COUNTY, NEVADA

Jimmie Davis,

        Petitioner,

   vs.

The State of Nevada,

        Respondent.

_____/

Case No. <u>C85078</u>

Dept. No. <u>IV</u>

Docket No. <u>___</u>

POINTS AND AUTHORITIES IN SUPPORT OF

SUPPLEMENTAL PETITION FOR

POST-CONVICTION RELIEF (N.R.S. 177.315 et seq.)

Date of Hearing:_____

Time of Hearing:_____

I

<u>ARGUMENT</u>

    The record is bare of the elements of first degree murder, neither is there anything in the record showing that the Court explained the Elements of first degree murder to the petitioner before accepting his guilty plea. The petitioner argues that <u>intent to cause death</u> was an element of the crime



EXHIBIT
B-28          28

of murder in the first degree. However, the state argued at the guilty plea hearing indirectly that intent to cause death was not an element of the offense because the petitioner's intent was established when he pointed the victim's gun at her and told her to leave without her gun. The state's argument was in violation of the plea negotiations and could not be used to establish felony-murder. Therefore, the Court had a duty to explain to the defendant, on the record, the elements of first degree murder. Besides, the Court would have still had the same duty to explain the felony-murder rule to the defendant if its application had been correct. See, HENDERSON v. MORGAN, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). Also, the defendant never made any factual allegations that would constitute murder in the first degree. See HANLEY v. STATE, 624 P.2d 1387 (1981). The plea should be set aside and the petitioner should be allowed to plead anew.

II

ARGUMENT

The petitioner argues that he was denied due process of law on the grounds that the robbery and its allegations were dismissed before he entered his guilty plea, but at page 7 and 8 of the guilty plea transcript the prosecutor used the robbery allegation to establish "Felony Murder". The petitioner argues that this was in violation of article 1, section 8, of the

-2-

29

1   Nevada Constitution. His attorneys failed to object, but the

2   error is one that violates the petitioner's State and Federal

3   Constitutional rights.

4

5                               III

6                             ARGUMENT

7

8        The petitioner argues that the Court did not have

9   jurisdiction to hear the robbery allegation or anything

10  pertaining thereto since those charges were dismissed and the

11  state promised that they would not be for consideration to the

12  plea for murder in the first degree. Even though the attorneys

13  for the petitioner failed to object, the fourteenth amendment

14  of the constitution of the United States does not allow a

15  juvenile confronted with charges as serious as first degree

16  murder to be left to rely on inadequate counsel for his defense

17  even in a guilty plea hearing.

18

19                               IV

20                             ARGUMENT

21

22       In all guilty plea hearings the Court has the duty to

23  determine the degree of the crime that the accused is charged

24  with after it accepts a guilty plea. In the case at bar the

25  petitioner was interrupted by the prosecutor while trying to

26  convey to the court the necessary facts of the crime. See

27                              -3-

28

                              3○

guilty plea transcript page 7. Actually, the Court never did
hear enough from the petitioner on October 12th 1988 to
determine that the degree of murder was in the first degree.
See SHERIFF v. CLARK COUNTY v. LIGMAN, 697 P.2d 107 (1985);
RAMOS v. STATE, 58 Nev. 446, 83 P.2d 147, (1938). If the Court
had determined degree of the crime in this case it would have
found an abundance of evidence that showed that the defendant,
if but for his attorneys failure to defend him, could have not
been convicted of any of the degrees of murder. Involuntary
manslaughter may have been out of the adult Court's
jurisdiction? Consequently, the attorneys failed to save the
Court from mistake by requesting that the Court hear the
defendant's story in full then determine the degree of his
guilt. See for example: HARRIS v. STATE, 76 Tex.Cr.R. 126, 131,
172 S.W. 975, 977 (1915).

V

ARGUMENT


    The record shows that the prosecutor told the Court,
after moving that the robbery and its information be dismissed,
that the robbery was in no way had anything to do with the
negotiations and that it would not be considered. See page 3 of
the guilty plea transcript. However, the prosecutor turned
right around and used the petitioner's out of Court statement
to "state for him" the facts of the crime. Twice he stated that

-4-

31

1   the petitioner told the victim to "get out". He told the Court

2   that the petitioner's intent arose from his intent to keep the

3   weapon. See guilty plea transcript page 8. It is clear that the

4   prosecutor is using the information from the already dismissed

5   count of robbery to establish murder in the first degree. The

6   prosecutor must not be allowed to use an out of Court statement

7   made by the petitioner at a time when he was under extreme

8   duress; besides, the statement was never considered by the

9   Court for its voluntariness. See, SANTOBELLO v. NEW YORK, 404

10  U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The petitioner

11  was never asked did he commit the crime intentionally. He made

12  no factual allegations to the Court that would have constituted

13  elements of the offense for first degree murder. HANLEY SUPRA.

