1   Under the penalty of perjury, and pursuant to NRS 208.165
2  that above statement/Affidavit is true and correct to the best
3  of Affiants personal knowledge.
4   DATED this 22nd day of October 1991.

*Jimmie Davis* 27362
Jimmie Davis
Ely State Prison
P.O.B. 1989
Ely, Nevada 89301

_____         _____
Thomas Caruso/Witness              Frank LaPena/Witness

40

```
                                                          FILED
                           DISTRICT COURT
                        CLARK COUNTY, NEVADA    FEB 2  8 49 AM '90
                              * * * * *
                                                  _____
                                                        CLERK
```

| | |
|---|---|
| THE STATE OF NEVADA, | )  Case No. C85078 |
|            Plaintiff, | )  Dept. No. IV |
| -vs- | )  Docket: "C" |
| JIMMIE DAVIS, | ) |
|            Defendant. | ) |

COPY

REPORTER'S TRANSCRIPT

OF

PLEA

BEFORE THE HONORABLE EARLE W. WHITE, JR., DISTRICT JUDGE

Wednesday, October 12, 1988

9:00 A.M.

APPEARANCES:

| | |
|---|---|
| For the State: | WILLIAM P. HENRY |
| | Deputy District Attorney |
| For the Defendant: | STEPHEN J. DAHL |
| | Deputy Public Defender |
| | & |
| | DAVID S. GIBSON |
| | Deputy Public Defender |

Reported by:  LISA KESSLER, C.S.R. No. 156
              Official Court Reporter

41

1  LAS VEGAS, CLARK COUNTY; WEDNESDAY, OCTOBER 12, 1988

3  P R O C E E D I N G S

5  THE COURT: C85072, Jimmie Davis. The record
6  will show the presence of the defendant, his counsel, Mr.
7  Gibson and Mr. Dahl, and Mr. Henry for the State.
8      Mr. Henry.
9      MR. HENRY: Your Honor, we have a proposed
10 resolution. The defendant right now stands charged in an
11 information with two counts, murder with use of a deadly
12 weapon and robbery with use of a deadly weapon. Before I
13 describe the negotiations I should inform the court that I
14 do not believe that he is properly charged with robbery with
15 use of a deadly weapon. At the preliminary hearing stage I
16 initially believed him to be 16. One of his attorneys
17 inadvertently told me he was 18. Because of that I
18 proceeded against him with an amended complaint charging him
19 with robbery with use of a deadly weapon and he was held to
20 answer.
21     After he was held to answer I've had
22 discussions with his counsel and conducted some
23 investigation and I believe him to be 16. And as I
24 understand the law now although a person of any age can
25 originally be charged in the adult courts with murder, for

42

1      any other crime even if it was committed during the
2      murderous transaction he has to be charged originally in
3      juvenile court.
4              THE COURT:  He has to be certified.
5              MR. HENRY:  Therefore initially I'd move to
6      dismiss Count II and I want the record to reflect and I
7      believe that his counsel will agree on the record that the
8      dismissal of Count II in no way has anything to do with the
9      negotiation and is not consideration.
10             Having said that --
11             THE COURT:  That's jurisdictional.
12             MR. HENRY:  Yes.
13             THE COURT:  I will grant that motion.  Count II
14     is ordered dismissed for that reason.
15             MR. HENRY:  Having said that, the proposed
16     negotiation would be that the defendant plead to first
17     degree murder without the use of a deadly weapon as a lesser
18     included offense of Count I and stipulate that the
19     punishment for that first degree murder would be life
20     without the possibility of parole in the Nevada State
21     Prison.
22             MR. DAHL:  That's correct.  This plea is being
23     made pursuant to N.R.S. 174.065, the party agrees to a
24     degree of crime if there's separate degrees of crime, and
25     also in the case of murder stipulate to a punishment less

43

1  than death. And the other understanding is, Your Honor,
2  that the State will not go down and try to certify our
3  client on the robbery and bring him back. Those charges
4  will not be pursued any further.
5       THE COURT: All right. Mr. Davis, did you hear
6  what's been said?
7       THE DEFENDANT: Yes.
8       THE COURT: And are you in agreement with
9  what's been said?
10      THE DEFENDANT: Yes.
11      THE COURT: Those negotiations, you've
12  discussed those with your lawyers Mr. Gibson and Mr. Dahl?
13      THE DEFENDANT: Yes.
14      THE COURT: And there is no one who is forcing
15  you to do this, to enter a plea of guilty, are they?
16      THE DEFENDANT: No.
17      THE COURT: With respect to Count I is there
18  going to be any amended pleading filed?
19      MR. HENRY: Your Honor, I had not prepared one.
20  I just move to strike the penalty allegation, the penalty
21  enhancement allegation of use of a deadly weapon.
22      THE COURT: That will be the order then.
23      As to Count I charging you with murder, what is
24  your plea?
25      THE DEFENDANT: Guilty.

