FRANKIE SUE DEL PAPA
Attorney General
By: RENE L. HULSE
Deputy Attorney General
Criminal Justice Division
Nevada Bar Number 3778
555 East Washington Ave., #3900
Las Vegas, Nevada  89101
(702) 486-3420
Attorneys for Respondents

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JIMMIE DAVIS, | Case No. CV-N-99-137-ECR (PHA) |
| Petitioner, | |
| v. | |
| JOHN IGNACIO, et al., | **OPPOSITION TO PETITIONER'S SUPPLEMENTAL POINTS AND AUTHORITIES** |
| Respondents. | |

Respondents, through legal counsel, FRANKIE SUE DEL PAPA, Nevada Attorney General, by

Deputy Attorney General Rene L. Hulse, hereby submit their Opposition to JIMMIE DAVIS' (DAVIS)

Supplemental Points and Authorities.  This Opposition is based upon the pleadings and papers on file

herein and the following Memorandum of Points and Authorities.

DATED this _7th_ day of September, 1999.

FRANKIE SUE DEL PAPA
Attorney General

By: _____
RENE L. HULSE
Deputy Attorney General

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

-1-

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**DISCUSSION**

Pursuant to this Court's Order entered on June 16, 1999, Ground 4 of the instant Petition was dismissed at DAVIS' request. Ground 1 of the instant Petition was also dismissed at DAVIS' request pursuant to this Court's Order entered on August 2, 1999. The August 2, 1999 Order also found that Grounds 2(b), 2(c), and 2(d), were procedurally barred. That Order gave DAVIS the opportunity to file a supplemental pleading and the opportunity to overcome the procedural bar with a showing of cause and prejudice. On or about August 6, 1999, DAVIS filed a Motion Conceding to the Dismissal of Ground 2 (b-d). In his Supplemental Points and Authorities (Supplement), however, DAVIS now states that he does not wish to voluntarily dismiss Ground 2 (d). DAVIS' Supplement then purports to make a showing of cause and prejudice and further alleges that that the procedural bar should be excused on the basis of a miscarriage of justice. For the following reasons, Respondents oppose DAVIS' request.

**A.    DAVIS HAS FAILED TO MEET HIS BURDEN TO SHOW CAUSE TO EXCUSE THE PROCEDURAL DEFAULT.**

Ground 2(d) of the instant Petition alleges that DAVIS' attorney was ineffective because he failed to challenge the adult court's jurisdiction on the robbery charge. DAVIS argues that he tried to raise Ground 2(d) in the state courts but was frustrated in that effort by his attorney. According to DAVIS, he sent a supplement to his petition to his attorney requesting that this claim be presented to the court. It therefore appears that DAVIS is alleging the his attorney's ineffectiveness caused the procedural default because he failed to raise the claim.

To demonstrate cause for a procedural default, the prisoner must be able to "show that some **objective** factor **external** to the defense impeded" his efforts to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, at 488 (1986) (emphasis added). For cause to exist, the external impediment must have actually **prevented** a petitioner from raising the claim. McCleskey v. Zant, 499 U.S. 467, 497 (1991). In establishing prejudice from a procedural default, a habeas petitioner bears:

> . . . the burden of showing not merely that the errors [complained of] constituted a **possibility** of prejudice, but that they worked to his **actual** and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

-2-

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

1   White v. Lewis, 874 F.2d 599, 603 (9th Cir. 1989) (citing United States v. Brady, 456 U.S. 152, 170

2   (1982) (emphasis in original).  If a petitioner fails to show cause, however, the court need not consider

3   whether he suffered actual prejudice.  Engle v. Isaac, 456 U.S. 107, 134 n. 43 (1982); Roberts v. Arave,

4   847 F.2d 528, 530 (9th Cir. 1988).

5        Ineffective assistance of counsel will satisfy the cause requirement for a procedural default.

6   Carrier, 477 U.S. at 488.

7        Attorney error short of ineffective assistance of counsel does not
     constitute cause for a procedural default even when the default occurs on
8        appeal rather than at trial.  To the contrary, cause for a procedural default
     on appeal ordinarily requires a showing of some external impediment
9        preventing counsel from constructing or raising a claim.

10   Id., at 492 (emphasis added).  As McCleskey instructs, counsel's ineffectiveness, which constitutes the

11   external impediment, must have prevented the petitioner from raising the claim that was ultimately

12   defaulted.  499 U.S. at 497.

13        In considering  DAVIS' Second State Petition, the Nevada Supreme Court determined that the

14   petition was successive and his claims were procedurally defaulted because DAVIS could have raised

15   the claims in his first post-conviction proceeding.  See Respondents' Motion to Dismiss, at  Exhibit Q.

