UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

FILED
99 SEP 15 AM II: 54
LANCE S. WILSON
CLERK
BY ____ DEPUTY

JIMMIE DAVIS
        Petitioner

V.

JOHN IGNACIO et al.,

CASE NO. CV-N-99-137-ECR (PHA)

RESPONCE TO RESPONDENTS
OPPOSITION TO PETITIONERS
SUPPLEMENTAL POINTS AND
AUTHORITIES.

        Petitioner now submits a responce To Respondents opposition To petitioners SUPPLEMENTAL POINTS and AUTHORITIES SUBMITTED ON THE 7th DAY OF SEPTEMBER 1999 and recieved by petitioner on 9-9-99.

        pursuant to the courts order dated THE 30 DAY of July 1999. petitioner submits his reply within the allowed 10 days. DATED THIS 13 day of Sept 1999.

        Petitioner has shown cause, prejudice and a miscarriage of Justice. Petitioner has diligently tried to raise his claim Ground 2(d) in his original petition sent to his attorney to be supplemented in his original petition see Exhibit ___ pg 34 of dated letters. of petitioners supplemental points and authorities.

                                Jimmie Davis
                                JIMMIE DAVIS 27362
                                P.O. BOX 607
                                CARSON CITY NEVADA
                                                89702

27

1

1   But counsel would not file it. so petitioner tried to file
2   it on his own and ~~=====~~ it was sent back because
3   in Nevada you are not allowed to file anything if you
4   have an attorney of record see attached exhibit # ___ pg
5   7-8 . Petitioner then sought futher and took counsel
6   to the bar by writting a formal complaint complaint
7   #6. File 91-101-11 ___ . Counsel was not acting as counsel
8   but was dilibratly violating petitioners rights. Justars
9   counsel was in effective for never explaining the elem-
10  ents of the crime counsel was also ineffective for
11  not fileing petitiones claim but just used the affidavits.
12  Counsel was the impediment. Respondes argue that
13  Petitioner could have raised claim in first petition
14  instead of the second. Well petitione did petitioner
15  send his supplemental writ befor the original
16  petition was decided,
17      Respondent also argue that petitioner
18  has no right to effective assistance of counsel
19  on posteonviction. Petitione cites Murray v Carrier
20  106 SCt 2639 at 2647 [5-6] we hold that counsel's
21  Failure to raise a particular claim on appeal is to
22  be scrutinized under the cause and prejudice
23  standard when that failure is treated as a
24  procedural default by the state courts.
25  .... Attorney error short of ineffective asstAnce
26  of counsel does not constitute cause for
27  procedural default even when that default
28  occurs on apeal, To the contRARY cause for a

2

1  Procedural default on appeal ordinarily requires
2  a showing of some external impediment preventing
3  counsel from constructing or raising the claims.]
4  Here it was counsel who impeded the defence
5  petitioner exhausted every avenue he had to
6  try and get counsel to file the issue from the
7  court to the bar. Counsel was fully ineffective
8  Citing MURRAY v. CARRIER 106 S.Ct.2639 (1986) [8]
9  [There is an additional safeguard against miscarriages
10 of justice in criminal cases, and one not
11 yet recognized in state criminal trials when many
12 of the opinions on which the concurrence relies
13 were written. That safeguard is the right to
14 effective assistance of counsel, which, as this
15 court has indicated, may in a particular case
16 be violated by even an isolated error of
17 counsel if that error is sufficiently
18 egregious and prejudicial. United States
19 v. CRONIC, 466 U.S. 648, 657, n.20, 104 S.Ct. 2039,
20 2046, n.20, 80 LEV.2d 657 (1984). See also
21 STRICKLand v. Washington, 466 U.S. at 693-696,
22 104 S.Ct. at 2067-2069.] [9] Evitts v. Lucey,
23 469 U.S. 387, 105 S.Ct. 830, 83 L.E D.2d 821 (1985)
24 (right to effective assistance of counsel
25 applies on an appeal as of right).
26   In this case before the court petitioner
27 tried to raise his claim and alert the court
28 of the violation counsel was constitutionally

1 ineffective.