14  Therefore, the plea should be set aside.

15

16

17

18

19

20

21  ///

-5-

22

23

24

25

26

27

28

32

## CONCLUSION

HERE, the petitioner has set forth good cause for setting aside his plea, and this Court should so find that the plea is constitutionally infirm.

WHEREFORE,

The petitioner prays that his plea of guilty be set aside and that he be allowed to plead anew.

For whatever other relief that this Court deems just and appropriate.

DATED this 6 day of March , 1991

Respectfully Submitted

_Jimmie Davis #27362_

Jimmie Davis,

Lee Elizabeth Mc Mahon,

Attorney for petitioner.

-6-

33

*Law Offices of*

*Cherry & Bailus*

501 SOUTH SIXTH STREET
LAS VEGAS, NEVADA 89101

TELEPHONE
(702) 385-3788
———
FACSIMILE
(702) 385-5125

MICHAEL A. CHERRY, ESQ.
MARK B. BAILUS, ESQ.
CATHERINE ANN WOOLF, ESQ.
———
DOLORES M. LAVERTY
GAIL A. GRISWOLD
LEGAL ASSISTANTS

**July 26, 1991**

Mr. Jimmie Davis
Ely State Prison
Post Office Box 1989
Ely, Nevada  89301

    Re:  **Jimmie Davis v. State of Nevada**

Dear Mr. Davis:

    Please be advised that on July 22, 1991 the undersigned was appointed to represent you regarding your Post-Conviction Relief. I have been in contact with Ms. Lee McMahon and have obtained portions of her file relating to the original Petition for Post-Conviction Relief filed in 1989, as well as your most recent Petition dated March 6, 1991. She also provided me with letters she received from Mr. Anthony C. Green regarding your case. I am also in receipt of a copy of Reporter's Transcript of Plea heard on October 12, 1988.

    As I am only in receipt of these documents just today, I obviously have not had the time to digest their contents. I will begin preparation of the Supplemental Points and Authorities of your Post-Conviction Relief and will advise as to when this matter has been set for evidentiary hearing.

    Should you have any questions regarding this matter, or should you wish to discuss this further with me, please feel free to contact my office by calling collect.

    Sincerely,

MARK B. BAILUS, ESQ.

MBB/ps

August 7, 1991

To: MARK B. BAILUS ESQ
501 SOUTH SIXTH STREET
LAS VEGAS NEVADA
         89101


Dear Sir:

In my supplemental petition I argued that the court did not have jurisdiction to hear the robbery case for the purpose of establishing the degree of the homicide. In actuality I was a juvenile when the offense was committed, consequently, the adult court did not have jurisdiction over me on the robbery charge. I had a right, I believe, to be tried in juvenile court on the robbery charge before entering a plea in adult court. However, See In Re Famey, 583 P.2d 1210 (1978); Jessie v. Superior Court of San Mateo County, 576 P.2d 963, 145 Cal.Rptr. 1, 20 C.3d 893, vacated California v. Jessie West, 99 S.Ct. 304 (1978); Garrison v. Jennings, 529 P.2d 536 (1974); State v. Watson, 586 P.2d 1253, 120 Ariz. 441 Cert. Den. 99 S.Ct. 1254 (1978). I believe that the Juvenile Court would maintain jurisdiction over the robbery charge until an appeal was taken from its decision and judgment; therefore, since I was a juvenile I had a right to be tried in Juvenile Court on the robbery charge if the state was going to use it as an underlying felony to establish felony-murder?

35

Please let me know if the above issue have merit. I never intended to shoot or kill the victim. I tried to convey that to the court at my entry of guilty plea hearing but I was interrupted by the prosecutor. I was joking with the victim and when I tried to lower the gun to and uncock it the hammer slipped and she got shot. I never told the court that I intended to kill the victim. If I find any more case law in support of my issues I will send them to you.