Exhibit D    44

1       THE COURT: Now, the crime of murder you can be
2  punished by life with or without the possibility of parole
3  and you understood that you've agreed to the penalty be life
4  without the possibility of parole?
5       THE DEFENDANT: Yes.
6       THE COURT: And you're in agreement with that?
7       THE DEFENDANT: Yes.
8       THE COURT: You discussed this matter and you
9  do that freely and voluntarily?
10      THE DEFENDANT: Yes.
11      THE COURT: Has anybody threatened you or
12 anybody close to you to make you plead guilty?
13      THE DEFENDANT: No.
14      THE COURT: Has anybody promised you leniency
15 or any special treatment to get you to plead?
16      THE DEFENDANT: No.
17      THE COURT: By entering a plea of guilty you're
18 surrendering that means giving up certain constitutional
19 rights.
20      You have the right to a speedy and public trial
21 by an impartial jury free of pretrial publicity at which
22 time it's the burden of the prosecution to prove your guilt
23 beyond a reasonable doubt.
24      You have a right to confront the witnesses
25 against you and cross-examine them. You have a right to

45

1  compel witnesses to attend court to testify on your behalf.

2  You have a right to testify. You may refuse to

3  testify in which case the prosecution may not comment on

4  that fact in front of the jury.

5  You have the right to appeal to the Supreme

6  Court of Nevada and you have the right to the assistance of

7  a lawyer during all of these proceedings.

8  Do you understand all of these rights?

9  THE DEFENDANT: Yes.

10  THE COURT: Do you understand that you had a

11  trial date that's been set in this matter in November and at

12  that time your rights with respect to trial would be fully

13  respected? Do you understand that?

14  THE DEFENDANT: Yes.

15  THE COURT: Do you know that by pleading guilty

16  you're giving up those rights?

17  THE DEFENDANT: Yes.

18  THE COURT: And knowing that you have these

19  rights do you still wish to plead guilty?

20  THE DEFENDANT: Yes.

21  THE COURT: Are you pleading guilty because in

22  truth and in fact you are guilty?

23  THE DEFENDANT: Yes.

24  THE COURT: Would you tell me then what

25  happened on July the 31st that causes you to plead guilty

46

1   this morning to murder in the first degree.

2   THE DEFENDANT: The young lady came to sell a

3   gun in an apartment on Arity Circle or whatever. She came

4   in, she set the gun on the counter. She asked me if I would

5   pay $400 and I picked up the gun and I told her why $400 and

6   she told me she had bullets for the gun too. She gave me

7   the bullets, I loaded the gun, I cocked the trigger,

8   pointed the gun at her and told her to lower the price. She

9   didn't lower the price to 75 and as I put the gun down -- as

10  I closed the trigger the gun shot.

11  MR. HENRY: Your Honor --

12  MR. GIASON: He's not finished, Mr. Henry.

13  THE DEFENDANT: And the gun shot. Before the

14  gun shot she asked 75 and I was trying to get the gun for

15  nothing and I was trying to keep the gun -- from her

16  retrieving the gun from me which it was hers at first.

17  THE COURT: Mr. Henry.

18  MR. HENRY: Your Honor, if I might. The

19  defendant I believe the day after he committed this crime in

20  the presence of his uncle and after having been given his

21  Miranda rights by a North Las Vegas detective made a written

22  statement to the North Las Vegas detective. And to

23  paraphrase what he said, as I recall he said that the victim

24  Brittain Gelabert came in and offered to sell him a gun, a

25  pistol, a revolver for a hundred dollars; that she took the

EXHIBIT
E
47

1   you?  Do you have any idea how much they've visited with you

2   and talked with you?

3           THE DEFENDANT:  A couple hours.

4           THE COURT:  Do you feel there's anything they

5   haven't done that you want them to do?

6           THE DEFENDANT:  No.

7           THE COURT:  The court finds the defendant's

8   plea of guilty to be freely and voluntarily given.  I

9   further find you understand the nature of the charge, the

10  consequences of your plea and I accept it.  We'll refer this

11  matter to the Department of Parole and Probation for a

12  presentence and investigation report and set it over for the

13  entry of judgment and imposition of sentence.

14          THE CLERK:  November 16th at 9:00.

15

16                  (The proceedings concluded.)

17

18          *  *  *  *  *

19

20      ATTEST:  Full, true, and accurate transcript of

21  proceedings.

22

                                    *Lisa Brenske*
23                              LISA BRENSKE, C.S.R. No. 186

24

25                      49