16   Accordingly, the only conduct by counsel that could be considered as ineffective in terms of cause for a

17   procedural default, would be counsel's failure to raise the defaulted claims in DAVIS' first post-

18   conviction proceeding.    However, the constitutional right to counsel is limited to trial counsel and

19   counsel on first appeal.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  In addition, there is no right

20   to counsel in a collateral proceeding even when counsel is appointed by the court.  Poland v. Stewart,

21   151 F.3d 1014, 1022 (9th Cir. 1998).  Having no constitutional right to counsel in his post-conviction

22   proceeding, there can be no cause from ineffective counsel.  Ortiz v. Stewart, 149 F.3d 923, 932 (9th

23   Cir. 1998).

24        Moreover, DAVIS alleges that he tried to raise Ground 2(d) in the state courts and supports this

25   claim by pointing to a supplement to his petition that he asked his attorney to raise.  DAVIS attaches a

26   copy of that document to his Supplement at Exhibit B (beginning at p. 28).   That document, however,

27   does not include the same claim as Ground 2(d).  Ground 2(d) is an ineffective assistance of counsel

28   claim.  None of the allegations in the state supplemental petition requested by DAVIS of his attorney

29

1  included any ineffective assistance claims.  Under <u>McCleskey</u>, counsel's ineffectiveness must have

2  prevented the petitioner from raising the claim that was ultimately defaulted.  499 U.S. at 497.

3  Accordingly, DAVIS cannot show cause to excuse the procedural default on Ground 2(d).  Failing to

4  show cause, the Court need not reach prejudice.  <u>See</u> <u>Carrier</u>, 477 U.S. at 497.

5      **B.**   **DAVIS CANNOT PREVAIL ON A MISCARRIAGE OF JUSTICE CLAIM**

6           **BECAUSE HE HAS FAILED TO SHOW THAT HE IS ACTUALLY INNOCENT**
           **OF THE CRIME**

7           Finally, DAVIS argues that even if the cause and prejudice requirement are not met, a

8  fundamental miscarriage of justice will result if the defaulted claims are not considered by this Court on

9  the merits.  This exception to the procedural bar doctrine, however, is reserved for the "extraordinary

10  case, where a constitutional violation has probably resulted in the conviction of one who is actually

11  innocent. . . ."  <u>Carrier</u>, 477 U.S. at  496.  The meaning of "actual innocence" is factual innocence of the

12  offense, not legal innocence.  <u>Bousley v. United States</u>, 523 U.S. 614, ___, 118 S. Ct. 1604, 1611

13  (1998).  <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), sets forth a two part test that a petitioner must meet in

14  order to prevail on a "gateway" claim of actual innocence.  First, the petitioner must "support his

15  allegations of constitutional error with new reliable evidence  – whether it be exculpatory scientific

16  evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at

17  trial."  <u>Id.</u> at 324.  Next, the petitioner must prove, "that it is more likely than not that no reasonable

18  juror would have convicted him in the light of the new evidence."  <u>Id.</u> at 327.

19           In the instant action, DAVIS does not contend that he did not commit the murder.  Instead, he

20  claims that the gun accidentally discharged and he did not have the requisite intent for first degree murder.

21  This is a claim of legal innocence and cannot constitute a basis for excusing his abuse of the writ.  <u>See</u>

22  <u>e.g.</u>, <u>Deere v. Calderon</u>, 890 F. Supp. 893, 904 (C.D. Cal. 1995) ("insanity defense is the opposite of actual

23  innocence; it concedes the act, but interposes a bar to legal responsibility.").  Thus, DAVIS is unable to

24  demonstrate a fundamental miscarriage of justice to excuse his abuse of the writ.

25                                    **II.**

26                              **CONCLUSION**

27           This Court has already dismissed Grounds 1 and 4 of the instant Petition.  DAVIS now asks this

28  Court to dismiss Grounds 2(b) and 2(c).  In addition, Ground 2(d) is procedurally barred from review in

29

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

1  this Court, and DAVIS has failed to meet his burden to show cause and prejudice or a fundamental

2  miscarriage of justice to excuse the procedural bar.  Accordingly, Ground 2(d) should also be dismissed.

3  DATED this ⁷ᵗ day of September, 1999.

5  FRANKIE SUE DEL PAPA
   Attorney General

6

7  By: _____
       RENE L. HULSE
8      Deputy Attorney General

9

10  **CERTIFICATE OF SERVICE**

11      I hereby certify that I am an employee of the Office of the Attorney General of the State of Nevada

12  and that on the 7ᵗʰ day of September, 1999, I served the foregoing OPPOSITION TO PETITIONER'S

13  SUPPLEMENTAL POINTS AND AUTHORITIES by mailing a copy thereof addressed to:

14

15  JIMMIE DAVIS, NDOP #27362
    NEVADA STATE PRISON
16  P.O. BOX 607
    CARSON CITY, NEVADA  89702
17

18

19  _____
    An employee of the Nevada
20  Attorney General's Office

21

22

23

24

25

26

27

28

29

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101