2    Respondents argue that DAVIS cannot
3 PREVAIL ON A MISCARRIAGE of Justice Claim
4 because he has failed TO SHOW THAT He is
5 ACTUALLY INnocent of THE CRime. Petitioner
6 Now submits U.S. v. FRADY 162 S.Ct. 1584 (1982)
7 page 1604 [10] [I certainly agree with the court of
8 appeal's that A clear miscarriage of Justice has
9 occurred if [respondent] was guilty of manslaughter
10 and is now serving the penalty for murder "]
11 204 U.S. APP. D.C. 234, 240, 636 F2d 506, 512 (1980)

12    Murry v. CARRIER 106 Sct 2639 (1986) page 2645
13 Similarly, if the procedural default is the result
14 of ineffective assistance of counsel the sixth
15 Amendment itself requires that responsibility for
16 the default be imputed to the state, which may
17 not conduct trials at which persons who face
18 incarceration must defend themselves without
19 adequate Legal assistance." Cuyler v. SulliVAN,
20 446 U.S. 335, 344, 100 Sct. 1708, 1716, 164 LE D 2d 333
21 (1980). INeffective assistance of counsel then
22 is cause for a procedural default.

23    These errors infected petitioner sentire
24 PROCEedings with errors of constitutional dimensions

25

26    Counsel did no ivesigation to find out how
27    old his client was so that he new to
28    challenge the Jurisdiction but instead

4

1  walted until it was to Late, Found out that his
2  client was under age and to figure things
3  out posponed sentecing for 2 months sending
4  Nomrous people to see appellant to see if appellant
5  was lying about his age after he had aliedy been in an
6  adult JAIL for months scrutinized, demoralized,
7  and dehumanized.

8       For the reasons set for the above petitioner
9  respectfully request that the honarable court
10 Not dismiss Ground I (d).

16                          Respectfully Submitted

17                          JIMMIE DAVIS 27362
18                          Jimmie DAVI 27362
19                          P.O Boy 607
20                          CARSON CITY NEV
21                                    89702

5

CERTIFICATE OF MAILING

JIMMIE DAVIS SAYS:

on the __13__ day of __SEPT__ 1999, I deposited in the mail one original and copys to THE BELOW LISTED ADDRESSES: _____

CLERK U.S. DISTRICT COURT
    DISTRICT OF NEVADA
400 SOUTH VIRGINIA ST. ROOM 301
    RENO NEVADA 89501


        1030
    STATE OF NEVADA
OFFICE OF THE ATTORNEY GENERAL
555 E. WASHINGTON AVENUE, SUITE 3900
LAS VEGAS NEVADA 89101


    DATED THIS __13__ DAY OF __SEPT__ 1999


                        Jimmie Davis 27362
                        JIMMIE DAVIS 27362
                        NEVADA STATE PRISON
                        P.O. BOX 607
                        CARSON CITY NEVADA
                                    89702

6

Rule 7.40.    Appearances; Substitutions; Withdrawal  or
Change of Attorney.


(a)  When a party has appeared by counsel, he cannot
thereafter appear on his own  behalf in the case  without
the consent of the court.   Counsel who has appeared  for
any party [shall] must represent  that party in the  case
and shall be recognized by  the court and by all  parties
as having control of his client's case.  The court in its
discretion may hear  a party in  open court although  the
party is represented by counsel.

(b)  Counsel in any case may be changed only:

(1)  When a new attorney  is to be  substituted
in place  of the  attorney  withdrawing, by  the  written
consent of both  attorneys and the  client, all of  which
[shall] must be filed with the court and served upon  all
parties or  their  attorneys  who have  appeared  in  the
action, or

(2)  When no  attorney  has  been  retained  to
replace the attorney  withdrawing, only by  order of  the
court,  [at such time as may  be fixed by the court in  an
order shortening the time for the hearing of the  motion]
granted upon written motion therefor, and

Exhibit  A-     7

(i) If the application is made by the attorney, he [shall] must include in an affidavit the address, or last known address, at which the client may be served with notice of further proceedings taken in the case in the event the application for withdrawal is granted, and he [shall] must serve a copy of the application upon the client and all other parties to the action or their attorneys, or

(ii) If the application is made by the client, he [shall] must state in the application the address at which he may be served with notice of all further proceedings in the case in the event the application is granted, and [shall] must serve a copy of the application upon his attorney and all other parties to the action or their attorneys.

(c) No application for withdrawal or substitution [shall] may be granted if a delay of the trial or of the hearing of any other matter in the case would result.

REASON FOR CHANGE - Rule 7.40(b)(2) - To remove the requirement for an order shortening time.

Exhibit A-

8