Sincerely,

Jimmie Davis

**Jimmie Davis, Inmate # 27362**

**Ely State Prison**

**Post Office Box 1989**

**Ely, Nevada 89301**

36

FILED

1    DISTRICT COURT JAN 9  3 28 PH '92

2    CLARK COUNTY, NEVADA

3    JIMMIE DAVIS,                               CLERK

4          Petitioner,                  Case No: C-85078

5    vs.                                Dept No:    1V

6    THE STATE OF NEVADA                Docket No: "C"

7          Respondent,

8    ===========================/

9              Date of Hearing_____

10             Time of Hearing_____

11             **AFFIDAVIT IN SUPPORT OF**

12         PETITION FOR POST-CONVICTION RELIEF

13   STATE OF NEVADA        )

14                          ) ss:

15   COUNTY OF WHITE PINE )

16       I, JIMMIE DAVIS, do hearby swear under penalty of perjury

17   that the assertions of this affidavit are true.

18       1. That I Jimmie Davis am the Petitioner in the above-

19   entitled action and make this affidavit in support of my

20   Petition for Post-Conviction Relief.

21       2. That Petitioner is competent to testify and therefor

22   would be able to testify if called upon to do so and have

23   personal knowledge to the truth of the facts herein set out,

     except to those matters stated on information and belief,

     and as to such matters he believes the same to be true.

26       3. That Petitioner is entitled to relief sought.

27       4. That Petitioner makes this affidavit in good faith.

28       5. That Petitioner was denied Due Process of Law.

37

1      6. That Petitioner was denied the effective assistances

2  of counsel during plea negotiation's and plea hearing. Counsel

3  never explained to Petitioner the elements of the crime charged

4  when case law clearly states that in order for a guilty plea

5  to be accepted the defendant must know the elements of the

6  crime to which he plea's.

7      7. That Petitioner was denied effective assistances of

8  counsel when counsel failed to explain what "MALICE AFORETHOUGHT"

9  meant, and that by pleading guilty Petitioner was admitting

10  that he intentionally killed the victim despite Petitioners

11  unwaviering claim that the shooting was accidental.

12      8. That appellate counsel failed to persue or investigate

13  after being told by an eye witness that they would testify

14  to the fact that the shooting was indeed an accidental shooting.

15  Yet counsel still had a sixteen (16) year old plea guilty to

16  First Degree Murder and agree to Life in prison without the

17  possibilty of parole, knowing the Petitioner was illiterate

18  to the criminal justice system. Whitness being Arthur Cullins.

19      9. That Petitioners plea of guilt was not knowing and

20  intelligently or understandingly entered when the Courts failed

21  to canvass the Petitioner properly in open court, assuring

22  that he understood each and every element of the crime

23  before a plea of guilty could be accepted by the Court.

24      10. That Petitioner was seriously prejudiced as a result

25  of counsel's errors, omissions and counsel's failure to

26  investigate or interview witnesses and research applicable

27  law which would negate a First Degree Murder charge based upon

28  the factual circunstances surronding the case at bar, thus

3 8

1  denying Petitioner his Sixth Amendment Right to resonable
2  effective assistance of counsel.

3     11. That the records of the Plea Hearing are bare of the
4  elements of First Degree Murder therefor the Courts should
5  not have accepted the Petitioners guilty plea whereas no factual
6  statement to the Courts were made which would constitute an
7  admission to the elements of the offense charged.

8     12. That in prosecution of murder where defendant pleads
9  guilty, statue requires that Trial Court first determine
10 degree of guilt and then fix punishment upon theory that no
11 issue is left to guilt of crime of murder, Petitioner clearly
12 demonstrates that the Due Process in this claim was not carried
13 out therefore denying him of this right.

14    13. That Petitioner was denied Due Process of Law by use
15 of robbery allegation to establish felony murder. At the plea
16 hearing, the prosecutor dismissed the robbery charges and told
17 the Courts that it was not considered, than used robbery to
18 establish murder in the first degree. The Court did not have
19 jurisdiction to accept guilty plea based on robbery allegations.

20    14. That the Court dismissed the robbery information
21 and agreed that it was jurisdictional error, futhermore the
22 information used to establish the degree of the crime violated
23 the Due Process Clause.

24    15. That Petitioner was denied Due Process of Law when
25 the police failed to notify his parents or attorney before the
26 Petitioners interrogation, arrest or indictment,whereas a minor
27 is entitled to the presence of his parents or attorney before
28 he is charged with a crime as an adult.

34